UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | #3:01CV01555 SRU |
| and | |
| RACHEL EGAN | FEBRUARY 10, 2004 |
| and | |
| LOYAL EGAN | |
| PLAINTIFFS | CIVIL ACTION |
| VS. | |
| ATTORNEY SALLY HODGDON | LETTER TO COURT |
| DEFENDANT | |
| | JURY DEMANDED |

1

# **LETTER TO THE COURT**

To the Honorable Judge Underhill;

      The plaintiff is aware that she is late in filing her documents.

      The plaintiff is submitting with this Letter to the Court, as an Exhibit, a copy of her Complaint which is almost complete.

      The plaintiff, in an effort to reduce the litigation to come, is averring with a specificity that will make facilitate a faster disposition of the case.

      The plaintiff is also aware that the allegations she is making are very serious due to the professional reputations of the defendants involved, and is therefore, alleging with a specificity that is fair to the nature of the allegations.

      The plaintiff believes that she is not beyond her statute of limitations to include all of the allegations and claims against the defendants so that all claims are decided together in one suit.

      The plaintiff understands that it may be too late in this case before this particular Court, to submit the filings, but she will follow through by refilling if she has to, and if the Court does not dismiss her with prejudice.

      The plaintiff apologizes for the inconvenience to the parties and the Court.

      Should she be allowed to continue before this Court under this docket number, she will be requesting to put the case on an expedited track.

The plaintiff will not be seeking to hold any depositions, and is virtually ready for Trial, if she should survive in her claims against the defendants, and has no wish to prolong the litigation beyond what is necessary, or cause any defendant more time or inconvenience.

The plaintiff is attempting to bring in the completed document in the immediate day or two, and thanks the Court for its courtesy to her regardless of the documents acceptance.

Respectfully Submitted

*Hadley Macpherson*
Hadley Macpherson

*Rachel Egan*
Rachel Egan

*Loyal Egan*
Lisa Egan

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

Exhibit A

Not Filed Complaint

## AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | #3:01CV01555 SRU |
| and | |
| RACHEL EGAN | FEBRUARY 9, 2004 |
| and | |
| LOYAL EGAN | |
| PLAINTIFFS | CIVIL ACTION |
| VS. | |
| ATTORNEY SALLY HODGDON | COMPLAINT |
| DEFENDANT | |
| | JURY DEMANDED |

1

## **Allegation of Diversity Jurisdiction**

1. The plaintiff claims diversity jurisdiction under 28 U.S.C. 1332, and alleges to the best of their belief and ability:

2. The plaintiff, Hadley Macpherson, (Lisa Egan), is a citizen of the state of Pennsylvania.

3. The plaintiff, Hadley Macpherson, (Lisa Egan), resides at 3710 Hancock Lane, Doylestown, Pennsylvania, and receives her mail at P.O. Box 501, Lahaska, Pennsylvania, 18931.

4. This suit was filed in the previous legal name of "Lisa Egan" along with "Hadley Macpherson", as the plaintiff, though historically known as "Hadley", carried the given first name of "Lisa" until 1999, at which time, following her divorce, she legally dropped the unused "Lisa" along with the married name of "Egan".

5.. The plaintiff, Rachel Egan, is a citizen of the state of Pennsylvania.

6. The plaintiff, Rachel Egan resides at 3710 Hancock Lane, Doylestown, Pennsylvania, and receives her mail at P.O. Box 501, Lahaska, Pennsylvania, 18931.

7. The plaintiff, Loyal Egan, is a citizen of the state of Pennsylvania.

8. The plaintiff, Loyal Egan, resides at 3710 Hancock Lane, Doylestown, Pennsylvania, and receives his mail at P.O. Box 501, Lahaska, Pennsylvania, 18931. following her 1999 divorce.

9. The defendant, Attorney Sally Hodgdon, is a citizen of Connecticut, and currently resides at a nunnery whose location is undisclosed to the Plaintiff.

10.     The defendant, Attorney Sally Hodgdon practices law on a daily basis at the Communities Law Center, located at 141 Washington Street, in Hartford Connecticut, where

11..    The amount sought to be recovered in damages is greater than $75,000.

## Allegation of Subject Matter Jurisdiction

12.     The child plaintiffs, Rachel Egan and Loyal Egan, and plaintiff, Hadley Macpherson, make claims against the defendant, Attorney Sally Hodgdon, for violation of their Civil Rights under 28 U.S.C.A. 1343.

