UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2004 OCT -4 P 1:05
U.S. DISTRICT COURT
BRIDGEPORT, CONN

AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO. 3:01CV01555 SRU |
| and | |
| RACHEL EGAN | |
| and | SEPTEMBER 29, 2004 |
| LOYAL EGAN | |
| PLAINTIFFS | |
| | CIVIL ACTION |
| VS. | |
| ATTORNEY SALLY HODGDON | REPLY TO |
| and | DEFENDANTS OBJECTION |
| THE COMMUNITIES' LAW CENTER | TO PLAINTIFFS MOTION |
| and | FOR STAY OF PROCESS |
| SISTERS OF ST. JOSEPH | AND STAY OF REPSONSES |
| and | |

**SISTERS OF MERCY**

    and

**SISTER OF NOTRE DAME**

    and

**DAUGHTERS OF THE HOLY SPIRIT**

    DEFENDANTS

# REPLY TO DEFENDANT'S OBJECTION TO THE
# PLAINTIFFS MOTION FOR STAY OF PROCESS AND RESPONSES

In response to the defendants' motion entitled "Objection of the Defendant, Sally Hodgdon, to the Plaintiffs' Motion for Stay of Process and Stay of Defendants Response to Plaintiffs Amended Complaint Filed on May 14, 2004", the plaintiffs submit the following Reply.

**A.** **Plaintiffs' Responses to Defendants' Averments**

(Defendants page 1 averments)

1. Admitted.
2. Admitted.

(Defendants page 2 averments)

3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Denied.

    The defendants attempt to object to the plaintiffs Motion for Stay of Process and Stay of Responses, requesting to be able to file another Amended Complaint by

complaining of the number of extensions granted to the plaintiffs in the past, and using those extensions previously granted to cumulatively prejudice and defeat the plaintiffs attempt to Stay the Process and Stay the Defendants' Responses in order to re-file an Amended Complaint..

First, the plaintiffs contend that the number of extensions granted has nothing to do with the issue of the legitimacy of the plaintiffs' request to submit an Amended Complaint under the circumstances presented in the plaintiffs' "Motion for Stay of Process and Stay of Responses", that being that the defendants in the two cases known as # 3:01cv01555 and # 3:02cv1309 committed acts of Fraudulent Non-Disclosure and Fraudulent Concealment that prevented the plaintiffs until recently from knowing or ascertaining the full and true cause of their action under which they are entitled to legally seek recovery for.

When acts of Fraudulent Non-disclosure and Fraudulent Concealment are committed by defendants in order to prevent plaintiffs from ever knowing the true and full basis of their cause of action, <u>plaintiffs have a legal right to re-file an Amended Complaint so as to include all tortuous acts now known of, against all defendants now known of,</u> with the statute of limitations now tolling from the date of the discovery of the information that was fraudulently non-disclosed and fraudulently concealed, else the defendants reap reward for their Fraud.

Second, Attorney Edward Sheehy, in his "Objection of the Defendant Sally Hodgdon to the Plaintiffs Motion for Stay of Process and Stay of Responses to the Plaintiffs' Amended Complaint filed on May 14, 2004" did not properly or legitimately oppose the Plaintiffs "Motion for Stay of Process and Stay of Responses", as he did not at

all address the allegations made by the plaintiffs which supported their request for a Stay and request to file another Amended Complaint .

On June 7, 2004, Attorney Edward Sheehy, for the defendant, Attorney Sally Hodgdon, filed an Objection to the plaintiffs' Motion for Stay of Process and Stay of Responses.

However, Attorney Edward Sheehy, in opposing the plaintiffs' Motion for Stay of Process and Stay of Responses, <u>never made any attempt to deny the existence of an inappropriate connection between the defendants in the two separate cases</u>, <u>never made a any attempt to deny that acts of Fraudulent Concealment and Fraudulent Non-Disclosure had been committed by the defendants in the two cases</u>, and <u>never made any attempt to deny that the defendants in the two cases had conspired to commit</u>, and <u>did jointly commit, numerous of the tortious acts against the plaintiffs in those cases, the conspiracy of which, and the fraudulent concealment of which, had prevented the plaintiffs from knowing until recently the full basis of their cause of action against all defendants in the two cases.</u>

Attorney Edward Sheehy's <u>lack of denial</u> as to the existence of an inappropriate connection between the defendants in both cases, and <u>lack of denial</u> that the defendants had committed acts of Fraudulent Non-Disclosure and Fraudulent Concealment which had prevented the plaintiffs from knowing the full basis of their true cause of action against the defendants in both cases, was therefore <u>a legal admission to the plaintiffs allegations that the defendants had committed acts of Fraudulent Non-Disclosure and Fraudulent Concealment which had prevented the plaintiffs from fully knowing the full basis of their true cause of action or their right to recovery against the defendants in both</u>

cases.

