# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

FILED
2005 MAR 16  A 9:48
U.S. DISTRICT COURT
BRIDGEPORT, C...

### AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO. 3:01CV01555 SRU |
| and | |
| RACHEL EGAN | |
| and | MARCH 15, 2005 |
| LOYAL EGAN | |
| PLAINTIFFS | |
| | CIVIL ACTION |
| VS. | |
| ATTORNEY SALLY HODGDON | PLAINTIFFS' |
| and | MOTION FOR |
| THE COMMUNITIES' LAW CENTER | CONSOLIDATION |
| and | |
| SISTERS OF ST. JOSEPH | |
| and | |
| SISTERS OF MERCY | |

and

**SISTER OF NOTRE DAME**

and

**DAUGHTERS OF THE HOLY SPIRIT**

and

**ATTORNEY SUE ANN SHAY**

and

**ATTORNEY JANE KINNEY - KNOTEK**

DEFENDANTS

## **MOTION FOR CONSOLIDATION**

The plaintiffs, Lisa Egan, and child plaintiffs, Rachel Egan and Loyal Egan, respectfully request that this case, docket # 3:01CV01555 SRU be consolidated with case docket # 3:02CV1309 SRU.

Though the plaintiffs argued against consolidation of the two cases one year ago, the plaintiffs were, at that time, unaware of certain connections between the defendants, and of events involving the defendants which substantially bear on the basis for liability in both cases.

Due to the information discovered, the plaintiffs now know for a certainty that the two cases share much more in common than initially believed.

The defendants, Attorney John Berman, Attorney Sally Hodgdon, Paul Egan, The Communities' Law Center, Berman, Bourns, Courrie LLC, and Berman, Bourns, Aaron & Dembo LLC, acted in concert to commit intentional tortuous acts against the plaintiff, Lisa Egan, and child plaintiffs, Rachel Egan and Loyal Egan.

The facts and events involving the allegations against all defendants are now too numerous and too interwoven to litigate independently. The filings, responses, and eventual Trial would only cause an enormous amount of redundancy, and result in a waste of Court and Jury time and expense.

Further, the allegations against all defendants need to be combined in the plaintiffs future pleadings, or the plaintiffs cannot adequately make claim with specificity, given the nature of the allegations, and the seriousness of the allegations, unless the documents full disclose the actions of the other defendants.

1

To do so in separate documents puts a burden on the plaintiffs to say everything twice and yet from a different direction, when it is unnecessary, and can only cause confusion due to the number of allegations and events being averred.

The plaintiffs are filing an Amended Complaint against the defendants in both cases, in one single document, on March 15, 2005 since as the plaintiffs are bound by the rules to aver properly, and with specificity, the nature of the claims against the defendants requires them to be averred together in a single document.

Under the Federal Rules of Civil Procedure, Consolidation may be granted under the following Rule 42(a):

> "When actions involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therin as may tend to avoid unnecessary costs or delay."

Judicial Economy is a primary factor favoring consolidation [Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir), cert. Denied, 498 U.S. 920 (1990)], provided the risks of unfairness, prejudice, and confusion are not outweighed by the savings of time and expense resulting from consolidation [Malcolm v. National Gypsum Co., 995 F.2d 346, 350 (2nd Cir. 1993)].

In this case, the defendants in both cases are relieved from having to appear at each others Trials, and relieved of the necessity of paying the expense of having their counsel appear at both Trials.

Further, the witnesses in both cases, which are more than a few, are relieved from appearing twice and testifying to the same matters twice, if the two cases are consolidated.

2

Though the plaintiffs realize that the presence of more attorneys at the other table in one single case works to her detriment, the alternative of keeping the twp cases separate would work a greater detriment to the plaintiffs, in forcing them to prove everything twice, and having to secure every witness twice.  That would only result in a financial burden to the plaintiffs, the defendants, the witnesses, the Court, and the jury.

Wherefore, the plaintiffs, Lisa Egan, and child plaintifffs, Rachel Egan, and Loyal Egan, respectfully request that this case # 3:01CV01555 SRU be immediately consolidated with the case of # 3:02CV1309.

Respectfully Submitted,

_____
Rachel Egan

_____
Hadley Macpherson

_____
Loyal Egan

2015 McKenzie Creek Drive

Charlotte, NC 28270

(704) 675 5252

3

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed this day, March 15, 2005, to Attorney James Wade, of Robinson & Cole, at 280 Trumbull Street, Hartford, CT 06103 - 3597, to Attorney Edward Sheehy, of Williams Cooney and Sheehy, 799 Silver Lane, Trumbull, CT., 06611-0753and Paul Egan, at P.O. Box 83, Centerbrook, CT. 06409.

_Rachel Egan_
Rachel Egan

_Loyal Egan_
Loyal Egan

Plaintiff Pro Se

_Hadley Macpherson_
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC 28270
(704) 675 - 5252