FILED

2005 APR -4  P 1:13

UNITED STATES DISTRICT COURT, DISTRICT COURT
DISTRICT OF CONNECTICUT  BRIDGEPORT, CONN

............................
RACHEL EGAN, LOYAL EGAN :
and HADLEY MACPHERSON EGAN :
 :
    PLAINTIFFS : NO. 301CV01555 SRU
 :
 :
VS. : DATE: APRIL 4, 2005
 :
 :
SALLY HODGDON :
 :
    DEFENDANT :
............................

### MEMORANDUM OF LAW OF THE DEFENDANT SALLY HODGDON IN SUPPORT OF MOTION TO STRIKE

**Statement of Case**

The plaintiffs, Rachel Egan, Loyal Egan and Hadley MacPherson Egan (the plaintiffs) filed a complaint in the above entitled action against the defendant Sally Hodgdon (the defendant) on August 16, 2001 in which the plaintiffs set forth the following claims:

    a.    Claim I - breach of contract, legal malpractice and negligence;

    b.    Claim II - misrepresentation and intentional tort-

- 2 -

coercion and claims $100,000 damages and release from the defendant's legal representation.

The plaintiffs filed a Motion for Leave to Amend Complaint dated January 26, 2003 to allege "with a greater degree of specificity and particularity" their claims, correct the misspelling of the defendant Sally Hodgdon and to add The Communities' Law Center as a defendant.

On February 7, 2003, the defendant filed an Objection to the plaintiffs' Motion for Leave to Amend the Complaint on the grounds that the plaintiffs failed to attach a copy of the proposed Amended Complaint, the plaintiffs failed to establish that the proposed addition of The Communities' Law Center relates back to the date of the original complaint and that the claims of the plaintiffs were barred by the applicable statute of limitations.

A status conference was held on April 9, 2003 at which the Court: (A) denied the plaintiffs' Motion to Amend Complaint to add The Communities Law Center as a defendant (B) denied without prejudice "as moot in all other respects. Plaintiffs may file an Amended Complaint as of right on or before May 7, 2003."

Between April 10, 2003 and February 10, 2004, the plaintiffs

- 3 -

filed 11 Motions for Extension of Time to file an Amended Complaint all of which were granted by the Court.

The Court held a telephone conference call on April 13, 2004 during which the Court ordered that the plaintiffs file the Amended Complaint by May 14, 2004. The Court wrote "Failure to comply with this deadline will result in dismissal of case."

On May 14, 2004, the plaintiffs filed an Amended Complaint (Amended Complaint). In the Amended Complaint, the plaintiffs added "The Communities' Law Center as a defendant and Sisters of St. Joseph, Sisters of Mercy, Sister (sic) of Notre Dame and Daughters of the Holy Spirit" as defendants.

In the Amended Complaint, the plaintiffs allege: that the defendant violated their constitutional rights (paragraph 16), coercion, misrepresentation, fraud and deceit, legal malpractice, wilful, reckless and wanton conduct, intentional infliction of severe emotional distress, abusive process, wrongful interference with prospected economic advantage and invasion of privacy (paragraph 17) and that the defendant committed these acts from February, 1999 through May, 2002 (paragraph 21).

On June 2, 2004, the plaintiffs filed a Motion for Stay of

- 4 -

Process and Stay of Defendant's Response to Plaintiffs' Amended Complaint filed on May 14, 2004 for "10 days or for any amount of time that the court sees fit to prevent manifest injustice" and represented "the plaintiffs became aware just before the deadline of May 14, 2004...of facts that completely and substantially altered the nature of the claims against the parties in both cases."

On June 2, 2004, the defendant filed a Motion to Strike The Communities' Law Center as a party defendant for the reason that the Court on April 9, 2003 had previously denied the Plaintiffs' Motion to Amend Complaint to Add The Communities' Law Center as a Party Defendant. On November 5, 2004, the Court granted the Motion to Strike The Communities Law Center as a defendant.

On June 7, 2004, the defendant filed an Objection to the Plaintiffs' Motion for Stay of Process and Stay of Response to Plaintiffs' Amended Complaint.

