```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

..................................
                                          :
**RACHEL EGAN, LOYAL EGAN**                :
and **HADLEY MACPHERSON EGAN**             :
                                          :
      PLAINTIFFS                       :   NO.      301CVO1555 SRU
                                          :
VS.                                       :   DATE:    APRIL 5, 2005
                                          :
                                          :
**SALLY HODGDON**                          :
                                          :
      DEFENDANT                        :
..................................:


## OBJECTION OF THE DEFENDANT, SALLY HODGDON
## TO THE PLAINTIFFS' MOTION FOR CONSOLIDATION

    The defendant **SALLY HODGDON** objects to the plaintiffs' Motion for Consolidation dated March 15, 2005 to consolidate the above entitled matter with <u>Hadley MacPherson (Egan), et als v. Attorney John Berman, et al</u>, Docket No. 3:02CV1309SRU for the following reasons:

    1.    The plaintiffs Hadley MacPherson (Egan), Rachel Egan and Loyal Egan (the plaintiffs) filed an identical Motion for Consolidation on June 24, 2004 seeking to consolidate the

- 2 -

above entitled matter with <u>Hadley MacPherson (Egan), et als v. Attorney John Berman</u>, Docket No. 3:02CV1309SRU.

2. The Court by Order dated February 17, 2005 (Exhibit A) denied the plaintiffs' Motion for Consolidation dated June 24, 2004 on the grounds that:

> ...based on the Amended Complaints in these cases, both of which were filed on May 14, 2004, there do not appear to be sufficient parties or issues to warrant consolidation...

3. The "Law of the Case" doctrine precludes the court "to reopen what has been denied." See: <u>Wright v. Cayan</u>, 817 F.2d 999, 1002 n.3 (2d Cir), cert denied 484 US 853 (1987).

4. Although the plaintiffs seek to add The Communities Law Center, Inc., Attorney Sue Ann Shay and Attorney Jane Kinney-Knotek as defendants, in the Consolidated Amended Complaint, they are not proper defendants in this action for the following reasons:

   A. The Court at a status conference on April 9, 2003 denied the plaintiffs' Motion to Amend Complaint to

- 3 -

   add The Communities Law Center as a defendant on the grounds that the statute of limitations had already run (Exhibit B, April 9, 2003 transcript of status conference pp. 13-32) and therefore the plaintiffs are precluded from adding The Communities Law Center as a defendant;

B. At the status conference on April 9, 2003, the plaintiff, Hadley MacPherson, represented to the Court that the only attorney at The Communities Law Center whom she claimed was responsible for wrongdoing was the defendant, Hodgdon, (Exhibit B, pp. 17-18);

C. The plaintiffs have failed to satisfy the requirements of FRCP 15(c)(2) and 15(c)(3)(A) & (B) in regard to adding Attorney Shay and Attorney Kinney-Knotek as defendants and therefore Attorney Shay and Attorney Kinney-Knotek are not proper party defendants;

D. Any claims against Attorney Shay and Kinney-Knotek are barred by the three year statute of limitations

- 4 -

set forth in § 52-577 Conn. Gen. Stat. (Rev. 1958).

5. The plaintiffs in the Consolidated Amended Complaint seek to add two additional causes of action-conspiracy between the defendant, Hodgdon, proposed defendants, Shay and The Communities Law Center and the defendant, John Berman, et als and breach of fiduciary duty neither of which were alleged in the original complaint dated August 16, 2001 or in the May 14, 2004 Amended Complaint.

6. FRCP Rule 42(a) provides in pertinent part:
Consolidation-When actions involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any of the matters in issue in the action;

7. Hadley MacPherson Egan, et al v. Sally Hodgdon and Hadley MacPherson Egan, et al v. John Berman, et al do not involve common questions of law or fact:

    A. Hadley McPherson Egan v. Hodgdon involves claims by the plaintiffs, Rachel Egan and Loyal Egan against Hodgdon their court appointed attorney and guardian ad litem;

- 5 -

    B.   <u>Hadley MacPherson Egan v. John Berman, et al</u> involves claims by the plaintiffs against John Berman counsel for Paul Egan the husband of Hadley MacPherson Egan and the father of Rachel Egan and Loyal Egan.

8. To grant plaintiffs' Motion for Consolidation would result in undue delay, trial inconvenience and prejudice to the rights of the defendant, Sally Hodgdon, in regard to this action which has been pending against her in this court since August 16, 2001.

WHEREFORE, the defendant, Sally Hodgdon, respectfully requests the Court to deny the plaintiffs' Motion for Consolidation.

```
                              THE DEFENDANT
                              SALLY HODGDON



                              BY_____
                                 Edward Maum Sheehy
                                 WILLIAMS, COONEY & SHEEHY, LLP
                                 799 Silver Lane
                                 Trumbull, CT  06611-0753
                                 Tel. (203) 380-1741
                                 Fed. Bar #ct 04212
```

- 6 -

**ORDER**

_____So Ordered:


_____
                                    U.S. DISTRICT COURT JUDGE


**CERTIFICATION**

     This is to certify that a copy of the foregoing has been mailed, postage prepaid, on the date hereon to all counsel of record and pro se parties and the following:

Hadley MacPherson (Egan) Pro Se
P.O. Box 501
Lahaska, PA  18931

Hadley MacPherson (Egan) Pro Se
2015 Mackenzie Creek Drive
Charlotte, NC  28270

Loyal B. Egan
P.O. Box 501
Lahaska, PA  18931

Loyal B. Egan
2015 Mackenzie Creek Drive
Charlotte, NC  28270

Rachel J. Egan
P.O. Box 501
Lahaska, PA  18931

Rachel J. Egan
2015 Mackenzie Creek Drive
Charlotte, NC  28270


_____
Edward Maum Sheehy