# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

### AT BRIDGEPORT

HADLEY MACPHERSON (EGAN)

and

RACHEL EGAN

and

LOYAL EGAN

PLAINTIFFS

VS.

ATTORNEY SALLY HODGDON

and

THE COMMUNITIES' LAW CENTER

and

ATTORNEY JOHN BERMAN

and

NO. 3:01CV01555 SRU

NO. 3:02CV1309 SRU

APRIL 5, 2005

CIVIL ACTION

REQUEST FOR AN

ENLARGEMENT OF

TIME TO SERVE

TWO DEFENDANTS

**BERMAN, BOURNS & CURRIE, LLC**

and

**BERMAN, BOURNS, AARON & DEMBO, LLC**

and

**PAUL EGAN**

and

**ATTORNEY JANE KINNEY - KNOTEK**

and

**ATTORNEY SUE ANN SHAY**

and

**SISTERS OF SAINT (ST). JOSEPH**

and

**SISTERS OF MERCY**

and

**SISTER OF NOTRE DAME**

and

**DAUGHTERS OF THE HOLY SPIRIT**

DEFENDANTS

# REQUEST FOR ENLARGEMENT OF TIME

The plaintiff, Hadley Macpherson, and child plaintiffs, Rachel Egan and Loyal Egan, respectfully request an enlargement of time to perform Service of the Summons and Amended Complaint dated March 15, 2005 on two of the new additional defendants in this case.

On March 8, 2005, the plaintiffs filed a "Motion for Enlargement of Time to file their Amended Complaint" in both this case and the sister case of docket # 3:02CV1309, asking that they be given an additional five (5) days due to the child plaintiff, Rachel Egan's illness in Italy, and the death of Thomas Mehling.

Within that Motion, the plaintiffs further requested that if the date for the Amended Complaint were altered by five (5) days, that the date by which the defendants were to file their Answer or Pre-Answer Motion to the plaintiffs' Amended Complaint would also be moved back by an additional five (5) days also, as well as the date by which all additional or new parties were to be served.

On March 11, 2005, the Court granted the plaintiffs' March 8, 2005 "Motion for Enlargement of Time" in both this case of 3:01CV01555, and in the sister case of 3:02CV1309.

As a result, the date by which any and all additional parties in both of the two cases, were to be served a copy of the Summons and Amended Complaint was moved from the date of Thursday, March, 31, 2005, to the date of Tuesday, April 5, 2005.

On Wednesday, March 30, 2005, five out of the eight newly added defendants were served a copy of the plaintiffs' Summons and March 15, 2005, Amended Complaint.

For the defendant Berman, Bourns, Aaron & Dembo LLC, Attorney David Samuels, as their counsel, agreed to personally accept Service for them, and did so, in hand.

For the defendant, The Communities' Law Center, Attorney Sally Hodgdon, as President of the law firm, agreed to personally accept Service for them, and did so, in hand.

For the defendant, the Sisters of Saint (St.) Joseph, Sister Sally Hodgdon, as the Provincial Superior of the Continental United States chapters of the Sisters of Saint (St.) Joseph, agreed to accept Service for them, and did so, in hand.

For the defendant, the Sisters of Mercy, Sister Carmel Caputo, as the Financial Officer for the Connecticut chapters of the Sisters of Mercy, agreed to accept Service for them in the absence of the Provincial Superior Sister Eileen Dooling, and did so, in hand.

For the defendant, the Sisters of Notre Dame, Sister Patricia Chapell, as the Provincial Superior for the Connecticut chapters of the Sisters of Notre Dame, agreed to accept Service for them, and did so, in hand.

The above five defendants referred to as Berman, Bourns, Aaron & Dembo LLC; The Communities' Law Center; the Sisters of Saint (St.) Joseph, the Sisters of Mercy, and the Sisters of Notre Dame were all Served appropriately according to the terms provided for by Rule 4 of the Federal Rules of Civil Procedure.

Elizabeth Kasell, who is an indifferent person and non-party to both this case of 3:01CV01555 and the case of 3:02CV1309, and who is also a person well over the age of 21, performed the in hand Service on all five of the above named defendants, by pre-arranged appointments, on Wednesday, March 30, 2005.

