UNITED STATES DISTRICT COURT **FILED**

DISTRICT OF CONNECTICUT   2005 APR -6  P 4:01

U.S. DISTRICT COURT
BRIDGEPORT, CONN

AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | NO. 3:01CV01555 SRU |
| and | NO. 3:02CV1309 SRU |
| RACHEL EGAN | |
| and | APRIL 6, 2005 |
| LOYAL EGAN | |
| PLAINTIFFS | |
| | |
| VS. | CIVIL ACTION |
| | |
| ATTORNEY SALLY HODGDON | |
| and | |
| THE COMMUNTIES' LAW CENTER | AFFIDAVIT OF |
| and | PLAINTIFF |
| ATTORNEY JOHN BERMAN | HADLEY |
| and | MACPHERSON |
| BERMAN, BOURNS & CURRIE, LLC | |
| and | |

**BERMAN, BOURNS, AARON & DEMBO, LLC**

    and

**PAUL EGAN**

    and

**ATTORNEY JANE KINNEY – KNOTEK**

    and

**ATTORNEY SUE ANN SHAY**

    and

**SISTERS OF SAINT (ST.) JOSEPH**

    and

**SISTERS OF MERCY**

    and

**SISTERS OF NOTRE DAME**

    and

**DAUGHTERS OF THE HOLY SPIRIT**

    DEFENDANTS

## **AFFIDAVIT OF PLAINTIFF HADLEY MACPHERSON**

1. My name is Hadley Macpherson.

2. I live at 2015 McKenzie Creek Drive, in Charlotte, North Carolina, 28270.

3. On the morning of Tuesday, March 29, 2005, I phoned Attorney Sister Sally Hodgdon, at 27 Park Road in West Hartford, which is both the location of the headquarters for the Sisters of Saint Joseph, and the firm, The Communities' Law Center.

4. During that phone call on Tuesday, March 29, 2005, I asked Attorney Sister Sally Hodgdon if she would agree to accept Service for the defendant, The Communities' Law Center, and the defendant, the Sisters of Saint (St.) Joseph.

5. During that phone call, on Tuesday, March 29, 2005, Attorney Sally Hodgdon, as President of The Communities' Law Center, agreed over the telephone to accept service for the defendant, The Communities' Law Center, and made an appointment for the following day, that being Wednesday, March 30, 2005, at 4:30 pm, by which to do so.

6. During that same phone call, on Tuesday, March 29, 2005, Attorney Sister Sally Hodgdon, as Provincial Superior of all Continental United States chapters of the Sisters of Saint (St.) Joseph, also agreed over the telephone to accept service for the defendant, the Sisters of Saint (St.) Joseph, and made an appointment for the following day, that being Wednesday, March 30, 2005, at 4:30 pm, by which to do so.

/

7. During that same telephone call had between myself Sally Hodgdon, I asked Attorney Sister Sally Hodgdon, several times, if she would agree to a Request for a Waiver of Service Fees , so that I could avoid the expense incurred by the use of a Marshall.

8. Attorney Sister Sally Hodgdon told me each time I asked, that she would absolutely <u>not</u> agree to any Waiver of the Service Fees.

9. After I hung up with Attorney Sister Sally Hodgdon, I phoned back later that same morning of Tuesday, March 29, 2005, and asked to speak to Attorney Sister Sally Hodgdon again, to which I was told she was unavailable.

10. I then asked to be able to leave a message on Attorney Sister Sally Hodgdon's voicemail, to which I then did.

11. In that voicemail message left on Attorney Sally Hodgdon's voicemail on Tuesday, March 29, 2005, I told the defendant Attorney Sally Hodgdon, that I was calling back about serving the Summons and Amended Complaints meant for the defendant, Attorney Sue Ann Shay, and Attorney Jane Kinney Knotek, on the defendant, Attorney Sally Hodgdon, as she was the President of The Communities' Law Center, and I believed she were able to accept service for them.

12. Having been unable to locate the whereabouts of the defendant, Attorney Jane Kinney – Knotek, as well as the defendant, Attorney Sue Ann Shay, I told the defendant, Attorney Sally Hodgdon, that I was having the person making Service on her for The Communities' Law Center, and the Sisters of Saint (St.) Joseph, also serve her at the

same time, a Summons and Amended Complaint for the defendant, Sister Sue Ann Shay, and the defendant, Attorney Jane Kinney – Knotek.

13. At no time during the rest of that day of Tuesday, March 29, 2005, or the following day of Wednesday, March 30, 2005, did the defendant Attorney Sally Hodgdon return my phone call to give me an answer as to whether she would accept the Service for the defendant, Attorney Sue Ann Shay and the defendant, Attorney Jane Kinney – Knotek.

