# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

## AT BRIDGEPORT

FILED 2005 APR 26 P 4: 10
US DISTRICT COURT
BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | 3:01CV01555 SRU |
| and | |
| RACHEL EGAN | |
| and | APRIL 26, 2005 |
| LOYAL EGAN | |
| plaintiffs | CIVIL ACTION |
| | |
| VS. | |
| | |
| ATTORNEY SALLY HODGDON | REQUEST TO FILE REPLY |
| and | OUT OF TIME |
| THE COMMUNITIES' LAW CENTER | TO DEFENDANT ATTORNEY |
| and | SALLY HODGDON'S |
| SISTERS OF SAINT (ST.) JOSEPH | OBJECTION TO PLAINTIFFS |
| and | MOTION TO CONSOLIDATE |

**ATTORNEYJANE KINNEY - KNOTEK**

and

**ATTORNEY SUE ANN SHAY**

and

**SISTERS OF MERCY**

and

**SISTER OF NOTRE DAME**

and

**DAUGHTERS OF THE HOLY SPIRIT**

defendants

## **REQUEST TO FILE REPLY OUT OF TIME**
## **TO DEFENDANT ATTORNEY SALLY HODGDON'S OBJECTION**
## **TO PLAINTIFFS' MOTION TO CONSOLIDATE**

The plaintiffs respectfully request that they be allowed to file their Reply out of time to defendant Attorney Sally Hodgdon's Obejection to Plaintiffs Motion to Consolidate for the following reasons:

On April 5, 2005, the defendant, Attorney Sally Hodgdon, filed an Objection to the plaintiffs' Motion to Consolidate.

Under Local Civil Rule 9 (g), the plaintiffs' had ten (10) days by which to file a responsive Reply Brief to defendant, Attorney Sally Hodgdon's Objection.

However, under Rule 6(a) of the Fed. R. Civ. Proc., when a defined time period by which to respond is less than 11 days, intermediate Saturdays, Sundays, and legal holidays are not to be counted.

Further, under Rule 6(e) of the Fed. R. Civ. Proc., whenever a party is required to do some act or take some proceedings within a prescribed period after the service of notice or other paper upon the party and the notice or paper is served upon the party by mail under Rule 5(b)(2)(B), <u>3 days shall be added</u> to the prescribed period.

The defendant, Attorney Sally Hodgdon, chose to serve the plaintiffs her Objection to the plaintiffs Motion for Consolidation by mail, in the manner allowed by Rule 5(b)(2)(B) of the Fed. R. Civ. Proc..

1

Therefore, by first applying Rule 6(a) to the present situation, omitting Saturdays and Sundays, the plaintiffs would have had up until and including Tuesday, April 19, 2005 to file their responsive Reply Brief, and then by further applying Rule 6(e), and adding three days for service by mail, the plaintiffs would have had up until and including Friday, April 22, 2005 to file their Reply to the defendant, Attorney Sally Hodgdon's Objection.

However, the plaintiffs were unable to make use of the amount of time afforded them under the Rules for the following reasons:

The child plaintiff, Loyal Egan, who lives in south Charlotte North Carolina, had an appointment that could not be moved nor missed at the Children's Hospital of Philadelphia, in Philadelphia Pennsylvania, on Friday, April 22, 2005.

That appointment was for 8:45 am., and therefore, the plaintiff Hadley Macpherson and child plaintiff Loyal Egan had to make the 650 mile drive up from North Carolina the day before, on Thursday, April 21, 2005.

The plaintiff attaches a document entitled "Certificate to Return to Work or School" issued by The Children's Hospital of Philadelphia, dated Friday, April 22, 2005, to this Request as an Exhibit.   [ Exhibit A ]

The child plaintiff, Loyal Egan, as all children suffering from his condition which is rare, had waited his turn for his appointment for many months, as the neurologist who is his physician, and who is the specialist in Dystonia and the related central nervous system degenerative conditions, is top in his field, and highly sought after.

Though the plaintiffs knew of the appointment three months in advance of Friday, April 22, 2005, they could not cancel the appointment without losing months on the waiting

2

list, nor would they have wanted to move the appointment given the health of the child plaintiff, Loyal Egan.

The plaintiffs knew that the trip north would fall in the middle of their 21 day allowed response time to whatever Pre-Answer 12 (b) Motion would be filed by the defendant, Attorney Sally Hodgdon, but believed that they could still respond in a timely fashion.

When the defendant, Attorney Sally Hodgdon, filed an Objection to the plaintiffs Motion for Consolidation along with her Motion to Strike, the plaintiffs were now faced with a deadline running right up until the time of the very day of their having to be in Philadelphia.

The plaintiffs did not seek an Enlargement of Time to file their Reply to the defendant, Attorney Sally Hodgdon's Objection to the plaintiffs Motion for Consolidation, prior to the deadline of Friday April 22, 2005, because up until the plaintiff left for the drive up to Philadelphia on the morning of Thursday April 21, 2005, the plaintiff, Hadley Macpherson, was attempting in good faith and with the utmost diligence to finish her Reply, and thereby make the need for asking for an Enlargement of Time unnecessary.

