# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

## AT BRIDGEPORT

FILED 2005 APR 28 P 4:18 US DISTRICT COURT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | 3:01CV01555 SRU |
| and | |
| RACHEL EGAN | |
| and | APRIL 28, 2005 |
| LOYAL EGAN | |
| plaintiffs | CIVIL ACTION |
| VS. | |
| | MOTION FOR |
| ATTORNEY SALLY HODGDON | ENLARGEMENT OF TIME |
| and | TO RESPOND TO DEFENDANT |
| THE COMMUNITIES' LAW CENTER | ATTORNEY SALLY HODGDONS |
| and | MOTION TO STRIKE AND |
| SISTERS OF SAINT (ST.) JOSEPH | OBJECTION TO PLAINTIFFS' |
| and | MOTION TO CONSOLIDATE |

**ATTORNEYJANE KINNEY - KNOTEK**

and

**ATTORNEY SUE ANN SHAY**

and

**SISTERS OF MERCY**

and

**SISTER OF NOTRE DAME**

and

**DAUGHTERS OF THE HOLY SPIRIT**

defendants

## MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT ATTORNEY SALLY HODGDON'S OBJECTION TO CONSOLIDATION AND MOTION TO STRIKE

The plaintiffs respectfully request that they be allowed to file their Reply to the defendant, Attorney Sally Hodgdon's Objection to Plaintiffs' Motion to Consolidation, and to file their Objection to the defendant, Attorney Sally Hodgdon's Motion to Strike.

The plaintiffs had until Friday, April 22, 2005 to file their Reply to the defendant, Attorney Sally Hodgdon's Objection to Plaintiffs Motion for Consolidation.

On Tuesday, April 26, 2005, the plaintiffs filed a Request to file Reply out of Time.

The plaintiffs had filed that Request due to the fact that the child plaintiff, Loyal Egan, who lives in south Charlotte North Carolina, had an appointment that could not be moved nor missed at the Children's Hospital of Philadelphia, in Philadelphia Pennsylvania, at 8:45 am on Friday, April 22, 2005. That appointment necessitated the plaintiffs leaving on the morning of Thursday April 21, 2005, for the 650 mile drive north, and not returning until Sunday, April 24, 2005.

The plaintiff attached as an Exhibit, a document entitled "Certificate to Return to Work or School" issued by The Children's Hospital of Philadelphia, dated Friday, April 22, 2005, to that previous Request to File Reply Out of Time, and attach that same document to this Request for an Enlargement of Time. [ Exhibit A ]

The child plaintiff, Loyal Egan, as all children suffering from his condition which is

1

rare, had waited his turn for his appointment for many months, as the neurologist who is his physician, and who is the specialist in Dystonia and the related central nervous system degenerative conditions, is top in his field, and highly sought after.

Though the plaintiffs knew of the appointment three months in advance of Friday, April 22, 2005, they could not cancel the appointment without losing months on the waiting list, nor would they have wanted to move the appointment given the health of the child plaintiff, Loyal Egan.

The plaintiffs knew that the trip north would fall in the middle of their 21 day allowed response time to whatever Pre-Answer 12 (b) Motion would be filed by the defendant, Attorney Sally Hodgdon, but believed that they could still respond in a timely fashion.

When the defendant, Attorney Sally Hodgdon, filed an Objection to the plaintiffs Motion for Consolidation along with her Motion to Strike, the plaintiffs were now faced with a deadline running right up until the time of the very day of their having to be in Philadelphia.

The plaintiffs did not seek an Enlargement of Time to file their Reply to the defendant, Attorney Sally Hodgdon's Objection to the plaintiffs Motion for Consolidation, prior to the deadline of Friday April 22, 2005, because up until the plaintiff left for the drive up to Philadelphia on the morning of Thursday April 21, 2005, the plaintiff, Hadley Macpherson, was attempting in good faith and with the utmost diligence to finish her Reply, and thereby make the need for asking for an Enlargement of Time unnecessary.

The plaintiff however, due to the number of reasons for the defendant, Attorney Sally Hodgdon's Objection to Consolidation, was unable to complete her Reply before leaving for Philadelphia on the morning of Thursday, April 21, 2005, and being no longer able to work on the document on that day, or the next, so as to have it arrive by the end of day Friday,

2

April 2, 2005, the plaintiff missed the deadline.

Further, due to the issues raised by the defendant, Attorney Sally Hodgdon in her Objection to the plaintiffs' Motion to Consolidate, the legitimacy of the plaintiffs Reply was dependant on the plaintiffs being able to make their argument, and defeat the defendant, Attorney Sally Hodgdon's Motion to Strike, as to amending back and the tolling of the statute of limitations if fraudulent concealment and fraudulent non-disclosure were argued and proved.

When the plaintiffs filed their Request to File Reply Out of Time to the defendant, Attorney Sally Hodgdon's Objection to Consolidation, on April 26, 2005, the plaintiffs did not ask for an Enlargement of Time to file their Objection to the defendant, Attorney Sally Hodgdon's Motion to Strike, because the plaintiff, Hadley Macpherson wanted to make a diligent attempt to still meet the deadline for filing of her Objection to the Motion to Strike.

The deadline for the plaintiffs to file their Objection to the defendant, Attorney Sally Hodgdon's Motion to Strike is Thursday, April 28, 2005.

