# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

AT BRIDGEPORT

FILED 2005 MAY -2 P 4:40
US DISTRICT COURT
BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | 3:01CV01555 SRU |
| and | |
| RACHEL EGAN | |
| and | APRIL 30, 2005 |
| LOYAL EGAN | |
| plaintiffs | |
| | CIVIL ACTION |
| VS. | |
| ATTORNEY SALLY HODGDON | PLAINTIFF'S REPLY TO |
| and | DEFENDANT ATTORNEY |
| THE COMMUNITIES' LAW CENTER | SALLY HODGDON'S |
| and | OBJECTION TO PLAINTIFFS |
| SISTERS OF SAINT (ST.) JOSEPH | MOTION TO CONSOLIDATE |
| and | |

**ATTORNEYJANE KINNEY - KNOTEK**

    and

**ATTORNEY SUE ANN SHAY**

    and

**SISTERS OF MERCY**

    and

**SISTER OF NOTRE DAME**

    and

**DAUGHTERS OF THE HOLY SPIRIT**

    defendants

# PLAINTIFF'S REPLY TO

# DEFENDANT ATTORNEY SALLY HODGDON'S

# OBJECTION TO PLAINTIFFS MOTION TO CONSOLIDATE

The plaintiffs respond to the defendant, Attorney Sally Hodgdons Objection to their Motion to Consolidate by this Motion in Reply as well as an accompanying Memorandum of Law and Affidavit filed in response to his Motion, for the following reasons:

Under the number of allegations, facts, events, witness, and parties common to the two cases, consolidation is fair to all, in in the best interest of the Court and judicial economy. To have two separate Trials would require double the time, double the expense, and double the time for every aspect of the two cases, which would in effect be tried in reverse..

Attorney Edward Sheehy himself, on behalf of his client, the defendant, Attorney Sally Hodgdon, argued for Consolidation back in his Motion for Transfer and Consolidation dated January 29, 2003, and argued that Consolidation was necessary because the two cases had common questions of law and fact, requiring Consolidation under Rule 42.

It is difficult then to see how the defendant, Attorney Sally Hodgdon, or her

Attorney, Attorney Edward Sheehy can argues the opposite argument in their Objection to Consolidation now. The parties didn't change, the events didn't change.

All parties and events only became more in common in the plaintiffs Amended Complaint dated March 15, 2003.

The plaintiffs switched their view on Consolidation once they learned of connections between the defendants that they had not know of before, which then altered the very claims and the complexity's of everyone involved, and everything needed to be proved.

It was the fraudulent act of concealment and non-disclosure that prohibited the plaintiffs from realizing that the defendants in the two cases conspired to harm the plaintiffs, acted in concert to harm the plaintiffs, aided and abetted each other, and had a motive to do so

A desire to look less guilty for the sum of ones wrongs, and to avoid having them aired out in total, is not a legal argument that can justify a decision not to Consolidate.

**Wherefore**, the plaintiffs respectfully request that the defendant's Objection to Consolidation be denied, and that the plaintiffs request for Consolidation be granted.

Respectfully Submitted,

_____
Rachel Egan

_____
Loyal Egan

_____
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC   28270
(704) 675 - 5252

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed this day of April 30, 2005, to the defendant, The Communities' Law Center at 27 Park Road, West Hartford, CT, 06119 ; the defendant the Sisters of Notre Dame at 468 Poquonock Avenue, Windsor, CT 06095; the defendant the Daughters of the Holy Spirit at 72 Church Street, Putnam CT 06260 ; to Attorney Edward Sheehy at Williams, Cooney & Sheehy at 799 Silver Lane 06611 appearing for the defendant Attorney Sally Hodgdon ; and to Attorney Louis Blumenfeld at Cooney, Scully, & Dowling, at 10 Columbus Blvd., Hartford, CT 06106 appearing for the defendant the Sisters of Saint (St.) Josesph and the defendant the Sisters of Mercy.

_____
Rachel Egan

_____
Loyal Egan

Plaintiff Pro Se

_____
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC  28270
(704) 675 - 5252