UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HADLEY MACPHERSON, RACHEL EGAN, AND LOYAL EGAN | : | |
| Plaintiffs, | : | NO: **3:01CV01555 (SRU)** |
| VS. | : | |
| ATTORNEY SALLY HODGDON, ET AL, | : | |
| Defendants. | : | MAY 18, 2005 |

**MEMORANDUM IN SUPPORT OF
CONSOLIDATED MOTIONS TO DISMISS, TO STRIKE
AND FOR MORE DEFINITE STATEMENT OF
DEFENDANTS SISTERS OF ST. JOSEPH AND SISTERS OF MERCY**

**I. INTRODUCTION**

This is an action by two "minor" children and their mother that arises out of an obviously (based on the allegations) bitter domestic situation and dissolution action. Based on the 1,544 paragraphs of allegations in the Amended Consolidated Complaint the defendant Attorney Sally Hodgdon was appointed by the Connecticut Superior Court, for varied time periods, as the guardian ad litem and the attorney for the plaintiffs Rachel Egan and Loyal Egan. She is not alleged to have represented the plaintiff Hadley Macpherson, then known as Lisa Egan.

1

Continuing with the allegations, it is claimed that Attorney Hodgdon was employed by an entity known as The Communities' Law Center. Although not pleaded, public records show that The Communities Law Center is in fact "The Communities' Law Center, Incorporated" and is a Connecticut non-stock corporation. *See*, business inquiry response, attached to the Motion. The plaintiffs allege that The Communities' Law Center was "founded and owned" by these defendants and two others. The Amended Consolidated Complaint alleges various types of conduct which is characterized as, for example, deprivation of constitutional rights, coercion, conspiracy, fraud and intentional tort. In many of the paragraphs where such characterizations are made and which include these defendants it is stated that the details will be specified later. A review of the full Amended Consolidated Complaint, all 1,544 paragraphs of allegations discloses no actual conduct specified as to either of these defendants. The facts alleged all are as to conduct by Attorney Hodgdon and other not alleged to have been affiliated with The Communities Law Center or these defendants. Rather, it is clear that the sole basis for their inclusion is that they allegedly "founded and owned" the non-stock corporation with which the defendant Attorney Hodgdon was affiliated.

Because the allegations show no basis on which these defendants can be held liable to the plaintiffs for the delicts that they allege, these defendants have moved to dismiss the Amended Consolidated Complaint as to them. They also have moved to strike the action as to them

because it was not a permitted pleading. Finally, they have moved for a more definite statement should neither the Motion To Dismiss nor the Motion To Strike be granted.

**II. ARGUMENT**

**A. Motion To Dismiss (Rule 12(b)(6), Federal Rules of Civil Procedure)**

1. Law

"The determination of whether a duty exists between individuals is a question of law. . . . [*722] Only if a duty is found to exist does the trier of fact go on to determine whether the defendant has violated that duty. . . . *Dugan v. Mobile Medical Testing Services, Inc.*, 265 Conn. 791, 807, 830 A.2d 752 (2003).

*Biller Assocs. v. Peterken*, 269 Conn. 716, 722 (2004).

It is essential to a cause of action based on negligence that the breach of some legal duty to the plaintiff be alleged, for negligence is, by definition, the breach of a duty. *Collins v. City National Bank & Trust Co.*, 131 Conn. 167, 170, 38 A.2d 582. Negligence occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so. *Dean v. Hershowitz*, 119 Conn. 398, 407, 177 A. 262; *Earley v. Hall*, 89 Conn. 606, 613, 95 A. 2. Negligence cannot be predicated upon a state of facts which does not impose a legal duty. *Swentusky v. Prudential Ins. Co.*, 116 Conn. 526, 532, 165 A. 686. It is essential that the complaint allege facts showing wherein the defendant failed to perform a duty. *O'Keefe v. National Folding Box & Paper Co.*, 66 Conn. 38, 44, 33 A. 587. Furthermore, the duty which must be alleged must be a duty owed to the plaintiff. Actionable negligence cannot be based on a breach of duty unless the injured person is within the class of persons to whom the duty is owed. *McDowell v. Federal Tea Co.*, 128 Conn. 437, 440, 23 A.2d 512. "'The rule which is applicable to actions for negligence based upon the violation of a statutory duty is to all intents and purposes the same as the rule applicable to actions for negligence based upon a violation of a common-law duty. Where there is no duty, there can be no negligence. The statutory duty must be owing to the person injured, and not to some one else, in order that a violation thereof shall constitute actionable negligence.' *Anthony v. Connecticut Co.*, 88 Conn. 700, 707, 92 Atl. 672; *see also Longstean v. McCaffrey's Sons*, 95 Conn. 486, 494, 111 A. 788;