13.     On February, 3, 1999, prior to the Divorce Trial, the defendant, Attorney Sally Hodgdon, was chosen by the Superior Court at Hartford, to act as the court appointed attorney for the child plaintiffs, Rachel Egan and Loyal Egan, and protect their rights, persons, an entitlements, as the divorce was highly contested and involving allegations of domestic violence and child endangerment.

14.     The defendant, Attorney Sally Hodgdon, in her position as court appointed attorney, was at all times during her representation of the child plaintiffs, Rachel Egan, and Loyal Egan, acting in her capacity as a state actor.

15.     The defendant, Attorney Sally Hodgdon, served in that capacity of court appointed attorney, to the child plaintiffs, Rachel Egan and Loyal Egan, for over three years, from February 3, 1999, until May 29, 2002.

16.     While acting in the capacity of court appointed attorney the defendant,

Attorney Sally Hodgdon violated the Constitutional rights of the child plaintiffs Loyal Egan and Rachel Egan, and the plaintiff, Hadley Macpherson.

17. The defendant, Attorney Sally Hodgdon, as a court appointed attorney, acting in the scope of her employment as a state actor, committed intentionally tortuous acts constituting Coercion, Misrepresention, Fraud, and Deceit, Legal Malpractice, Willful, Reckless, and Wanton, Conduct, Intentional Infliction of Severe Emotional Distress, Abuse of Process, Wrongful Interference with Prospective Economic Advantage, Invasion of Privacy, against the child plaintiffs, Loyal Egan and Rachel Egan, and against plaintiff, Hadley Macpherson.

18. As a result of the intentionally tortious acts that the defendant, Attorney Sally Hodgdon committed against the plaintiffs, Loyal Egan, Rachel Egan, and Hadley Macpherson, and the damage suffered as a direct and proximate result of those tortuous acts,, the plaintiffs filed this lawsuit on August 16, 2001, against the defendant, Attorney Sally Hodgdon.

19. Though this lawsuit was filed on August 16, 2001, the plaintiffs were unable to free themselves from the court ordered representation of the defendant, Attorney Sally Hodgdon, or to prevent themselves from further harm and damage from that representation..

20. . The defendant, Attorney Sally Hodgdon, continued to serve in the capacity of her court appointment until May 29, 2002, despite her conflict of interest, a continuing representation which enabled the defendant, Attorney Sally Hodgdon to commit further intentionally tortuous acts against the child plaintiffs, Rachel Egan and Loyal Egan, and plaintiff, Hadley Macpherson, all of which continued to directly and proximately cause further damage to the plaintiffs.

21. The intentionally tortuous acts committed by the defendant, Attorney Sally

Hodgdon while acting in the scope of her employment as a state actor, from the period of February 1999 through May 2002, are the subject of this Complaint, and are acts which violated the plaintiffs Constitutional rights.

## Cause of Action

22.      The plaintiffs incorporate items 1 - 21, averred above, into this section of this Complaint, and further allege:

23.      The defendant, Attorney Sally Hodgdon, while acting in the scope of her employment as a court appointed attorney for the child plaintiff, Loyal Egan, employed methods of coercion in an effort to force the child plaintiff, Loyal Egan, to give up his safety against his will, and place himself in danger of physical and emotional harm.

24.      The child plaintiff, Loyal Egan, had both passed a polygraph, and testified in open Court, that his father, Paul Egan, had thrown an ax at him from 25 feet, a hammer at him from ten feet, and a large rock at him from almost 100 feet, allegations which Family Relations, the Department of Children and Families, and the defendant, Attorney Sally Hodgdon testified that they wholly believed to be true and accurate.

25      In the course of her coercive act, the defendant, Attorney Sally Hodgdon, threatened the child plaintiff Loyal Egan, with the displeasure of God, and used the fear of God and the Bible, against the child plaintiff, Loyal Egan, as a way force him to go on unsupervised visitation with his father, though she herself stated on the record that she believed Paul Egan

5

had committed the acts alleged by his son, child plaintiff, Loyal Egan, and that she knew no explanation for them, and had no guarantee they would not happen again.. .

26.   The child plaintiff, Loyal Egan, is constituently protected from any state action that is coercive, any state action that compels him to give up his safety and put himself in danger, any state action that invades his privacy, and any state action that interferes with his practice of his religion.

27.   It is illegal under the Constitution for any state actor to use coercive measures to force a citizen to act, refrain from acting, or give up any right guaranteed them by the Constitution.