Further, Attorney Edward Sheehy, in objecting to the plaintiffs Motion for Stay of Responses and Stay of Process, <u>never addressed the issues of fraudulent non-disclosure, or fraudulent concealment in his Objection</u> at all, and being completely silent as to the allegations, <u>completely ignored the issues which were the basis of the plaintiffs request</u> for Motion for Stay of Process and Motion for Stay of Responses and request to file another Amended Complaint.

In doing so, Attorney Edward Sheehy, representing the defendant, Attorney Sally Hodgdon, <u>did not in fact properly oppose</u> the plaintiffs Motion for Stay of Process and S Stay of Responses, as he did not contend the basis on which it was asked for..

Attorney Edward Sheehy, in his Objection to the Plaintiffs Motion or Stay of Process and Stay of Responses, <u>only</u> complained of the numerous extensions given to the plaintiffs previously, and attempted to use those requests for extension to defeat the plaintiffs "Motion for Stay of Process and Stay of Responses", and their ability to file another Amended Complaint.

By completely ignoring the issues which were the stated basis of the plaintiffs request for their "Motion for Stay of Process and Motion for Stay of Responses", the defendants in this case of # 3:02cv1309, and the defendants in the case of # 3:01cv01555 <u>not only permanently lost, or waived, their legal right to complain of or oppose the plaintiffs Motion for Stay of Process and Motion for Stay of Responses in the future, but also permanently lost, or waived, their right to oppose, or complain of, the basis on which the plaintiffs "Motion for Stay of Process and Stay of Responses" and request to file an Amended Complaint had been granted.</u>

As the attorneys for the defendants in both this case # 3:02cv13209 and in case # 3:01cv01555 <u>failed to ever attempt to deny</u> the allegations of Fraudulent Non-Disclosure and Fraudulent Concealment, when they had the opportunity, they both therefore <u>admitted through their silence that the basis for the plaintiffs' request to file an Amended Complaint was valid, and was validly premised on the conclusion that the defendants had acted in conspiratorial concert, a conspiratorial concert of action which would now require that the two cases be re-alleged in an Amended Complaint, and a consolidated Amended Complaint.</u>

Further, as far as the defendants attempt to now use the number of extensions previously granted to the plaintiffs as a bar to the plaintiffs present request to file an Amended Complaint now, the plaintiffs contend that the facts enumerated below prove that the defendants, through their own actions, waived their opportunity or right to complain of those extensions, or use those extensions against the plaintiffs in any cumulative fashion.

On April 14, 2003, the plaintiffs filed a Motion for Extension of Time in both this case of # 3:02cv1309 and the case of # 3:01cv01555 due to sudden news that the plaintiff, Loyal Egan, then 13 years old was, suffering from serious physical illness.

The plaintiff, Hadley Macpherson, as a pro se and single mother, in the face of that news, was unable to litigate.

That same week, the plaintiffs also received news that the defendant, Paul Egan, in this case of #3:02cv1309, had gone into the Superior Court at Hartford, on April 2, 2003, <u>without Notice or Service</u> to the plaintiffs, Hadley Macpherson, requesting premature Termination of the Child Support of the child plaintiff, Rachel Egan.

At that Hearing on April 2, 2003, in Superior Court, the judge who sat the Hearing, Judge Antonia Robaina, never asked where the plaintiff was, never asked why she was not present, and never asked whether she had been served. Judge Antonio Robaina never mentioned her at all.

Judge Antonio Robaina went forward with the Hearing deliberately ex parte.

During that Hearing in Superior Court on April 2, 2003, the defendant, Paul Egan, appeared without his attorney present, that being the defendant, Attorney John Berman in this case of # 3:02cv1309, but argued on his and Attorney John Berman's behalf, as well as on the behalf of the defendant Attorney Sally Hodgdon in the case of # 3:01cv01555, and was allowed to complain without restraint of the events in these two Federal cases which are at issue here now.

Judge Antonio Robaina listened to those complaints, and then at the defendant Paul Egan's request, read a handful of unknown letters and papers offered to it by the defendant, Paul Egan, without ever marking them as exhibits or entering them into the file as evidence.