On June 24, 2004, the plaintiffs filed a Motion for Consolidation to consolidate the above entitled matter with Hadley MacPherson(Egan), et al v. Attorney John Berman, et als, Docket No. 3:02CV1309SRU on the grounds that "the defendant's attorney, John

- 5 -

Berman, Attorney Sally Hodgdon, Paul Egan, The Communities' Law Center, Berman, Burns, Bournes, Courrie, LLC, Berman, Burns, Aaron and Dembo, LLC acted in concert to commit intentional tortious acts against the plaintiffs, Hadley MacPherson, Rachel Egan and Loyal Egan."

The Court by Order dated February 17, 2005 denied the plaintiffs' Motion for Consolidation on the grounds that "based on the Amended Complaints in these cases, both of which were filed on May 14, 2004, there do not appear to be sufficient parties or issues in common to warrant consolidation..." The Court also ordered that any further Amended Complaint be filed by March 10, 2005 "or it will be barred." The Court further ordered that the defendant, Sally Hodgdon, "shall respond to either the May 14, 2004 Amended Complaint or any later filed Amended Complaint by April 1, 2005."

The Court by order dated February 17, 2005 set forth the following additional deadlines:

    Disclosure of plaintiffs' expert witness(es) August 1, 2005
    Disclosure of defendant's expert witness(es) October 1, 2005
    All discovery shall be completed (not propounded) December 1, 2005
    Filing dispositive motions, January 15, 2006

- 6 -

These deadlines will be extended only for exceptional cause."

The plaintiffs filed a Request for Enlargement of Time dated March 8, 2005 for five days to March 15, 2005 to file an Amended Complaint and "the deadline for the defendant's answer ...to move equivalently with it."

The defendant filed an Objection dated March 11, 2005 to the Plaintiffs' Request for Extension of Time to File a further Amended Complaint. The Court on March 12, 2005 granted the plaintiffs' Request for Extension of Time to March 15, 2005 to file an Amended Complaint.

The plaintiffs filed a Consolidated Amended Complaint on March 15, 2005 consisting of 271 pages and 1,545 paragraphs wherein the plaintiffs seek to add three additional defendants-The Communities' Law Center, Attorney Sue Ann Shay, and Attorney Jane Kinney-Knotek. In addition, the plaintiffs also add claims for conspiracy and breach of fiduciary duty neither or which were alleged in the prior complaints.

The plaintiffs filed a Motion for Consolidation dated March 15, 2005 to consolidate the above entitled action with <u>Hadley MacPherson, et al v. Attorney John Berman, et al</u> for the same

- 7 -

reasons set forth in the prior Motion for Consolidation dated June 24, 2004 which was denied by the Court on February 17, 2005.

**Statement of Law**

1.  <u>The Cases of Hadley MacPherson (Egan), Rachel Egan and Loyal Egan v. Attorney Sally Hodgdon, Docket No. 3:01CV01555SRU and Hadley MacPherson (Egan), Rachel Egan and Loyal Egan v. Attorney John Berman, et als, Docket No. 3:02CV1309SRU Have Not Been Consolidated.</u>

The Court by Order dated February 17, 2005 denied the plaintiffs' Motion for Consolidation dated June 24, 2004 and therefore the Consolidated Amended Complaint has not been properly filed in the above entitled action.

2.  <u>The Communities' Law Center Is Not A Proper Party Defendant.</u>

In the Consolidated Amended Complaint, the plaintiffs seek to add The Communities' Law Center as a party defendant. The Court in a status conference on April 9, 2003 denied the plaintiffs' Motion to Amend Complaint to Add The Communities' Law Center as a party defendant on the grounds that the statute of limitations had already run. The "Law of the Case" doctrine precludes the Court "to reopen what has been decided." See: <u>Wright v. Cayan</u>, 817 F.2d 999, 1002 n.3 (2d Cir), cert denied 484 US 853 (1987).

- 8 -

3. <u>Attorney Sue Ann Shay And Attorney Jane Kinney-Knotek Are Not Proper Party Defendants.</u>

In the Consolidated Amended Complaint, the plaintiffs seek to add Attorney Sue Ann Shay (Shay) and Jane Kinney-Knotek (Kinney-Knotek) as additional defendants.