2

The following day of Thursday, March 31, 2005, Elizabeth Kassell further then served the sixth new additional defendant, the Daughters of the Holy Spirit.

For the defendant, the Daughters of the Holy Spirit, Sister Jaqueline Robilliard, as the Provincial Superior for all United States chapters of the Daughters of the Holy Spirit, and as a previous member of the Board of Directors for The Communities' Law Center, agreed to accept Service for the defendant, the Daughters of the Holy Spirit. However, being unavailable to personally accept Service in hand due to her leaving the country for Peru, she designated her assistant Sister Claudette Huot as able to accept Service in her place, who then did so, in hand.

The two remaining new additional defendants however, known as the defendant, Attorney Sue Ann Shay and the defendant, Attorney Jane Kinney - Knotek have not, as of yet, been served, despite all diligent efforts of the plaintiffs to perform that Service.

The addresses for the defendants, Attorney Sue Ann Shay and Attorney Jane Kinney - Knotek are unable to be located.

As to the plaintiffs' attempt at Service on the defendant, Attorney Sue Ann Shay:

The Sister of Notre Dame, of which the defendant, Attorney Sue Ann Shay is a Sister of that Order, refuses to disclose the whereabouts or address of Sister Sue Ann Shay, or disclose whether or not she is living in their nunnery, and where that nunnery is located.

Though the defendant, Attorney Sue Ann Shay is still living in the Hartford area, and is an active member of many organizations in the Hartford area as can be evidenced by information on the Internet, there is however no home address or telephone number listed for the defendant, Attorney Sue Ann Shay, anywhere in the state of Connecticut, neither in the telephone directory, nor through the Internet.

3

The defendant, Attorney Sally Hodgdon,  as the President of The Communities' Law Center, was asked by the plaintiffs to accept Service for the defendant, Attorney Sue Ann Shay, due to the plaintiffs inability to locate her, and the fact that the defendant Sue Ann Shay was employed in the practice of law at the defendant law firm, The Communities' Law Center back, at the time of the events which are the subject of this suit.

The plaintiffs, before asking the defendant, Attorney Sally Hodgdon, to accept Service for the defendant, Attorney Sue Ann Shay, had already contacted the Statewide Grievance Committee, and learned that the last time the defendant, Attorney Sue Ann Shay registered with the Statewide Grievance Committee was on February 27, 2001, and at that time she registered as still practicing law at the defendant law firm, The Communities' Law Center.

The plaintiffs also learned from the Statewide Grievance Committee  that the defendant Attorney Sue Ann Shay was later suspended from the practice of law on June 17, 2003, after which she subsequently retired from the practice of law on November 24, 2003.

Therefore, the last known place where the defendant, Attorney Sue Ann Shay registered herself as practicing law was at the defendant, The Communities' Law Center.

The defendant, Attorney Sally Hodgon, however, refused to accept Service for the defendant, Attorney Sue Ann Shay, and gave as the reason for that refusal to be that the defendant, Attorney Sue Ann Shay had retired from the practice of law, and that according to the defendant, Attorney Sally Hodgdon, she had not been employed by the defendant law firm, The Communities' Law Center, since 2001, and that the defendant, Attorney Sally Hodgdon, therefore had no authority over her.

When asked to disclose the defendant, Attorney Sue Ann Shay's whereabouts or

4

address, the defendant, Attorney Sally Hodgdon, refused to answer the request, re-iterating her statement of having no authority as to the defendant, attorney Attorney Sue Shay.

As to the attempt at Service on the defendant, Attorney Jane Kinney - Knotek:

There is no home address or telephone number listed for the defendant, Jane Kinney - Knotek, anywhere in the state of Connecticut, neither in the telephone directory, nor through the internet.

The defendant, Attorney Sally Hodgdon,  as the President of The Communities' Law Center, was asked by the plaintiffs to accept Service for the defendant, Jane Kinney - Knotek, due to the plaintiffs inability to locate her, and the fact that the defendant Jane Kinney - Knotek was employed in the practice of law at the defendant law firm, The Communities' Law Center, back at the time of the events which are the subject of this suit.

The defendant, Attorney Sally Hodgon, however, refused to accept Service for the defendant, Attorney Jane Kinney - Knotek, and gave as the reason for that refusal to be that the defendant, Attorney Jane Kinney - Knotek, had left the defendant law firm, The Communities' Law Center, two or three years ago, that being sometime in 2002 or 2003, and that the defendant, Attorney Sally Hodgdon, therefore had no authority over her.