14. On Wednesday, March 30, 2005, I led the disinterested person, known as Elizabeth Kassel, to 27 Park Road in West Hartford, Connecticut, where after parking her own car, she went inside to serve Attorney Sister Sally Hodgdon, the Summonses and Amended Complaints for the defendant, the Communities' Law Center, the Sisters of Saint (St.) Joseph, Attorney Sue Ann Shay, and Attorney Jane Kinney - Knotek.

15. When Elizabeth Kassel retuned from performing Service, she told me that the defendant, Attorney Sally Hodgdon had refused to accept Service for the defendants known as Attorney Sue Ann Shay and Attorney Jane Kinney – Knotek.

16. Elizabeth Kassel told me that the reason given by the defendant, Attorney Sally Hodgdon for her refusal to accept Service for the defendant, Attorney Sue Ann Shay was that she, Attorney Sally Hodgdon, no longer had any authority over the defendant, Attorney Sue Ann Shay, due to the fact that the defendant, Attorney Sue Ann Shay had stopped working at The Communities' Law Center in 2001, and that she had retired from the practice of law.

17. Elizabeth Kassel told me that the reason given by the defendant, Attorney Sally Hodgdon for her refusal to accept Service for the defendant, Attorney Jane Kinney -

Knotek was that she, Attorney Sally Hodgdon, no longer had any authority over the defendant, Attorney Jane Kinney - Knotek, due to the fact that the defendant, Attorney Jane Kinney - Knotek had stopped working at The Communities' Law Center two or three years ago.

18. Elizabeth Kassel told me that the defendant, Attorney Sally Hodgdon, told her that I had already spoken to the defendant, Attorney Jane Kinney – Knotek over the telephone.

19. Elizabeth Kassel told me that she asked the defendant, Attorney Sally Hodgdon, if she knew the whereabouts or addresses of either the defendant, Attorney Jane Kinney – Knotek, or the defendant, Attorney Sue Ann Shay, to which the defendant, Attorney Sally Hodgdon would not respond or answer, but only continued to say that she had nothing to do with those individuals and had no authority as to them.

20. On March 28, 2005, I telephoned Attorney David Samuels, at his office at Robinson & Cole, located at 280 Trumbull Street, in Hartford.

21. During that phone call on March 28, 2005, I asked Attorney David Samuels if he 22.would agree to accept Service for the defendant, Berman, Bourns, Aaron & Dembo, LLC.

22. During that phone call on March 28, 2005, Attorney David Samuels stated that he would have to check with the partners Aaron and Dembo to see if they agreed to be represented by Robinson & Cole, and asked me to phone him back the following day after 2:30.

23. During that phone call on March 28, 2005, I asked Attorney David Samuels, if he would agree to a Waiver of the Services Fees, to which he said that yes he would.

24. On March 29, 2005, I telephoned Attorney David Samuels back at 2:40 pm, at his office at Robinson & Cole, at 280 Trumbull Street, in Hartford.

25. During that phone call, on March 29, 2005, Attorney David Samuels agreed over the telephone to accept service for the defendant, Berman, Bourns, Aaron & Dembo, LLC, and further agreed that if he were unavailable at the time Service was attempted at Robinson & Cole, that his Assistant at Robinson & Cole, Ms. Zupp, would accept that Service in his place for the defendant, Berman, Bourns, Aaron & Dembo, LLC.

26. On March 30, 2005, I led the disinterested person, known as Elizabeth Kassel, to 280 Trumbull Street in Hartford, Connecticut, where after parking her own car, she went inside to serve Attorney David Samuels the Summons and Amended Complaint for the defendant, Berman, Bourns, Aaron, and Dembo, LLC.

27. On the morning of March 29, 2005, I telephoned the Sisters of Mercy, located at 249 Steele Road West Hartford.

28. During that phone on March 29, 2005, I asked Sister Carmel Caputo if she, as the Financial Officer of the Connecticut chapters of the Sisters of Mercy, were able to accept Service for the defendant, the Sisters of Mercy, or if she were able to accept Service in place of, and on behalf of, Sister Eileen Dooling, the Provincial Superior of all Connecticut Chapters of the Sisters of Mercy.

29. During that phone call, on March 29, 2005, Sister Carmel Caputo, as Financial Officer for the Sisters of Mercy, and on behalf of the Provincial Superior Sister Eileen Dooling, agreed over the telephone to accept Service for the defendant, the Sisters Mercy, and told me that she would be available to accept that Service on the following day of March 30, 2005, between the hours of 9:00 and 4:00 pm.

5

30. After I hung up, I called back shortly later, and asked if the defendant, Attorney Sister Sue Ann Shay were living in the nunnery, or if the defendants, the Sisters of Mercy could tell me of her whereabouts.