The plaintiff however, due to the number of reasons for the defendant, Attorney Sally Hodgdon's Objection to Consolidation, was unable to complete her Reply before leaving for Philadelphia on the morning of Thursday, April 21, 2005, and being no longer able to work on the document on that day, or the next, so as to have it arrive by the end of day Friday, April 2, 2005, the plaintiff missed the deadline.

3

The plaintiff, Hadley Macpherson and child plaintiff Loyal Egan could not make the drive home until Sunday, April 24, 2005. The ability to have this Motion arrive to the District Court, was therefore not available until this day Tuesday, April 26, 2005.

Further, due to the issues raised by the defendant, Attorney Sally Hodgdon in her Objection to the plaintiffs' Motion to Consolidate, the legitimacy of the plaintiffs Reply is dependant on the plaintiffs being able to make their argument, and defeat the defendant, Attorney Sally Hodgdon's Motion to Strike.

This Court on February 17, 2005, denied the plaintiffs their request to Consolidate based on the plaintiffs previous Amended Complaint. [ Exhibit B ]

> "based on the Amended Complaints in these cases, both of which were filed on May 14, 2004, there do not appear to be sufficient parties or issues to warrant consolidation."

However, the Court also said ---

> "Plaintiffs have suggested in certain pleadings a desire to file a further amended complaint. Any such pleading must be filed by ….. "

Therefore, the Court was not denying the plaintiffs a further chance to amend their Complaint , and was in fact anticipating the plaintiffs attempting to do so.

The Court also knew from the plaintiff having filed their Motion for Stay of Process and Stay of Responses back on June 2, 2004, that the plaintiffs' desire to file an Amended Complaint was based on their having newly discovered evidence that demonstrated that the defendants in the two cases of 3:01CV01555 and 3:02CV1309, had acted in concert in their commission of intentional torts against the plaintiff.

After receiving that Motion for Stay of Process and Stay of Responses, the Court granted the plaintiffs their request for a Stay, and granted them, on June 14, 2004, the

4

opportunity to Amend their Complaint, and therefore amend to include the allegation of conspiracy..

Therefore, the Court, fully knew and anticipated that the plaintiffs Amended Complaint would be linking the defendants together with any tortuous events alleged, and therefore anticipated a future Amended Complaint that might, in the interest of judicial economy, and fairness to all parties, require Consolidation.

The Court's Order on February 17, 2005 denied Consolidation based on the information it previously had before it from the Amended Complaint of May 14, 2005, but still therefore left the door open for Consolidation, if it made itself apparent and necessary upon the filing of a future Amended Complaint by the plaintiffs.

The plaintiffs filed their Amended Complaint on March 15, 2005.

The defendant, Attorney Sally Hodgdon's argument against Consolidation rests first on the issue of what was decided at a previous Status Conference held _prior_ to the plaintiffs discovery of the defendants acting in concert, and rests second on whether or not the plaintiffs attempt to now make new allegations against all defendants in both cases, including the new defendants Attorney Sue Ann Shay and Attorney Jane Kinney Knote, can withstand a statute of limitations bar., and the problems brought about by having to relate back to the Original Complaint.

If the plaintiffs can make a fair argument of Fraudulent Concealment, and Fraudulent Non-Disclosure, then that Statute of Limitations has not in fact tolled, but begins to run from the time of discovery of the true nature of the action for which Relief can be sought and granted.

5

In that case, what occurred at a previous Status Conference, and any Orders rendered from that Status Conference, under the condition of fraudulent concealment of the true action able to be sought were it not for that fraudulent concealment on the part of the defendants, would now be moot.

Should the plaintiffs be able to succeed in defeating the defendant Attorney Sally Hodgdon's Motion to Strike the plaintiffs Amended Complaint dated March 15, 2005, then Consolidation of the two cases would obviously be necessary and proper, as issues of fact, and issues of law, would both be in common if the Amended Complaint is allowed to stand.

Therefore, the plaintiffs' argument to the defendant, Attorney Sally Hodgdon's Motion to Strike, bears substantively on the issue of Consolidation, and bears substantively on the plaintiffs' Reply to the defendant, Attorney Sally Hodgdon's Objection to Consolidation.

Under Rule 9(g) a Reply Brief may not exceed, without permission, ten (10) pages.

Given the number of reasons named by the defendant, Attorney Sally Hodgdon, and the plaintiff being allowed and required to speak to defeat each and every one of them, ten pages, given the situation that involves all of the named defendants in both this case of 3:01CV01555 and the case of 3:02CV1309, the plaintiffs could not possibly have a fair opportunity to Reply if held to only the ten (10) page limit.

Further, as again, the plaintiffs argument against the Motion to Strike is bears substantively on the ultimate issue of Consolidation, and therefore directly bears upon the legitimacy of the plaintiffs request for Consolidation, the plaintiffs would wish to be able to both reference, and attach, their Objection to the defendant, Attorney Sally Hodgdon's

6

Motion to Strike, to their Reply to the defendant, Attorney Sally Hodgdon's Objection to Consolidation.