The plaintiffs arrived at that date, which is not the date listed in the docket, by applying Rule 6(a) and Rule 6(e) of the Fed. R. Civ. Proc., which together allow the plaintiff 21 days plus an extra three (3) days due to the plaintiffs having been served the Motion to Strike by the manner of mail, in accordance with Rule 5(b) of the Fed. R. Civ. Proc..

After the plaintiffs filed their Request to File Reply Out of Time to the defendant, Attorney Sally Hodgdon's Objection to Consolidation, on Tuesday, April 26, 2005, the plaintiffs realized that they would only have one day now by which to complete their Objection to the defendant, Attorney Sally Hodgdon's Motion to Strike, due to their having to mail the document in time to have it reach the District Court on Thursday, April 28, 2005.

3

Between having lost the four days being away in Philadelphia for a hospital appointment that could not be missed or moved, and the additional time necessary for the plaintiffs Objection to the defendant Attorney Sally Hodgdon's Motion to Strike to travel through the mail, the plaintiffs do not have enough time to complete and mail their Objection to the Motion to the Strike, and accompanying Reply to the defendant Attorney Hodgdon's Objection to Consolidation.

The plaintiffs therefore are filing this present Motion for Enlargement of Time requesting that they be given an additional to days to respond, in order to gain back some of the time lost by the four days spent going to and from Philadelphia for the hospital.

The extra two days, if granted, would give the plaintiffs until April 30, 2005, to file their Objection to the defendant, Attorney Sally Hodgdon's Motion to Strike, and to file their Reply to the defendant, Attorney Sally Hodgdon's Objection to Consolidation at that same time, so as to be able to attach their Objection to the Motion to Strike, and all material associated and attached to their Objection as an Exhibit, including Affidavits, as supportive documentation for the legitimacy of Consolidation also.

If as the defendant Attorney Sally Hodgdon's contends, the bar of statute of limitations is unmovable as a matter of law, then the plaintiffs being afforded the extra two day to defend, will not alter the decision of the Court.

However, if the defendant, Attorney Sally Hodgdon' argument is able to be overcome on the merits, then the plaintiffs would ask that they be given the opportunity to do so, as the Amended Complaint being dismissed on the premise of a bar of statute of limitations that in fact does not exist, would be unjust, and could not be a decision based on a matter of law.

Whether or not the bar of statute of limitations exists in this case depends on whether

4

or not fraudulent non-disclosure and fraudulent concealment hindered the plaintiffs from knowing or ascertaining the true cause of action they were entitled to seek relief from.

That the plaintiffs should learn so late of those acts of fraudulent non-disclosure and fraudulent concealment, and that the timing of the plaintiffs' learning of those acts and being able to adequately investigate them and prove their existence well enough to press an action for them in a court of law should be so unfortunate as to coincide with serious illness, should not be held against the plaintiffs if those acts of fraudulent non-disclosure and fraudulent concealment can be proved true.

To do so would be to reward the defendant, or defendants, in these two cases of 3:01CV01555 and 3:02CV1309, for their cleverness and luck at having found themselves plaintiffs not only innocently ignorant and vulnerable to the acts performed against them with ultimate superior knowledge and skill, but plaintiffs also able to be actually defeated because by the time they found out that their innocence and vulnerability had been exploited, they were too ill to be able to respond on time, without sacrificing their health.

The plaintiffs argue that two days cannot possibly prejudice the defendants if they are innocent of the above allegations.

**Wherefore**, the plaintiffs respectfully request to be given until April 30, 2005 to file both their Reply to the defendant, Attorney Sally Hodgdon's Objection to Consolidation, and their Objection to the defendant, Attorney Sally Hodgdon's Motion to Strike, so that a full and fair determination can be made as to the issues surrounding the proposed Strike and the proposed Consolidation, based on all pending issues between all parties in the two cases, and so that the plaintiffs are not prejudiced by a hospital appointment that they could in no way afford to miss, or trade away for litigation.

5

|  | Respectfully Submitted, |
|---|---|
| _____<br>Rachel Egan | _____<br>Hadley Macpherson<br>2015 McKenzie Creek Drive<br>Charlotte, NC  28270<br>(704) 675 - 5252 |
| _____<br>Loyal Egan |  |

**The Children's Hospital of Philadelphia**
34th and Civic Center Blvd.
Philadelphia, PA, 19104
(215) 590-1000

## CERTIFICATE TO RETURN TO WORK OR SCHOOL

Loyal Egan was seen at the Children's Hospital on Sunday 7/20 @ 8:45 and is able to return to school (work) on Monday 7/26

Limitations/Remarks: _____

The Patient was accompanied by Hadley MacPherson (mother)

Dr.: Lynch

ED-015 (Rev. 10/95)

704-849-2001

# **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed this day of April 28, 2005, to the defendant, The Communities' Law Center at 27 Park Road, West Hartford, CT, 06119 ; the defendant the Sisters of Notre Dame at 468 Poquonock Avenue, Windsor, CT 06095; the defendant the Daughters of the Holy Spirit at 72 Church Street, Putnam CT 06260 ; to Attorney Edward Sheehy at Williams, Cooney & Sheehy at 799 Silver Lane 06611 appearing for the defendant Attorney Sally Hodgdon ; and to Attorney Louis Blumenfeld at Cooney, Scully, & Dowling, at 10 Columbus Blvd., Hartford, CT 06106 appearing for the defendant the Sisters of Saint (St.) Josesph and the defendant the Sisters of Mercy.


Rachel Egan

Loyal Egan

Plaintiff Pro Se

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270
(704) 675 - 5252