> *Black v. Hunt*, 96 Conn. 663, 666, 115 Atl. 429; *Gonchar v. Kelson*, 114 Conn. 262, 264, 158 Atl. 545." *Hassett v. Palmer*, 126 Conn. 468, 472, 12 A.2d 646.

*Doherty v. Winchester*, 18 Conn. Supp. 475, 476-477 (Conn. Super. Ct., 1954) (House, J.). The same concept applies to all causes of action. Unless there is a duty owed and a breach of that duty there is no claim stated upon which relief may be granted.

> § 33-1058. Liability of members.
>
> (a) A member of a corporation shall not be liable to the corporation or its creditors with respect to such membership except for the obligation to pay in full any fines or penalties duly imposed against him and any dues and assessments levied against him to which he has assented, or imposed or levied against him in accordance with the provisions of section 33-1057.

Conn. Gen. Stat. § 33-1058(a).

**B.    Discussion**

A reading of the Amended Consolidated Complaint makes it very clear that the plaintiffs' complaints are based on alleged conduct of Attorney Hodgdon as well as conduct of various judges and of Attorney Berman. It is clear that the only connection between the plaintiffs and these defendants, the Sisters of Mercy and the Sisters of St. Joseph is as recited in the introduction, that Attorney Hodgdon was an alleged employee and later officer of The Communities' Law Center, Incorporated and that the two orders of nuns were alleged owners and founders of the corporation.

As codified as to non-stock corporations, members are not liable for the acts of the corporation. Thus, even assuming, for the sake of argument, that Attorney Hodgdon breached

4

some duty owed to one or more of the plaintiffs, and assuming that the corporate entity, The Communities' Law Center, Incorporated was responsible under the doctrine of respondeat superior, as alleged; see, *e.g.*, paragraph 175, the plaintiff or plaintiffs would not have a claim against the members of the corporation as its owners or founders. The situation, of course, is the same with stock corporations. The shareholders of General Motors are not liable for the conduct of the employees of the corporation. The line of responsibility stops with the corporate entity.

As there is no duty owed by the "owners and founders" of The Community Law Center, Incorporated to anyone simply because the Center or its employees might have such a duty it follows that the plaintiffs here have no cause of action against the Sisters of St. Joseph or the Sisters of Mercy on the allegations of this action. Accordingly, their motion to dismiss should be granted.

C.     **Motion To Strike (Rule 12(f), Federal Rules of Civil Procedure)**

On January 29, 2003 the plaintiffs filed a Motion For Leave To Amend Complaint. That motion sought to add The Communities' Law Center as a party. On April 9, 2003 the Court denied the motion as follows:

> Denied to the extent that the motion seeks to add a new party. Denied, without prejudice, as moot in all other respects. Plaintiffs may file an amended complaint as of right on or before May 7, 2003. So ordered.

Margin Order, April 9, 2003, entered April 10, 2003, Docket, between #37 and #38.

Following the Court's refusal to allow the plaintiff to add The Communities' Law Center, and making it clear that her permitted amendment as of right was "to file whatever complaint you want against Sally Hodgdon." April 9, 2003 Status Conference Transcript, p.29, copy attached. The Court further clarified:

> Just file, put together whatever your complaints are against Sally Hodgdon, not against her firm, put them in a document called an Amended Complaint, file it, send him [Attorney Sheehy] a copy.

April 9, 2003 Status Conference Transcript, p.31, copy attached. Thus the Court appears to have made it clear that the plaintiffs were permitted to amend their existing complaint against the one existing defendant, but not to add parties.