28.   The defendant, Attorney Sally Hodgdon, while acting in the scope of her employment as a court appointed attorney for the child plaintiff, Rachel Egan, used methods of coercion, extortion, and threats, to attempt to force the child plaintiff, Rachel Egan, to give up her safety against her will, and place herself in danger of physical and emotional harm.

29.   The defendant, Attorney Sally Hodgdon, fraudulently misrepresented to the child plaintiff, Rachel Egan, that legal Emancipation would be certain upon her 16th birdthday, and the loss of her Child Support immediate, if she refused to give up the protection afforded to her by her Civil Restraining Orders, and place herself in physical and emotional danger..

30.   The defendant, Attorney Sally Hodgdon, knew that the child plaintiff, Rachel Egan, was fully aware of the family's financial crisis at that time, and yet used the threat of poverty to attempt to force the child plaintiff, Rachel Egan, to give up her right to be safe from harm, and enjoy the protection of the Civil Restraining Orders that she herself had personally

obtained against her father, Paul Egan, who she was afraid of, and believed had recently thrown an ax, a hammer, and a large rock at her brother, child plaintiff, Loyal Egan.

.31.	The child plaintiff, Rachel Egan, is constituently protected from any state action that is coercive, any state action that comples her to put herself in danger, any state action that invades her privacy, and ay state action that denies her the legal protection she is entitled to enjoy under the Restraining Orders granted to her for her protection.

.32,	It is illegal under the Constitution for any state actor, to use misrepresentation and fraud as a means to coerce a citizen into acting, or refrain from acting, or giving up their right to safety guaranteed to them by the Constitution of the United States.

33..	During the course of her court appointed representation of the child plaintiffs, Rachel Egan and Loyal Egan, the defendant, Attorney Hodgdon, deliberately and knowingly ignored her responsibility to secure the appropriate Child Support legally entitled to the child plaintiffs, under state and federal law.

34.	The defendant, Attorney Sally Hodgdon, as court appointed attorney, made numerous oral judicial admission, on the record, in Superior Court, admitting that she was aware that the child plaintiffs, Rachel Egan and Loyal Egan, were not getting the appropriate Child Support legally entitle to them under state and federal law.

35.	The defendant, Attorney Sally Hodgdon, had been present at several Hearings where the children's father, Paul Egan, and his attorney, Attorney John Berman, openly admitted that they had deliberately not disclosed all of his income on the Financial Affidavits, and Child Support Guidelines Worksheets which disclosure was statutorily mandated.

36.	In the course of the Hearings, the defendant, Attorney Sally Hodgdon

7

further learned by admissions by the children's father, Paul Egan, and his attorney, Attorney John Berman, that the With-holdings listed were not accurate, and the deductions not accurate either, and that Bonus and Profit Sharing income had been deliberately withheld from disclosure at the time that the Child Support was determined.

37.     The defendant, Attorney Sally Hodgdon, made oral promises on the record in Superior Court, to take action to seek the appropriate Child Support due the child plaintiff, Rachel Egan and Loyal Egan.

38.     The defendant, Attorney Sally Hodgdon, however, in the course of her representation that lasted over three years, never sought to rectify the fact that the children, Rachel Egan and Loyal Egan, were not getting the Child Support legally entitled to them.

39.     The defendant, Attorney Sally Hodgdon, instead attempted to force the plaintiff, Hadley Macpherson to trade her Alimony, and Cobra Medical Insurance for the child plaintiffs, Rachel Egan and Loyal Egan's statutorily protected Child Support.

40.     The defendant, Attorney Sally Hodgdon, further attempted to force the plaintiff, Hadley Macpherson, to trade the protection of her standing Restraining Orders, and child plaintiff, Rachel Egan's standing Restraining Orders for the child plaintiffs, Rachel Egan and Loyal Egan's statutorily protected Child Support.

41.     The defendant, Attorney Sally Hodgdon, further attempted to force the plaitniff, Hadley Macpherson to give in to visitation that the defendant herself knew was dangerous and risky, in trade for the child plaintiffs, statutorily.protected Child Support.

42.     The defendant, Attorney Sally Hodgdon, as court appointed attorney, had a duty to secure and protect the financial interests and entitlements of the child plaintiffs, Rachel

Egan and Loyal Egan.

43..      The defendant, Attorney Sally Hodgdon, as court appointed attorney, had a duty to protect the physical and emotional welfare of the child plaintiffs, Rachel Egan and Loyal Egan.