After reading the unidentified and unknown documents, Judge Antonio Robaina handed the papers and letters back to Paul Egan, and immediately granted him the premature Termination of Child Support of the child plaintiff in this case, Rachel Egan.

Judge Antonio Robaina then went on to also offer to immediately modify the Child Support of Loyal Egan, though no Motion for Modification had been filed, though sua sponte Modification is illegal, and though the plaintiff, Hadley Macpherson could have no knowledge of the Modification as again she was not Noticed or Served, and was therefore not present to protect her own, or the child plaintiff, Loyal Egan's interests.

Judge Antonio Robaina, then, without any knowledge of the defendant, Paul Egan's income, and without making any inquiry as to the income of the defendant, Paul Egan, allowed the defendant, Paul Egan, to choose a figure out of thin air, that he thought he should pay for his remaining child, the child plaintiff in this case, Loyal Egan.

Judge Antonio Robaina then immediately granted that figure on the basis of no documentary or oral evidence that it was in any way the appropriate amount of Child Support entitled to the child plaintiff, Loyal Egan, under the law.

When the plaintiff, Hadley Macpherson, learned of the Hearing, and received the transcript that clearly evidenced that Judge Antonio Robaina had deliberately and consciously violated 22 state laws, and 13 Connecticut court rules, the plaintiff knew that she would in no way receive a fair re-hearing if she appeared before him on a Motion to Reopen or a Motion to Reconsider, and that in fact she and the two child plaintiffs in this case would be in danger of losing more of their substantive rights if she were to appear before that same judge, given his previous deliberately unethical behavior.

Therefore, the plaintiff, on April 30, 2003, filed an Appeal of the two Orders issues on April 2, 2003, that being the premature illegal Termination of Child Support for Rachel Egan, and the illegal sua sponte Modification of Child Support for Loyal Egan.

As a result of filing that Appeal, the plaintiffs requested an Extension of time in this present case of # 3:01cv01555, and in the case of # 3:02v1309 as the defendants in this case used another Court to harm the plaintiffs, and to cause the plaintiffs, already dealing with the sudden illness of the child plaintiff, Loyal Egan, to be suddenly be thrown into an immediate unexpected financial crisis, one which would cause them to be unable to pay their rent, and force the plaintiff to now have to write an Appellate Brief in

order to undo the illegal Orders issued on April 2, 2003.

During the nine months that followed, the plaintiffs continued to file numerous extensions in both this case # 3:01cv01555 and case #3:02cv1309, due to the continuing seriousness of the plaintiff, Loyal Egan's physical condition, the news of which was increasing in a negative way, and the responsibility and necessity of the plaintiff, Hadley Macpherson's completion of the Appellate Brief in the appellate case known as AC24175

The Court granted all of those Motions for Extensions of Time, <u>without opposition</u> from the defendants in either of the two cases known as # 3:02cv1309 and # 3:01cv01555, and <u>without prejudice to the plaintiffs</u>..

The attorney for the defendant, Attorney Sally Hodgdon, in this case # 3:01cv01555, Attorney Edward Sheehy, <u>never objected to, or opposed, any of the plaintiffs Motions for Extension of Time</u>, given the legitimate circumstances under which they were requested.

The attorney for the defendants in the case of # 3:02cv1309, Attorney Kevin Majewski, <u>never objected to, or opposed, any</u> of the plaintiffs' Motions for Extensions of Time, given the legitimate circumstances under which they were requested.

In stating <u>no objections</u> to those Motions for Extensions of Time, and filing <u>no Motions in Opposition</u> to the plaintiffs requests for extension of time, the defendants in both of the two cases <u>agreed to the granting of those extensions of time</u>, and therefore <u>agreed that the basis on which they were requested was valid and worthy of the extra time that the plaintiffs were ultimately granted.</u>

Had they <u>not</u> agreed with the basis on which those extensions were asked for, <u>they would have objected to them</u> out of their duty to their clients to pursue their case with due

diligence.

In so agreeing to those extensions, the defendants in both cases <u>permanently lost or waived</u>, <u>all right to oppose, or complain of, the granting of those extensions, or the basis on which they were granted, in the future</u>.

On April 13, 2004, a telephone conference call was held with the plaintiff, Hadley Macpherson, Attorney Edward Sheehy for the defendant, Attorney Sally Hodgdon, in this case of # 3:02cv01555, before the Honorable Judge Stephan Underhill.