When an amendment seeks to add a party, the plaintiffs must comply with the requirements of 15(c)(2) and 15(c)(3)(A) and (B) of the Federal Rules of Civil Procedure. <u>Gouveia v. Sig Simonazzi North America, Inc.</u>, 2005 WL 293506 (D. Conn.) (Kravitz, J.) (copy attached).

15(c) Federal Rules of Civil Procedure (FRCP) provides in pertinent part:

<u>Relation Back of Amendments</u>

An amendment of a pleading relates back to the date of the original pleading when...(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of a party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and

- 9 -

complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party...

Thus, the burden is on the plaintiffs to satisfy each of the following conditions: (1) the plaintiffs' claims against Attorney Shay and Kinney-Knotek must have arisen out of the conduct, transaction or occurrence set forth in the original complaint; (2) Attorneys Shay and Kinney-Knotek must have received such notice of the institution of the action that they will not be prejudiced in maintaining a defense on the merits; and, (3) Attorneys Shay and Kinney-Knotek must have known or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against them. Gouveia v. Sig Simonazzi North America, Inc., supra.

The plaintiffs have not established that their delay in asserting claims against Attorneys Shay and Kinney-Knotek was due to a mistake concerning the identity of the proper party as

- 10 -

required by FRCP 15(c)(3)(B). Where there is a basis for the plaintiffs to assert liability against the party or parties named in a complaint and there is no reason for another party to believe that the plaintiff did anything other than make a deliberate choice between potential defendants, the courts have consistently held that the third requirement of 15(c)(3) FRCP is not met. <u>Gouveia v. Sig Simonazzi North America, Inc.</u>, <u>supra</u>.

In addition, in the Consolidated Amended Complaint, there are no specific allegations against Attorney Kinney-Knotek other than she practiced law on a daily basis at The Communities' Law Center. There are no allegations that Attorney Kinney-Knotek engaged in any wrongdoing as to the plaintiffs. There are no allegations that Attorney Shay ever represented any of the plaintiffs in this action. There are no allegations in the Consolidated Amended Complaint that either Attorney Shay or Attorney Kinney-Knotek were ever appointed as attorney for the plaintiffs Rachel Egan and Loyal Egan.

4. <u>The Consolidated Amended Complaint Adds Claims That Are Not Asserted In The Original Complaint.</u>

The plaintiffs instituted the above entitled action by complaint filed on August 16, 2001 which set forth two claims:

- 11 -

A.  Claim I - Breach of Contract, legal malpractice and negligence

B.  Claim II- Misrepresentation and intentional tort-coercion and claimed $100,000 damages and release from the defendant, Hodgdon's legal representation.

Attached to the complaint were affidavits of the plaintiff, Loyal Egan and the plaintiff, Rachel Egan. The plaintiff, Hadley MacPherson did not submit an affidavit.

The plaintiff, Loyal Egan, in his affidavit dated August 15, 2001 sets forth the following claims against the defendant, Sally Hodgdon: (1) he wants to be relieved of Attorney Hodgdon as his attorney (2) Attorney Hodgdon used religion to blackmail him into doing things that he knew are unsafe (3) visitation with father, Paul Egan.

The plaintiff, Rachel Egan in her affidavit dated August 15, 2001 sets forth the following complaints against the defendant Hodgdon: (1) failure of the defendant Hodgdon to uphold her right to receive child support (2) coercive act to manipulate and intimidate her to see her father, Paul Egan.

The plaintiffs filed an Amended Complaint dated May 14, 2004

- 12 -

and set forth the following complaints against the defendant Hodgdon: coercion, misrepresentation, fraud and deceit, legal malpractice, willful, reckless and wanton conduct, intentional infliction of severe emotional distress, abusive process, wrongful interference with prospective economic advantage and invasion of privacy. (paragraph 17)

In the original complaint and in the Amended Complaint dated May 14, 2004, there is no allegation of conspiracy as to the defendant Hodgdon nor any allegation concerning Attorney John Berman. There is no allegation in either the original complaint or the Amended Complaint to put the defendant Hodgdon on notice that there was a claim of a conspiracy with Attorney Berman.