When asked to disclose the defendant, Attorney ~~Sue Ann Shay's~~ Jane Kinney Knotek (*sdn*) whereabouts or address, the defendant, Attorney Sally Hodgdon, refused to answer the request, re-iterating her statement of having no authority as to the defendant, attorney ~~Attorney Sue Shay.~~ Jane Kinney Knotek (*mm*)

According to the Statewide Grievance Committee, the defendant, Attorney Jane Kinney - Knotek, is currently registered as practicing law at Statewide Legal Services located at 425 Main Street in Middletown Connecticut.

The plaintiff, Hadley Macpherson, on the morning of March 30, 2005, phoned the

offices of Statewide Legal Services and asked if the defendant Attorney Jane Kinney - Knotek was in and available to speak to. The receptionist told the plaintiff that yes Attorney Jane Kinney - Knotek was in and available, and asked the plaintiff to give her name.

The plaintiff gave the receptionist both the name of Lisa Egan and Hadley Macpherson, as the defendant, Attorney Jane Kinney - Knotek would personally remember the plaintiff by from either of those two names from back when the events occurred which are the subject of this suit.

A few moments later, the receptionist returned to the telephone and hung up the telephone.

The plaintiff, Hadley Macpherson, phoned back the offices of Statewide Legal Services, and when the receptionist picked up the telephone, and the plaintiff asked again to speak to the defendant, Attorney Jane - Kinney Knotek, the receptionist told the plaintiff that the defendant, Attorney Jane Kinney - Knotek was unavailable.

When the plaintiff, Hadley Macpherson, asked the receptionist if she could leave a message on the defendant, Attorney Jane Kinney Knotek's voicemail, the receptionist said that she herself would take the message.

The plaintiff, Hadley Macpherson, then insisted that she be able to leave a message on the defendant, Attorney Jane Kinney - Knotek's voicemail, to which the receptionist then allowed the plaintiff to do so.

The plaintiff, Hadley Macpherson, then left an explicit message on the voicemail of the defendant, Attorney Jane - Kinney Knotek,

In the telephone message left on the defendant, Attorney Jane Kinney - Knotek's voicemail, the plaintiff identified herself, and informed the defendant, Attorney Jane Kinney -

6

Knotek, of this suit filed against her, and of the plaintiffs desire to serve the defendant, Attorney Jane Kinney - Knotek with a copy of the Summons and Amended Complaint.

The plaintiff left a phone number where she could be reached at on the defendant Attorney Jane Kinney - Knotek's voicemail, and twice repeated that phone number.

The plaintiff, Hadley Macpherson, explained in the voicemail that she needed the defendant, Attorney Jane  Kinney - Knotek to give her a home address at which she could be served a copy of the Summons and Complaint.

The plaintiff, Hadley Macpherson, explained in the voicemail that if the defendant, Attorney Jane Kinney - Knotek did not want to give out her home address, she could be served at the offices of Statewide Legal Services, if she gave a time to the plaintiff at which she could arrange to be served at those offices.

Though the plaintiff, Hadley Macpherson, left the above message on the voicemail of the defendant, Attorney Jane Kinney - Knotek, on that morning of March 30, 2005, the defendant, Attorney Jane - Kinney Knotek, however, still has not responded to that message in the now six days that have passed since that time.

The defendant, Attorney Jane Knotek, did not agree to be served, did not disclose her home address or telephone number, and did not set up an appointment by which the plaintiff could send a Marshall or indifferent person to Serve her at her at Statewide Legal Services.

By not responding, the defendant, Jane Kinney Knotek, is refusing to be served, and refusing to be politely served at the offices at Statewide Legal Services.

The plaintiff, Hadley Macpherson, does not wish to violate any law, and be accused of in any way doing anything inappropriate or harassing by sending an indifferent person, or Marshall to serve the defendant inside the offices of the Statewide Legal Services without the

7

defendant, Attorney Jane Kinney - Knotek's agreement and permission.