31. I was told that they, the defendants, the Sisters of Mercy, would not give out any information as to the whereabouts or address of the defendant, Attorney Sister Sue Ann Shay.

32. On March 30, 2005, I led the disinterested person, known as Elizabeth Kassel, to 249 Steele in West Hartford, where after parking her own car, she went inside to serve Sister Carmel Caputo, the Summons and Amended Complaint for the defendant, the Sisters of Mercy.

33. On the morning of March 29, 2005, I telephoned the Sisters of Notre Dame, at 468 Poquonock Avenue, in Windsor Connecticut.

34. During that phone call on March 29, 2005, I asked Sister Louise Madeau if she would accept Service for the defendant, the Sisters of Notre Dame.

35. During that phone call, on March 29, 2005, Sister Louise Madeau, as Provincial Superior of all Connecticut Chapters of the Sisters of Notre Dame, agreed over the telephone to accept service for the defendant, the Sisters of Notre Dame, and stated that she would be available the following day, that being March 30, 2005, between the hours of 9:00 and 2:00 pm, to do so.

36. During that phone call on March 29, 2005, Provincial Superior Sister Lousie Madeau also told me that if she were unavailable, the Provincial Superior Sister Patricia Chapell, who is also the Provincial Superior for all Connecticut chapters of the Sisters

6

of Notre Dame, also would accept Service for the defendants, the Sisters of Notre Dame on March 30, 2005.

37. On March 30, 2005, I led the disinterested person, known as Elizabeth Kassel, to 468 Poquonock Avenue in Windsor, Connecticut, where after parking her own car, she went inside to serve Sister Patricia Chapell, the Summons and Amended Complaint for the defendant, the Sisters of Notre Dame.

38. On March 29, 2005, I telephoned the Daughters of the Holy Spirit, at 72 Church Street in Putnam Connecticut.

39. During that phone call, on March 29, 2005, I asked Sister Jacqueline Robilliard, if she would agree to accept Service for the defendant, the Daughters of the Holy Spirit.

40. During that phone call, on March 29, 2005, Sister Jacqueline Robilliard, as Provincial Superior of all United States chapters of the Daughters of the Holy Spirit, agreed over the telephone to accept service for the defendant, the Daughters of the Holy Spirit, but informed me that she was leaving the country for Peru and would be unavailable after March 30, 2005.

41. During that phone call, on March 29, 2005, Provincial Superior Sister Jacqueline Robilliard told me that her Assistant, Sister Claudette Huot, would be able and available to accept service in her place, if I were not able to have Service made prior to her leaving for Peru.

42. On March 31, 2005, I led the disinterested person, known as Elizabeth Kassel, to 72 Church Street in Putnam, Connecticut, where after parking her own car, she went inside to serve Sister Claudette Huot, the Summons and Amended Complaint for the defendant, the Daughters of the Holy Spirit.

42. I was unable to ever serve the remaining defendants known as the defendant, Attorney Jane Kinney – Knotek and the defendant, Attorney Sue Ann Shay.

43. I have been unable to locate a home address or home telephone number for the defendant, Attorney Jane Kinney – Knotek, or the defendant, Attorney Sue Ann Shay.

44. On March 29, 2005, I did learn from the Statewide Grievance Committee, that the defendant, Attorney Jane Kinney – Knotek is registered as practicing law at Statewide Legal Services in Middletown Connecticut.

45. On March 30, 2005, I telephoned the defendant, Attorney Jane Kinney – Knotek at Statewide Legal Services located at 425 Main Street in Middletown Connecticut.

46. During that phone call I spoke to the receptionist, and asked if Attorney Jane Kinney – Knotek was in, and were available, and if I could please speak to her.

47. The receptionist told me that Attorney Jane Kinney – Knotek was in, was available, and asked me to state my namel.

48. I told the receptionist that my name was Hadley Macpherson, but that Attorney Jane Kinney – Knotek would know me best by the name of Lisa Egan.

49. The receptionist put me on hold, and when she returned to the phone, she hung up.

50. I immediately telephoned back the office of Statewide Legal Services, and got the receptionist again.

51. I again asked the receptionist if I could please speak to Attorney Jane Kinney – Knotek, to which I was immediately told she was not available.

52. I then asked if I could leave Attorney Jane Kinney – Knotek a message on her voicemail, to which the receptionist stated that I could leave the message with her instead.

53. I then asked to please be able to leave my message on Attorney Jane Kinney – Knotek's voicemail, to which the receptionist then let me.

54. Attorney Jane Kinney – Knotek's voicemail identified herself as Jane Kinney – Knotek, so I knew I had the right voicemail box.