However, it is not possible to submit a Reply that attaches and references a document not yet finished or filed.

Under Rule 6(a), and 6(e) of the Fed. R. Civ. Proc., the plaintiffs have until Thursday, April 28, 2005 to file their responsive Objection to the defendant, Attorney Sally Hodgdon's Motion to Strike, and not the date of Monday, April 25, 2005 that is listed on the docket in the CM/EMS or Pacer Systems.

The defendant, Attorney Sally Hodgdon, filed her Motion to Strike on Monday, April 4, 2005.

Under Rule 6(a), counting 21 days, the plaintiffs' had until Monday, April 25, 2005 to file their Objection to the defendant Attorney Sally Hodgdon's Motion to Strike..

Additionally, under Rule 6(e), the plaintiffs were to be afforded another three (3) days due to their having been served the defendant Attorney Sally Hodgdon's Motion to Strike by the manner of service by mail as prescribed by Rule 5(b)(2)(B).

Therefore, as stated, the plaintiffs actually have until this Thursday of April 28, 2005 to file their Objection in response to the defendant, Attorney Sally Hodgdon's Motion to Strike.

The plaintiffs would like to file their Reply to the defendant, Attorney Sally Hodgdon's Objection to Consolidation at that same time, so as to be able to attach their Objection to the Motion to Strike, and all material associated and attached to their Objection as an Exhibit, including Affidavits, as supportive documentation for the legitimacy of Consolidation.

7

The plaintiffs believe that if the interest of the Court is that the issue of Consolidation be resolved in fairness to all parties, and in fairness to judicial economy, that a full and complete argument ought to be allowed on the issue of Consolidation, and such argument is not afforded by the limitations of a Reply, nor is it allowed if having to be half-argued ahead of the most substantive argument bearing on Consolidation, that being whether the facts and issues alleged in the plaintiffs' Amended Complaint should be allowed to stand.

Wherefore, the plaintiffs request to be given until and including Thursday April 28, 2005 to file their Reply to the defendant, Attorney Sally Hodgdon's Objection to the plaintiffs Motion for Consolidation, so that it can attach and reference their Objection to the defendant Attorney Sally Hodgdon's Motion to Strike, and so that a full and fair determination can be made as to the issue of Consolidation based on all pending issues between all parties in the two cases, and so that the plaintiffs also were not prejudiced by a hospital appointment that they could in no way afford to miss, or trade away.

Respectfully Submitted,

_____
Rachel Egan

_____
Loyal Egan

_____
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270
(704) 675 - 5252

# **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed this day of April 26, 2005, to the defendant, The Communities' Law Center at 27 Park Road, West Hartford, CT, 06119 ; the defendant the Sisters of Notre Dame at 468 Poquonock Avenue, Windsor, CT 06095; the defendant the Daughters of the Holy Spirit at 72 Church Street, Putnam CT 06260 ; to Attorney Edward Sheehy at Williams, Cooney & Sheehy at 799 Silver Lane 06611 appearing for the defendant Attorney Sally Hodgdon ; and to Attorney Louis Blumenfeld at Cooney, Scully, & Dowling, at 10 Columbus Blvd., Hartford, CT 06106 appearing for the defendant the Sisters of Saint (St.) Josesph and the defendant the Sisters of Mercy.

Rachel Egan

Loyal Egan

Plaintiff Pro Se

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270
(704) 675 - 5252

EXHIBIT A

704-849-2001

**The Children's Hospital of Philadelphia**
34th and Civic Center Blvd.
Philadelphia, PA. 19104
(215) 590-1000

## CERTIFICATE TO RETURN TO WORK OR SCHOOL

Loyal Egan _____ was seen at the Children's Hospital on Friday 4/22 @ 8:45 and is able to return to school (work) on Monday 4/25.

Limitations/Remarks: _____

The Patient was accompanied by Hadley Macpherson (mother)

Dr.: Lynch

ED-015 (Rev. 10/95)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RACHEL J. EGAN, ET AL.,
Plaintiffs,

v.

CIVIL ACTION NO.
3:01cv1555 (SRU)

SALLY HODGEDON, ET AL.
Defendants.

## ORDER

The plaintiffs' motion to consolidate this case with <u>Macpherson, et al. v. Berman, et al.</u>, No. 3:02cv1309 (SRU) (doc.# 72) is denied. Based on the amended complaints in these cases, both of which were filed on May 14, 2004, there do not appear to be sufficient parties or issues in common to warrant consolidation. The parties, however, are encouraged to cooperate in coordinating discovery in these cases so that duplicative depositions of witnesses can be avoided.

Plaintiffs have suggested in certain pleadings a desire to file a further amended complaint. Any such pleading must be filed by **March 10, 2005, or it will be barred.** Plaintiffs are hereby notified that only one of the named defendants has been served with a summons and complaint; any defendant not properly served by March 31, 2005 will be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Defendant Sally Hodgedon shall respond to either the May 14, 2004 amended complaint or any later filed amended complaint by **April 1, 2005.** Any other defendant served with a summons and complaint shall respond to the plaintiffs' operative complaint within twenty days of such service.