At the April 9, 2003 conference the Court went on to set a schedule. That schedule did not include a date or any permission to add parties. Docket #38, April 10, 2003: "SCHEDULING ORDER Setting Discovery cutoff 12/31/03; Dispositive Motions due 2/15/04". Nowhere in the docket is there any indication of the plaintiffs thereafter seeking or obtaining permission to add parties to the action. Rather, on March 15, 2005, almost two years after being allowed to amend as to the existing defendant the plaintiffs filed the current 270 page, 1,545 paragraph "Consolidated Amended Complaint", joining, contrary to the Court's prior rulings two actions and adding, also contrary to the Court's prior rulings, The Communities' Law Center and its four members, the undersigned defendants Sisters of St. Joseph and Sisters of Mercy as well as the Sisters of Notre Dame and the Daughters of the Holy Cross.

It is submitted that the addition of the undersigned parties contrary to the Court's order and without the Court's permission must not be sanctioned and these defendants' Motion To Strike them from the action should be granted.

**D.     Motion For More Definite Statement (Rule 12(e), Federal Rules of Civil Procedure)**

   **1.  Law**

> (b) Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Rule 9(b), Fed. Rules Civ. Proc.

> The particularity requirement of Rule 9(b) requires claims for fraud "to be pled with sufficient specificity to allow a defendant an opportunity to defend against the claim, rather than simply deny they have done anything wrong." Foster v. Allstate Ins. Co., 1993 U.S. Dist. LEXIS 20851, No. 93-0960- BMT, 1995 WL 396646, at *2 (S.D. Cal. Oct. 7, 1993) (citing *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)). Pursuant to Fed. R. Civ. P. 9(b), "in order for a complaint to allege fraud with the requisite particularity, 'a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading." n4 *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (quoting *In re GlenFed*, 42 F.3d at 1548).

*Williamson v. Allstate Ins. Co.,* 204 F.R.D. 641, 645 (D. Ariz., 2001).

   **2. Discussion**

The plaintiff has alleged, among other causes, that these defendants' actions were fraudulent. *See, e.g.,* paragraphs 169, 252. The allegations also suggest that it is claimed that these

defendants participated in a conspiracy that appears to be alleged to have a fraudulent basis. While there is great specificity in the Amended Consolidated Complaint in some respects, with regard to any conduct by these defendants of which the plaintiffs' complain it is silent.  The suspicion is that the reason for that is that the plaintiffs are of the view that they can reach these defendants simply because they are owners and founders of The Communities Law Center, Incorporated.  As that is not so, if the action is not dismissed pursuant to these defendants' motion, then the plaintiff should be required to state the conduct of these defendants, other than conduct of Attorney Hodgdon, and other than conduct of The Communities' Law Center on which they rely.  Absent such conduct the complaint, however long and detailed it might be gives these defendants no notice as to the claims specifically against them and it is an inadequate base on which to begin discovery and pleading.  For that reason and because the complaint avers fraud as to which Rule 9(b) compels specificity, if neither the motion to dismiss nor the motion to strike are granted the plaintiffs should be ordered to state the alleged conduct upon which their claims against these defendants are based with specificity.

### III. CONCLUSION

For the reasons stated herein, these defendants' Motion To Dismiss and Motion To Strike should be granted.  In the event that neither is granted, the Motion For More Definite Statement should be granted.

**DEFENDANTS SISTERS OF MERCY
AND SISTERS OF ST. JOSEPH**


By   /s/ Louis B. Blumenfeld
     Louis B. Blumenfeld
     Cooney, Scully and Dowling
     Hartford Square North
     Ten Columbus Boulevard
     Hartford, Connecticut 06106
     Phone: 860-527-1141
     Fax:    860-247-5215
     E-mail: lbb@csd-law.com
     Fed Bar #05636

Their Attorney

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to all counsel and *pro se* parties of record on May 18, 2005, as follows:

>Hadley Macpherson
>Rachel J. Egan
>Loyal B. Egan
>2015 McKenzie Creek Drive
>Charlotte, NC 28270
>
>Edward M. Sheehy, Esq.
>Suzannah Kim Nigro, Esq.
>Williams, Cooney & Sheehy
>799 Silver Lane
>Trumbull, CT 06611-0753
>
>Elizabeth K. Andrews , Esq.
>Tyler, Cooper & Alcorn - NH
>205 Church St., Po Box 1936
>New Haven, CT 06509-1910
>203-784-8200
>Email: Andrews@tylercooper.com

                                                    /s/ Louis B. Blumenfeld
                                                    Louis B. Blumenfeld

#202009