44.       The child plaintiffs, having no ability to free themselves from the representation of the defendant, Attorney Sally Hodgdon, could not obtain other counsel to advocate for their entitlements, their Child Support, or their safety.

45.       During the course of her court appointed representation of the child plaintiffs, Rachel Egan and Loyal Egan, the defendant, Attorney Sally Hodgdon, made deliberate misrepresentations in Court on numerous occasions, in direct opposition to the best interest of her child clients.

46.       On September 26, 2001, the defendant, Attorney Sally Hodgdon, then fully aware that the plaintiffs were suing her in Federal Court, appeared in Superior Court and made statements to the Court that were untrue as to the threatening nature of a series of phone calls, the plaintiff, Hadley Macphrerson, had received in Pennsylvania on September 18, 2001, which had come from a person connected to the Paul Egan, and for which the police had become involved..

47.       On September 26, 2001, in open Court, the defendant, Attorney Sally Hodgdon, stated that the phone calls were made out of care and concern.

48.       On October 31, 2001, in open Court, the defendant, Attorney Sally Hodgdon was forced to admit that she knew all along that the phone calls were threatening in nature, and that she had made statements to the plaintiff, Hadley Macpherson, over the telephone, to the obviousness of their threat, on the day of their occurrence back on September 18, 2001.

9

49. During the course of her representing the child plaintiffs, Rachel Egan and Loyal Egan, the defendant, Attorney Sally Hodgdon failed to mandatory report acts of violence, neglect, and abuse that occurred during the time period she was the children's attorney.

50. The defendant, Attorney Sally Hodgdon, is a mandated reporter under statute.

51. The defendant, Attorney Sally Hodgdon, on more than one occasion told the plaintiff that she would report the children's recent allegations of violence, abuse, or neglect to the Department of Children and Family Services, to which she never did.

52. The defendant, Attorney Sally Hodgdon, attempted to talk the plaintiff out of reporting on more than one occasion, saying that it would be futile and cause more harm than it was worth.

53. When the plaintiff, Hadley Macpherson, finally contacted the Department of Children and Family Services, after the throwing of the ax, and spoke with individuals higher up the administrative ladder due to a jurisdictional problem that prohibited them from taking full measures against the children's father, Paul Egan, jurisdictional issues between Pennsylvania and Connecticut, the plaintiff was told that though the defendant, Attorney Sally Hodgdon had said she had spoken with him, they had never heard from her at all, and in fact questioned the truth of whether the children had any attorney at all, or whether the plaintiff, Hadley Macpherson, made her up.

54. The defendant, Attorney Sally Hodgdon, when confronted with the plaintiff phoning her to demand an explanation for her lack of action then finally made an initial call to the Department of Family and Children, by which time several other every day ordinary

citizens had reported the throwing of the ax, the hammer, and the rock, to that agency before her, five weeks earlier.

55.     Throughout the period of February 1999 to May 2001, the defendant, Attorney Sally Hodgdon, continually inappropriately billed the plaintiff, Hadley Macpherson, for services she did not perform, and for the time she used to commit intentional tortuous acts against the child plaintiffs, Rachel Egan and Loyal Egan, and the plaintiff, Hadley Macpherson.

56.     During that time period, the child plaintiffs, Loyal Egan and Rachel Egan, as children, had no ability, or power, to free themselves from their court appointed attorney, the defendant, Attorney Sally Hodgdon, and thereby escape the coercive measures, threats, fraudulent acts, intrusions, and torts she committed against them.

57.     During that time period, the plaintiff, Hadley Macpherson, had no ability or power to free herself or her children from the defendant, Attorney Sally Hodgdon's representation, and escape the emotional and economic damage directly and proximately suffered as a result of the intentional tortuous acts committed against them by that representation.

**NOT COMPLETE --- NOT FILED AS COMPLAINT**

**FILED ONLY AS AN EXHIBIT TO LETTER TO COURT**



## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed this day February 10, 2004 to Attorney Edward Sheehy, of Williams, Cooney, and Sheehy, 799 Silver Lane, Trumbull, CT. 06611 - 0753.

Plaintiff Pro Se

*Hadley Macpherson*

Hadley Macpherson

P.O. Box 501

Lahaska, PA 18931

(215) 325 - 1001

*Rachel Egan*

Rachel Egan, Plaintiff

*Loyal Egan*

Loyal Egan