The Court, during that conference call on April 13, 2004, discussed the status of the case, and granted the plaintiffs the legal right to file their Amended Complaint on May 14, 2004.

During that conference call on April 13, 2004, Attorney Edward Sheehy made no objection to the Order, or Extension of Time, that was granted to the plaintiffs on that date.

In stating no objection to the Courts granting of May 14, 2004, as a date by which the plaintiffs could file their Amended Complaint, Attorney Edward Sheehy <u>agreed to that Extension of Time to file the Amended Complaint</u>, and <u>agreed to the basis on which it was granted</u>.

In doing so, the defendant, Attorney Sally Hodgdon<u>, permanently lost all right to complain of, or oppose, the granting of that Order or Extension on April 13, 2004, or the basis on which it was granted.</u>

On April 14, 2004, a telephone conference call was held with all plaintiffs and defendants represented in the case of # 3:02cv1309, before the Honorable Judge Stefan Underhill.

The Court, during that conference call on April 14, 2004, discussed the status of the case, and granted the plaintiffs the legal right to file their Amended Complaint on May 14, 2004.

In stating no objection to the Courts granting of May 14, 2004, as a date by which the plaintiffs could file their Amended Complaint, Attorney David Samuels <u>agreed to that Extension of Time</u>, and <u>agreed that the basis on which it was requested was valid and worthy of the extra time that the plaintiffs were ultimately granted.</u>

Had they <u>not</u> agreed with the basis on which that extension was asked for, and granted, <u>they would have objected to them</u> out of their duty to their clients to pursue their case with of due diligence.

In so agreeing to that extension of time, the defendants in that case <u>permanently lost, or waived, all right to oppose, or complain of the granting of that extension of time, on April 14, 2004, or the basis on which it was granted, in the future.</u>.

Attorney Edward Sheehy. in his Objection to the Plaintiffs Letter, complains of the numerous extensions of time previously requested and granted to the plaintiffs, and attempts to use those requests for extensions of time to now defeat the plaintiffs filing of an Amended Complaint.

However, Attorney Edward Sheehy's argument as to the number of extensions previously granted by the Court <u>is legally moot</u>, as he never opposed any of the plaintiffs' Motions for Extensions in the past, and in not opposing those request for extension, agreed with those extensions back when they were granted.

As a result, Attorney Edward Sheehy <u>cannot now use those extensions of time previously granted to the plaintiffs, and granted without prejudice to the plaintiffs</u>, to

<u>cumulatively prejudice the plaintiffs' attempt to file an Amended Complaint now</u>, when <u>each individual request for extension of time</u>, was never opposed, and never complained of, <u>back when it was initially asked for</u> and granted.

An Extension of Time allows grace to a party to file a pleading with no prejudice attached that filing, and no prejudice attached to the party's case who sought the extension..

Therefore, if no prejudice was attached at the time of the granting of the Extensions in the past, then the defendants cannot now use those Extensions of Time as a weapon against the plaintiffs when they were granted that time graciously by the Court, without prejudice, and without opposition or complaint from anyone.

Further the number of previous Extensions granted is moot upon discovery of a Fraud, particularly if the Fraud was designed and perpetuated by the defendants to keep the plaintiffs in the dark, and cause them, with or without extensions, to be wasting what little time, energy, and funds they had.

As stated earlier, when acts of Fraudulent Non-disclosure and Fraudulent Concealment are committed by defendants in order to prevent plaintiffs from ever knowing the true and full basis of their cause of action, plaintiffs have a legal right to re-file an Amended Complaint so as to include all tortious acts now known of, against all defendants now known of, <u>with the statute of limitations now tolling from the date of the discovery of the information that was fraudulently non-disclosed and fraudulently concealed,</u> else the defendants reap reward for their Fraud.

The plaintiffs are therefore entitled to re-file an Amended Complaint even now, as the statute of limitations has not run out from the date of discovery which was only late

this spring of 2004. To deny them that chance would be to reward the defendants for their efforts to hide from the plaintiffs the true cause of action they were entitled to recover for.

Respectfully Submitted,

_____
Rachel Egan

_____
Hadley Macpherson

_____
Loyal Egan

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed this day, September 29, 2004, to Attorney Edward Sheehy, of Williams Cooney and Sheehy, 799 Silver Lane, Trumbull, CT., 06611-0753.

_____
Rachel Egan

_____
Loyal Egan

Plaintiff Pro Se

_____
Hadley Macpherson
P.O. Box 501
Lahaska, PA  18931
(215) 325 - 1001