5. <u>The Plaintiffs' Consolidated Amended Complaint Will Cause Undue Delay, Trial Inconvenience And Prejudice The Rights Of The Defendant Hodgdon.</u>

The Consolidated Amended Complaint consists of 271 pages and 1,545 paragraphs wherein the plaintiffs seek to add three new defendants and new causes of action for conspiracy and breach of fiduciary duty.

The plaintiffs have had since August 16, 2001 to amend the complaint. The plaintiffs waited more than three and a half years

- 13 -

to file the Consolidated Amended Complaint and failed to set forth any reason for the inordinate delay.

To allow the plaintiffs to proceed on the Consolidated Amended Complaint will only result in undue delay, trial inconvenience and prejudice to the defendant, Hodgdon as to this action which has been pending in this Court since August 16, 2001.

For the foregoing reasons, the defendant, Hodgdon, respectfully requests the Court to grant her Motion to Strike the Consolidated Amended Complaint.

THE DEFENDANT
SALLY HODGDON

BY _____
Edward Maum Sheehy
WILLIAMS, COONEY & SHEEHY, LLP
799 Silver Lane
Trumbull, CT  06611-0753
Tel. (203) 380-1741
Fed. Bar #ct 04212

- 14 -

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on the date hereon to all counsel of record and pro se parties and the following:

Hadley MacPherson (Egan) Pro Se
P.O. Box 501
Lahaska, PA  18931

Hadley MacPherson (Egan) Pro Se
2015 Mackenzie Creek Drive
Charlotte, NC  28270

Loyal B. Egan
P.O. Box 501
Lahaska, PA  18931

Loyal B. Egan
2015 Mackenzie Creek Drive
Charlotte, NC  28270

Rachel J. Egan
P.O. Box 501
Lahaska, PA  18931

Rachel J. Egan
2015 Mackenzie Creek Drive
Charlotte, NC  28270

_____
Edward Maum Sheehy

2005 WL 293506 (D.Conn.)

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.
Bill L. GOUVEIA, as Administrator of the Estate of José Guerra, Plaintiff,
v.
SIG SIMONAZZI NORTH AMERICA, INC. as successor in interest by merger to Sasib North America, Inc., Defendant,
v.
SASIB FOOD MACHINERY MV, S.P.A., Sasib Bakery Italia, S.P.A., Dry Products, S.P.A., and Compagnie Industriali Riunite, Third-Party Defendants.
No. 3:03CV597 (MRK).
Jan. 11, 2005.

Bill L. Gouveia, Bridgeport, CT, pro se.
Richard J. Sullivan, Sullivan & Sullivan, Wellesley, MA, for Plaintiff.
Christopher J. Lynch, Mark R. Giuliani, Halloran & Sage, Hartford, CT, for Defendant.

*RULING AND ORDER*

KRAVITZ, J.

*1 This case arises from the death of José Guerra on April 27, 2001 while Mr. Guerra was working near bread making machinery at his place of employment. About two years later, on or about April 2, 2003, Plaintiff filed this action against Defendant Sig Simonazzi North America, Inc. ("Simonazzi") under Connecticut's Product Liability Act, Conn. Gen.Stat. §§ 52-572m *et seq.* (the "PLA"), alleging, among other things, that Simonazzi (or its predecessor in interest) was the designer, manufacturer, installer and/or seller of the bread machinery and its components, which Plaintiff claimed were defective and unreasonably dangerous. *See* Compl. [doc. # 1]. On January 8, 2004, this Court granted Simonazzi's Motion to File a Third-Party Complaint [doc. # 22] against Sasib Food Machinery MV, Sasib Bakery Italia, Dry Products and Compagnie Industriali Riunite ("CIR"), and Simonazzi filed its Third-Party Complaint [doc. # 25] against the Third-Party Defendants on January 22, 2004. In brief, the Third-Party Complaint asserts that if Simonazzi is liable to Plaintiff, which Simonazzi denies, then the Third-Party Defendants must indemnify Simonazzi for, or contribute to, any judgment rendered because the Third-Party Defendants (or their predecessors in interest) were, in fact, the designers, manufacturers, distributors and/or sellers of the bread machinery in question and therefore they were "in control of the situation to the exclusion of [Simonazzi]." *See, e.g.,* Third-Party Compl. ¶ 36 [doc. # 25].