Further, without an appointment, the plaintiff cannot send an indifferent person, or Marshall to perform Service at the offices of Statewide Legal Services, as the defendant, Attorney Jane Kinney - Knotek, by nature of her being an Attorney, is often out of the office, and meeting up with her, even if she were not hostile to the meeting, would be a matter of luck, and would take numerous and possible countless trips to perform without an appointment to do so.

Further, the plaintiff has no photograph to give to the Marshall representing the defendant, Attorney Jane Kinney - Knotek, by which he could identify the defendant when she were to come out of the offices of the Statewide Legal Services, and would therefore be having to guess or accost innocent beings in an attempt to discern their identity, the likelihood of which would produce no good result as the defendant, Attorney Jane Kinney - Knotek, is not likely, given her desire to evade service to identity herself even if asked to.

Lastly, the defendant, Attorney Sally Hodgdon, when refusing to accept Service on behalf of the defendant, Attorney Jane Kinney Knotek, at 4:30 pm on the afternoon of Wednesday, March 30, 2005, told Elizabeth Kassel that she knew the plaintiff, Hadley Macpherson, had telephoned the defendant, Attorney Jane Kinney - Knotek earlier that same morning at the offices of Statewide Legal Services, and that therefore, the plaintiff knew that the defendant, Attorney Sally Hodgdon, no longer had any authority over the defendant, Attorney Jane Kinney - Knotek, as she was employed elsewhere.

That statement made by the defendant, Attorney Sally Hodgdon, at 4:30 pm on Wednesday, March 30, 2005, belies the fact that the defendant, Attorney Jane Kinney - Knotek received the voicemail message left by the plaintiff that same morning, that she now

8

knew and acknowledged she was being sued by the plaintiffs, that she phoned the defendant, Attorney Sally Hodgdon, that the defendant, Attorney Sally Hodgdon knew her whereabouts, that the defendant, Attorney Sally Hodgdon, was refusing to disclose those whereabouts to protect the financial interest of the defendant, The Communities' Law Center, and that the defendant, Attorney Sally Hodgdon agreed to aid the defendant, Attorney Jane Kinney - Knotek in evading Service.

An Affidavit attesting to the statements referred to above by the defendant, Attorney Sally Hodgdon, when accepting Service for The Communities' Law Center and the Sisters of Saint (St.) Joseph, and refusing to accept Service for the defendants, Attorney Jane Kinney - Knotek and Attorney Sue Ann Shay, is attached to this Motion as an Exhibit. [Exhibit A]

Tomorrow is the Court imposed deadline date for Service of all new additional defendants in this case, that date being Tuesday, April 5, 2005.

The defendants, Attorney Sue Ann Shay, and Attorney Jane Kinney - Knotek, were well aware of this lawsuit having been filed on August 16, 2001 back when both attorneys were still employed at the defendant law firm, The Communities' Law Center, in 2001.

Further, the defendant, Attorney Sue Ann Shay, and the defendant, Attorney Jane Knotek, were aware of the events that form the basis for this suit back when those events occurred.

The plaintiff attaches as an Exhibit to this Motion, a letter sent by the defendant, Attorney Sally Hodgdon, to the plaintiff, Hadley Macpherson, (a.k.a. Lisa Egan), back on February 22, 2001, a letter drafted and mailed after the defendant, Attorney Sally Hodgdon, knew that the child plaintiffs, Rachel Egan and Loyal Egan, and the plaintiff, Lisa Egan, were refusing to have any further contact with her or her firm. [Exhibit B]

In a telephone conversation had on January 12, 2001, only five weeks earlier, the plaintiff, Lisa Egan, had told the defendant, Attorney Sally Hodgdon that she was not going to allow any more access to the child plaintiff, Loyal Egan, as a result of the defendant, Attorney Sally Hodgdon, having during that same phone call, just used Religion and the threat of displeasing God to force the child plaintiff Loyal Egan, then eleven years old, to go with his father who had thrown at ax at him from 25 feet, and who he now was afraid of.

Further, on January 16, 2001, only four day later, the child plaintiff, Rachel Egan, then 16 years old, also left a telephone message on the defendant, Attorney Sally Hodgdon's voicemail at the Communities' Law Center, informing the defendant, Attorney Sally Hodgdon, that she herself also no longer wanted anything to do with the defendant, Attorney Sally Hodgdon.