55. I then left an extensive message on the defendant, Attorney Jane Kinney – Knotek's voicemail.

56. I told the defendant, Attorney Jane Kinney – Knotek, who I was, and that my phonecall was in regards to the lawsuit involving her and The Communities' Law Center.

57. I told the defendant, Attorney Jane Kinney – Knotek, that I had a Summons and Amended Complaint which I needed to have Served on her.
I told the defendant, Attorney Jane Kinney Knotek, that I could not find a home address for her, or a home telephone number, and therefore did not know where to have her served.

58. I told the defendant, Attorney Jane Kinney – Knotek, that I needed her to contact me and tell me her address, so that Service could be made upon her.

59. I told the defendant, Attorney Jane Kinney – Knotek, that I did not want to have to make Service upon her at the offices of Statewide Legal Services, but that if she preferred me to Serve her there, she would need to set up a time at which that could occur, given the fact that her schedule as an Attorney would not place her in the offices at all times, and that the process server, whether Marshall, or indifferent person, would have no idea who she was.

9

60. I asked the defendant, Attorney Jane Kinney – Knotek, that I also wanted to know if she would agree to a Waiver of Service Fees.

61. I stated my telephone number twice during the voicemail message, and that number was my cell phone number, a number at which the defendant, Attorney Jane Kinney – Knotek could immediately reach me at any time.

62. At no time during the rest of Wednesday, March 30, 2005, nor at any time since, has the defendant, Attorney Jane Kinney – Knotek, ever returned my phonecall, or in any way responded to my request for her address so that she would be properly Served her copy of the Summons and Amended Complaint.

63. On April 6, 2005, Elizabeth Kassel, signed her Affidavit in the presence of a Notary in Farmington, Connecticut, attesting to the service of the six defendants she served, the time and date of that service, the manner of that service, and the statements told to her by the defendant, Attorney Sally Hodgdon.

64. After I had already left Elizabeth Kassel up in Farmington to bring her Affidavit down to the Bridgport District Courthouse, I realized that Elizabeth Kassel's Affidavit was missing an attestation to the defendant, Attorney Sally Hodgdon having refused to answer the question as to the whereabouts of the defendant, Attorney Jane Kinney – Knotek and the defendant, Sue Ann Shay.

65. I was at that point, unable to reach Elizabeth Kassel in order to turn around and go back to Farmington to redo the Affidavit and have it re-Notarized.

66. The child plaintiff, Loyal Egan, is sitting in North Carolina, and I must this day return there which is a fourteen hour drive back down, as I had only come up yesterday on April 5, 2005, to have Elizabeth Kassel sign her Affidavit and have it notarized.

67. I have no ability this day of April 6, 2005 to rectify the missing information from Elizabeth Kassels Affidavit.

68. I will return if the Court wishes, or if the defendants wish, to have Elizabeth Kassel do another Affidavit to swear to the defendant, Attorney Sally Hodgdon refusal to answer the question as to whether she had any knowledge of the whereabouts or addresses of the two as yet unserved defendants, Attorney Jane Kinney – Knotek, and Attorney Sue Ann Shay.

69. Elizabeth Kassel will also be available to swear under Oath to both the statements in her Affidavit, and the missing statement just referred to, if a Hearing on Service or these issues raised is necessary, or wanted.

70. I swear under penalty of perjury that the above 69 averments and statements are true and accurate to the best of my ability and belief.

Plaintiff Pro Se

*Hadley Macpherson*

Hadley Macpherson

2015 McKenzie Creek Dr.

Charlotte, North Carolina 28270

( 704 ) 675 -5252

# **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed this day of April 6, 2005, Attorney James Wade and Attorney David Samuels of Robinson & Cole, at 280 Trumbull Street, Hartford CT 06103 - 3597, The Communities' Law Center, 27 Park Road, West Hartford, CT, 06119, the Sisters of St. Joseph, 27 Park Road, West Hartford, CT. 06119, the Sisters of Mercy, 249 Steele Road, West Hartford, CT. 06117, the Sisters of Notre Dame, 468 Poquonock Avenue, Windsor, CT 06095, the Daughters of the Holy Spirit, 72 Church Street, Putnam, CT, Paul Egan at P.O. Box 83 in Centerbrook CT 07409, and to Sue Ann Shay and Attorney Jane Kinne - Knotek at the Clerks Office at the United States District Court located at 915 Lafayette Boulevard, Bridgeport, CT 06604.

_Rachel Egan_
Rachel Egan

_Loyal Egan_
Loyal Egan

Plaintiff Pro Se

_Hadley Macpherson_
Hadley Macpherson
2015 McKenzie Creek Dr
Charlotte, NC  28270
(704) 675 - 5252