Pending before this Court is Plaintiff's Motion to Amend the Plaintiff's Complaint [doc. # 72] to assert products liability claims directly against the Third-Party Defendants. The Third-Party Defendants oppose the motion, because, among other grounds, Plaintiff's claims against them are time-barred. The Court agrees with the Third-Party Defendants and DENIES Plaintiff's Motion to Amend [doc. # 72] because the amendment would be futile. [FN1] *See McGill v. Goff,* 17 F.3d 729, 734 (5th Cir.1994) (affirming denial of motion to amend on grounds of futility because claims were time-barred); *Leonelli v. Pennwalt Corp.,* 887 F.2d 1195, 1198 (2d Cir.1989) (court need not allow an amendment where amendment would be futile); *Northbrook Nat'l Ins. Co. v. J & R Vending Corp.,* 167 F.R.D. 643, 647 (E.D.N.Y.1996) ("A motion to amend is futile if the claims sought to be added are barred by the relevant statute of limitations.").

> FN1. Because the Court concludes that Plaintiff's claims against the Third-Party Defendants are time-barred, the Court does not reach the other arguments advanced by the Third-Party Defendants.

I.

There is no dispute that if the statute of limitations on Plaintiff's claims against the Third-Party Defendants is measured from the date of Mr. Guerra's death, April 27, 2001, to the date of Plaintiff's Motion to Amend, September 13, 2004, Plaintiff's claims against the Third-Party Defendants are barred by the three-year statute of limitations governing actions under Connecticut's PLA. The three-year statute of limitations period expired at the end of April 2004, approximately four and one-half months before Plaintiff moved to amend his complaint. See Conn. Gen.Stat. § 52-577a(a) (products liability claims must be brought within three years of date of death or injury). [FN2] Likewise, there is no question that if the timeliness of Plaintiff's claims against the Third-Party Defendants is determined by the date on which Plaintiff filed this action, April 2, 2003, Plaintiff's claims are timely.

> FN2. Plaintiff does not claim that the statute of limitations should be tolled for any reason.

\*2 Plaintiff argues that because Rule 14(a) of the Federal Rules of Civil Procedure allows plaintiffs to file direct claims against third-party defendants who have been properly impleaded into a case, Plaintiff's amended complaint is proper and should be allowed. See Mem. of Law in Reply to the Third-Party Defs.' Opp. to Pl.'s Mot. to Am. Compl. [doc. # 108] at 4. Rule 14(a) provides that "[t]he plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claims against the third-party plaintiff, and the third-party defendant thereupon shall assert any defenses as provided in Rule 12 ..."
While Rule 14(a) authorizes a plaintiff to assert direct claims against a third-party defendant, that rule does not answer the question posed by this case. For the fact that Rule 14(a) authorizes the filing of direct claims against third-party defendants "does not revive any claims the original plaintiff may have had against [the third-party defendant] that should have been asserted earlier but have become unenforceable." 6 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 1459, at 450 (2d ed.1990). Thus:

[A]ny claim existing between plaintiff and the third-party defendant is subject to the applicable statute of limitations; the statute is neither tolled nor waived upon the third-party defendant's entry into the action but continues to run until plaintiff actually asserts a claim against him, or, if the time period runs before the action is commenced, serves as a bar to the claim [against the third-party defendant].

Id.; see Collin v. Securi Int'l et al., 322 F.Supp.2d 170, 175 (D.Conn.2004) ("[T]he filing of a cross-claim by a defendant in the original action does not toll the statute of limitations on a plaintiff's claim against a third-party defendant."); Scharrer v. Consolidated Rail Corp., 792 F.Supp. 170, 172-73 (D.Conn.1992) (same); Frankel v. Back, 37 F.R.D. 545, 547 (E.D.Pa.1965) ( [I]t is "well established that the filing of a third party complaint by the original defendant does not toll the running of the Statute of Limitations on a cause of action between the plaintiff and the third party defendant."). As one court observed years ago:

[W]hen the plaintiff seeks to amend his complaint to charge the third-party defendant with liability after the period fixed by the statute of limitations has run, he is in effect seeking to state a new cause of action against such third-party defendant, which cause of action is barred by the statutes of limitations.