The child plaintiff, Rachel Egan, had just learned that the defendant, Attorney Sally Hodgdon, had lied when illegitimately threatening her with Emancipation in order to get her to give up the protection of her Restraining Orders and resume visitation with her father, and that the defendant, Attorney Sally Hodgdon was also now threatening to force the family to move back to Connecticut because the child plaintiff, Loyal Egan, out of fear for his life, would not go on visitation with his father the defendant, Paul Egan.

Therefore, the letter written by the defendant, Attorney Sally Hodgdon, and mailed to the plaintiff, Hadley Macpherson, one month later, on February 22, 2001, was written at a time when the allegations which are the subject of this suit had already been made known of to the defendant, Attorney Sally Hodgdon, and at a time when the two defendants known as Attorney Jane Kinney - Knotek, and Attorney Sue Ann Shay whose names were on the letterhead, were still working at The Communities' Law Center.

10

Further still, six months later, on August 16, 2001, on the day that this lawsuit, docket # 3:01CV01555 was filed at the District Courtt, the plaintiff, Lisa Egan, later stood in the courtroom of Judge John Caruso, and in the presence of the defendant, Attorney Sally Hodgdon, the defendant, Attorney John Berman, and the defendant Paul Egan, informed the defendant, Attorney Sally Hodgdon, of the existence of this lawsuit.

During that Hearing on August 16, 2001 held at the Superior Courthouse at 95 Washington Street, both inside the courtroom during a recess, and outside in the hall after the Hearing, in the presence of witnesses, the plaintiff, Lisa Egan, apprised the defendant, Attorney Sally Hodgdon, of the plaintiffs reasons behind the lawsuit, and the allegations being made.

Four days later, on August 22, 2001, the defendant, Attorney Sally Hodgdon telephoned the plaintiff, Lisa Egan, at her home in Pennsylvania, asking the plaintiff to drop the lawsuit filed in Federal Court, by offering to waive both her own, and The Communities' Law Center's fees in exchange for the plaintiffs dropping the lawsuit.

During that telephone call made to the plaintiff in Pennsylvania on August 22 2001, the defendant, Attorney Sally Hodgdon, told the plaintiff that she had discussed the situation with the defendant, Attorney Sue Ann Shay, and the defendant, Jane Kinney - Knotek, and told the plaintiff that they had jointly agreed to offer that The Communities' Law Center would forgive and wipe away the plaintiffs debt if the plaintiffs would withdraw their lawsuit.

Therefore, back on August 22, 2001, the defendant, Attorney Sue Ann Shay, and the defendant, Attorney Jane Kinney - Knotek, had full knowledge of the lawsuit filed against the defendant, Attorney Sally Hodgdon, and the defendant, The Communities' Law Center, the

nature and basis of that lawsuit, and in fact themselves were negotiating on behalf of their own interests and the interests of the defendant law firm, The Communities' Law Center.

As to the defendants', Attorney Jane Kinney - Knotek and Attorney Sue Ann Shay's personal acquaintance with the plaintiff, Hadley Macpherson and her children, the child plaintiffs, Rachel Egan and Loyal Egan, the plaintiff offers the following:

The defendants, Attorney Sue Ann Shay, and the defendant, Attorney Jane Kinney - Knotek, knew the plaintiff pro se personally, and her children, as the pro se plaintiff throughout those years of 1999 through 2001 often hand delivered Motions to the small office known as  The Communities' Law Center, an office made up of four small rooms off a central area, and often left those Motions with the defendant, Attorney Jane Kinney - Knotek, and Attorney Sue Ann Shay, or with the secretary in their presence.

The defendants, Attorney Jane Kinney - Knotek  and Attorney Sue Ann Shay on many occasions saw the pro se plaintiff sitting and  waiting for long periods of time next to the secretary at  The Communities' Law Center, since the plaintiff had driven up from Pennsylvania and could not easily come back to wait to meet up with the defendant, Attorney Sally Hodgdon, again, during which time the plaintiff, Lisa Egan, often spoke to them, asking when it was that the defendant, Attorney Sally Hodgdon, would finally return, or return her phone calls.

Finally, as The Communities' Law Center was a very small law firm, there was only one secretary who answered the telephone on a daily basis, and whenever she was out, the attorneys themselves would often pick up the telephone when it rang.