Lommer v. Scranton-Spring Brook Water Serv. Co., 3 F.R.D. 27, 28 (E.D.Pa.1943).

Thus, the answer to the question posed by this case--whether Plaintiff's direct claims against the Third-Party Defendants are time barred--is found not in Rule 14(a), as Plaintiff contends, but rather, in Rule 15(c), which sets forth the rules governing when an amended pleading relates back to the date of the original pleading. Rule 15(c) provides as follows: An amendment of a pleading relates back to the date of the original pleading when

\*3 (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the

summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
Fed.R.Civ.P. 15(c).
Plaintiff asserts that his amendment is governed by Rule 15(c)(2) and that since his amended complaint arises out of the same occurrence that gave rise to his original complaint, his claims against the Third-Party Defendants relate back to the original Complaint and are, therefore, timely. [FN3] See Mem. of Law in Reply to the Third-Party Defs.' Opp. to Pl.'s Mot. to Am. Compl. [doc. # 108] at 5. However, when an amendment seeks to add a party, as Plaintiff's proposed Amended Complaint assuredly does, the proponent of the amendment must comply with the requirements of both Rule 15(c)(2) and Rule 15(c)(3)(A) and (B). See, e.g., *Da Cruz v. Towmasters of New Jersey, Inc.*, 217 F.R.D. 126, 130 n. 4 (E.D.N.Y.2003) ("[A] new party cannot be added to a complaint solely under Rule 15(c)(2)."); *Bass v. World Wrestling Fed. Entertainment, Inc.*, 129 F.Supp.2d 491, 507 n. 12 (E.D.N.Y.2001) (party seeking to change defendants must comply with both Rule 15(c)(2) and 15 (c)(3)); *Olin v. George E. Logue, Inc.*, 119 F.Supp.2d 464, 472 (M.D.Pa.2000) (plaintiffs seeking to add a new party cannot succeed under Rule 15(c)(2) alone, amended complaint must also relate back under Rule 15(c)(3)). Any other conclusion would run counter to the express language of Rule 15(c)(3).

> FN3. Plaintiff does not rely on Rule 15(c)(1). And for good reason. Connecticut courts hold that "[t]he filing of a third-party complaint by the original Defendant does not toll the running of the statute [of limitations] on a cause of action between the Plaintiff and the third-party Defendant" and that the failure of a plaintiff to amend his complaint to assert claims against the third-party defendant within the limitations period warrants dismissal of the third-party defendant claims. *Vincent v. Litchfield Farms, Inc.*, 21 Conn.App. 524, 527, 574 A.2d 834 (1990) (affirming dismissal of claims that plaintiff asserted directly against a third-party defendant on the ground that plaintiff's amendment to assert those claims was beyond the limitations period); *Esposito v. G & I Danbury, LLC et al.*, No. CV030347964S, 2004 WL 2663947, at *1 (Conn.Super.Ct. Oct.15, 2004) (granting summary judgment where plaintiff's
>
> claim against third-party defendant was barred by the statute of limitations); *Frances v. Omni Insurance Co.*, No. CV000375135, 2001 WL 1669264, at *4 (Conn.Super.Ct. Dec.11, 2001) (same); *Shoreline Care Ltd. v. Jansen & Rogan Consulting Engineers, P.C.*, No. X06CV940155982S, 2001 WL 822206, at *4 (Conn.Super.Ct. June 20, 2001) (same).