The plaintiff, Lisa Egan, from 1999 through 2001, as a result of the events which are the subject of this suit, made countless phone calls to the defendant, Attorney Sally Hodgdon

over those years in an attempt to get protection for her son, the child plaintiff, Loyal Egan, and on many of those occasions, both Attorney Jane Kinney - Knotek and Attorney Sue Ann Shay, picked up the telephone themselves, and spoke directly with the plaintiff, Lisa Egan.

Finally, on those occasions that the defendant, Attorney Jane Kinney - Knotek, and the defendant, Attorney Sue Ann Shay would pick up the telephone, they often spared no expense in uttering their displeasure at the plaintiff telephoning again in an effort to attempt to reach the defendant, Attorney Sally Hodgdon, and on one occasion in particular went so far as stating -- "Oh, Jesus Christ" upon hearing the plaintiff, Lisa Egan, state her name, an utterance which was shocking on several levels, and which displayed obvious animosity given the complete lack of professionalism by the words uttered, and the dichotomy presented by the vocation of the person uttering them.

This lawsuit was filed on August 16, 2001.

The defendant, The Communities' Law Center, applied for a $75,000 grant from The Hartford Foundation for Public Giving in November of 2001, on behalf of the defendants, Attorney Sue Ann Shay, Attorney Jane Kinney - Knotek, and Attorney Sally Hodgdon.

The defendant, The Communities' Law Center received that grant of $75,000 on January 17, 2002 for salaries of the three defendant attorneys named in this lawsuit.

The defendant, Attorney Sue Ann Shay, according to both the defendant, Attorney Sally Hodgdon, and the Statewide Grievance Committee, was practicing law at The Communities' Law Center until the beginning of 2002.

The defendant, Attorney Jane Kinney - Knotek, according to the defendant, Attorney Sally Hodgdon, was practicing law at The Communities' Law Center until the spring of 2002.

Therefore, the defendants, Attorney Sue Ann Shay and Jane Kinney - Knotek, cannot

13

make the claim that they have no knowledge of the plaintiffs, no knowledge of the issues surrounding this suit, no knowledge of the events which are the subject of this suit, or that they had no personal acquaintance with the plaintiff at the time of the events which are the subject of this suit.

The defendants, Attorney Sue Ann Shay and Attorney Jane Kinney -Knotek, are merely trying to evade Service, and the defendants, Attorney Sally Hodgdon, The Communities' Law Center, and the Sisters of Notre Dame, are merely aiding them in that evasion.

The plaintiffs contend that they should not be thwarted in their attempt to perform Service merely because the defendant, The Communities' Law Center, which now has no attorneys in its employ but the defendant, Attorney Sally Hodgdon herself, are deft, by the nature of their careers and vocations, at evading it.

The plaintiffs further contend that the defendant, Attorney Jane Kinney - Knotek, by her having contacted the defendant, Attorney Sally Hodgedon on March 30, 2005 after receiving the plaintiff, Hadley Macpherson's voicemail message at her office at Statewide Legal Services that morning, has already received constructive Notice of this lawsuit, and has chosen to ignore that Notice.

The plaintiffs further contend that the defendant, Attorney Sue Ann Shay, as a nun in the Order of the Sisters of Notre Dame, and living in a nunnery whose whereabouts and location the defendant, the Sisters of Notre Dame refuses to disclose to the plaintiffs, it can be presumed has received  constructive Notice from the Provincial Superior Patricia Chapell of the nature of this lawsuit filed against her, as the Provincial Superior Patricia Chapell herself received Service of the Summons and Amended Complaint for the defendant, the

14

Sisters of Notre Dame, in hand, on March 30, 2005.

The plaintiffs lastly contend that the defendant, Attorney Sally Hodgdon, by her holding the office of President of the defendant, The Communities' Law Center, has authority to receive Service on behalf of the defendant, Attorney Sue Ann Shay and the defendant, Attorney Jane Kinney - Knotek, as those attorneys were previously in the employ of The Communities' Law Center until the law firm effectively shut its doors in early 2002.

Closing shop, taking no clients, and releasing its attorneys from its employment, does not release the defendant law firm, The Communities' Law Center from its authority over or liability for, those attorneys previously in its employ.