Therefore, in order for Plaintiff's direct claims against the Third-Party Defendants to relate back to Plaintiff's original Complaint, Plaintiff must satisfy each of the following three conditions: (1) his claims against the Third-Party Defendant must have arisen out of the conduct, transaction, or occurrence set forth in the original Complaint; (2) the Third-Party Defendants must have received such notice of the institution of the action that they will not be prejudiced in maintaining a defense on the merits; and (3) the Third-Party Defendants must have known or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against them. See *Collin*, 322 F.Supp.2d at 175 (citing *Aslandis v. United States Lines Inc.*, 7 F.3d 1067, 1075-76 (2d Cir.1993)).
*4 Plaintiff cannot satisfy the requirements of Rule 15(c)(3). In truth, he has not even tried. Instead, he has instead devoted all of his brief to arguing that Rule 15(c)(3) has no application to this case. See Mem. of Law in Reply to the Third-Party Defs.' Opp. to Pl's Mot. to Amend the Compl. [doc. # 108] at 5 ("Federal Rules of Civil Procedure Rule 14(a) rather than Rule 15(c)(3) is the mechanism by which the plaintiff has asserted his claims against the third-party defendants"). In particular, Plaintiff cannot establish that his delay in asserting claims against the Third-Party Defendant was due to a mistake concerning identity, as required by Rule 15(c)(3)(B).
It is undisputed that Plaintiff was on notice of the Third-Party Defendants' potential liability as January 2004, when Simonazzi filed its Third-Party Complaint against the Third-Party Defendants. This was

well before the statute of limitations expired in April 2004. Yet, inexplicably (for Plaintiff makes no attempt to explain his inaction) Plaintiff waited until September 2004 to file his claims against the Third-Party Defendants. As the Third Circuit held in *Lundy v. Adamar, Inc.*, 34 F.3d 1173 (3d Cir.1994), a case in which a plaintiff unsuccessfully sought to add direct claims against a third-party defendant:

Where there is a basis for the plaintiff to assert liability against the party or parties named in a complaint and there is no reason for another party to believe that the plaintiff did anything other than make a deliberate choice between potential defendants, courts have consistently held that the third requirement of Rule 15(c)(3) is not met.

*Id.* at 1183; see *Rendell-Speranza v. Nassim*, 107 F.3d 913, 918-19 (D.C.Cir.1997) ("Nothing in [Rule 15(c)(3) ] or in the Notes indicates that the provision applies to a plaintiff who was fully aware of the potential defendant's identity."); *Collin,* 322 F.Supp.2d at 176 ("Where there has been no mistake identifying a party, and no other explanation for the delay in filing, Rule 15(c) does not apply."); *Jordan v. Tapper,* 143 F.R.D. 575, 588 (D.N.J.1992) ("[R]elation back will be refused if the court finds that there is no reason why the proposed parties should have understood that they were not named due to a mistake."). Or, as the Second Circuit has put it, "[t]he requirement that a new defendant 'knew' he was not being named due to a mistake concerning identity presupposes that in fact the reason for his not being named was a mistake in identity" rather than a matter of choice. *Cornwell v. Robinson,* 23 F.3d 694, 705 (2d Cir.1994).

Here, there is no claim of mistake; nor could any such claim be credibly made in view of the filing of the Third-Party Complaint several months before the statute of limitations expired. Since Plaintiff's claims against the Third-Party Defendants in proposed Amended Complaint would not relate back to the date of the original Complaint, they are barred by the applicable three-year statute of limitations. Accordingly, Plaintiff's Motion to Amend is futile and must be denied for that reason. That result may strike some as harsh since the Third-Party Defendants admittedly were well aware of their potential liability before expiration of the limitations period and they are already in this case on Simonazzi's third-party claims. However, Plaintiff's wound is self- inflicted. Plaintiff had ample time to assert direct claims against the Third-Party Defendants before the limitations period ran, and nothing in the rules permits this Court to ignore the statute of limitations in such circumstances.

II.

*3 For the foregoing reasons, Plaintiff's Motion to Amend the Plaintiff's Complaint [doc. # 72] is DENIED.

IT IS SO ORDERED.

D.Conn.,2005.

Gouveia v. Sig Simonazzi North America, Inc.
2005 WL 293506 (D.Conn.)

**Motions, Pleadings and Filings** (Back to top)

• 3:03CV00597 (Docket) (Apr. 02, 2003)

END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.