Further, though the defendant, Attorney Sally Hodgdon, was asked several times over the telephone by the plaintiff, Hadley Macpherson, if she would agree to a Waiver of Service Fees, the defendant, Attorney Sally Hodgdon, repeatedly stated that she would absolutely not agree to any Request for Waiver of Service of Fees for the defendant, The Communities' Law Center, of which she is the President, or the defendant, The Sisters of Saint (St.) Joseph, of which she is the Provincial Superior for all chapters in the Continental United States.

Even if the plaintiffs had wanted to attempt to mail the defendant, Attorney Sally Hodgdon, or any of the other defendants a Request for Waiver of Service Fees, there would not have been time for the plaintiffs to receive an answer to that request before the deadline for Service would run out on April 5, 2005.

As a result, the cost of serving each of the eight new additional defendants, without a Waiver of Service Fees, would have been roughly $300 a piece, given the price of a dollar a page for each page of every document, and would be roughly $2400 that the plaintiffs would have had to pay in order to serve the eight additional defendants by April 5, 2005.

15

Unable to bear that cost, the plaintiffs used an indifferent person over the age of 21, that being Elizabeth Kassel of 88 New Road, in Avon Connecticut to perform the service, and whose Affidavit of Service is attached to this Motion as an Exhibit.

However, if the defendant, Attorney Sue Ann Shay and the defendant, Attorney Jane Kinney -Knotek were eventually to be located, given their refusal to make their whereabouts known despite inquiry, their desire to evade service, and the inability of the plaintiffs to have the time to mail them a Request for Waiver of Service Fees due to the deadline imposed, the plaintiffs would therefore be forced to use a Marshal and spend at the very least $600 trying to serve them, a fee which if the attempt continued to be thwarted, would make that dollar number quickly become higher at each failed attempt.

The plaintiffs contend that such a financial burden should be deemed at this point unnecessary, given the identity and positions of authority of the defendant, Attorney Sally Hodgdon, the defendant, The Communities' Law Center, and the defendant, the Sisters of Notre Dame, who having already been served, that service performed has induced the presumption that arises from that service, that they in turn have notified the defendant, Attorney Jane Kinney - Knotek, and Attorney Sue Ann Shay, due to their connection to those individuals, and due to their authority over them.

The plaintiffs made every effort to fulfill the Service requirements in the time allotted by this Court, and believe that the circumstances presented above allow for an Enlargement of Time under Rule 4 (m), in that the obstacles preventing the plaintiffs from being able to perform Service on the two remaining new additional defendants, were not of their making, were beyond their control, and were placed their by the two defendants, aided by their co-defendants, all in an attempt to evade Service being made upon them.

**Wherefore,** the plaintiffs, Hadley Macpherson, Rachel Egan, and Loyal, respectfully request an Enlargement of Time to Serve the two defendants, and that the previous deadline date of Tuesday, April 5, 2005, be moved to any date the Court should choose as adequate to prevent manifest injustice to either the plaintiffs or the defendants, in order to allow the plaintiffs an opportunity to continue to search for the whereabouts of the two defendants, and that an Order for Service by Publication be granted under 28 U.S.C.A. § 1655, and time alotted to allow the Hartford Courant to print the Legal Public Notice to the defendants, Attorney Sue Ann Shay and Attorney Jane Knotek, and in order to allow the two defendants adequate opportunity to receive that Public Notice.

The plaintiffs further respectfully requests that after the date of the Court's choosing, that the defendant, Attorney Sue Ann Shay, and the defendant, Attorney Jane Kinney - Knotek, be deemed by this Court as having been constructively served Notice of this lawsuit, and that any Answer deadline as to those defendants, runs from whatever date the Court should choose as the defendants having received constructive or adequate Notice of this lawsuit.

Respectfully

Rachel Egan

Loyal Egan

Hadley Macpherson

2015 McKenzie Creek Dr

Charlotte, PA 28270

17

# **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed this day of

April 5, 2005, Attorney James Wade and Attorney David Samuels of Robinson & Cole, at

280 Trumbull Street, Hartford CT 06103 - 3597, The Communities' Law Center, 27 Park

Road, West Hartford, CT, 06119, the Sisters of St. Joseph, 27 Park Road, West Hartford, CT.

06119, the Sisters of Mercy, 249 Steele Road, West Hartford, CT. 06117, the Sisters of Notre

Dame, 468 Poquonock Avenue, Windsor, CT 06095, the Daughters of the Holy Spirit, 72

Church Street, Putnam, CT, Paul Egan at P.O. Box 83 in Centerbrook CT 07409, and to Sue

Ann Shay and Attorney Jane Kinne - Knotek at the Clerks Office at the United States District

Court located at 915 Lafayette Boulevard, Bridgeport, CT 06604.


Rachel Egan
Rachel Egan

Loyal Egan

Plaintiff Pro Se

Hadley Macpherson
Hadley Macpherson
2015 McKenzie Creek Dr
Charlotte, NC  28270
(704) 675 - 5252

# **Order for Service by Publication**

## [ 28 U.S.C.A. § 1655 ]

United State District Court District of Connecticut

At Bridgeport

---

Docket # 3:01CV01555 and # 3:02CV1309

---

Hadley Macpherson; Rachel Egan; Loyal Egan

V.

Attorney John Berman;  Berman, Bourns, Currie LLC;

Berman, Bourns, Aaron & Dembo LLC;  Paul Egan;

The Communties' Law Center; Attorney Sally Hodgdon;

Attorney Sue Ann Shay; Attorney Jane Kinney - Knotek;

Sisters of Saint Joseph; Sisters of Mercy; Sisters of Notre Dame;

Daughters of the Holy Spirit

On plaintiff's motion, and it appearing to the court that the defendant, Attorney Sue Ann Shay, having not voluntarily appeared in this action, and that personal service on the

defendant, Sue Ann Shay is not practicable because the defendant's residence and whereabouts are unknown, it is

Ordered that Attorney Sue Ann Shay, defendant, appear, or plead to the complaint herein by _____ , and in default thereof that the court will proceed to the hearing and adjudication of this suit as if the Attorney Sue Ann Shay had been served with process in the State of Connecticut.

On plaintiff's motion, and also it appearing to the court that the defendant, Attorney Jane Kinney - Knotek, having not voluntarily appeared in this action, and that personal service on the defendant, Jane Kinney - Knotek, is not practicable because the defendant's residence and whereabouts are unknown, it is

Ordered that Attorney Jane Kinney - Knotek, defendant, appear, or plead to the complaint herein by _____ , and in default thereof that the court will proceed to the hearing and adjudication of this suit as if the Attorney Jane Kinney - Knotek had been served with process in the State of Connecticut.

It is further ordered that this order be published in the newspaper known as The Hartford Courant, a daily newspaper, published at 285 Broad Street, in Hartford, in the County of Hartford, in Connecticut, at least once a week for _____ consecutive weeks.


Dated: _____


_____

Hon. Stefan R. Underhill

United States District Judge

*The Communities' Law Center*
*141 Washington Street*
*Hartford, CT 06106*
*Telephone: (860) 246-4427*
*Fax: (860) 246-4503*

*Sally M. Hodgdon, CSJ*
*Attorney at Law*

*Jane Kinney Knotek*
*Attorney at Law*

*Linda F. Pepe, CSJ*
*Paralegal*

*Sue Ann Shay, SND*
*Attorney at Law*


February 22, 2001


Ms. Hadley McPherson  (a.k.a. Lisa Egan)
P.O. ox501
Lahaska, PA  18931

**RE: Egan  vs  Egan**


Dear Ms. McPherson:

It has been brought to my attention that you have been in noncompliance with the court order to pay The Communities' Law Center $100 per month on your bill for my legal services in the above mentioned case. Our records indicate you have not paid The Communities' Law Center since February of 2000. I understand that over the course of these 12 months, you were having medical problems at various times. However, as you must realize, we cannot meet our monthly bills without out budgeted income and cash flow.

Therefore, I am compelled to inform you that unless you resume the court ordered payment with the bill you will receive in March, I will have no choice but to file a Motion For Contempt and bring you back into court. Should this action become necessary, I will be seeking additional fees for the cost of preparing and serving the motion.

Please consider resuming your court ordered payment, so that further court action becomes unnecessary. Should you desire further discussion regarding payment of your bill, you can take it up with our executive administrator.

Very truly yours,

Sally M. Hodgdon, CSJ