UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

....................................
                                      :
RACHEL EGAN, LOYAL EGAN              :
and HADLEY MACPHERSON EGAN           :
                                      :
        PLAINTIFFS                   :    NO.       301CVO1555 SRU
                                      :
                                      :
VS.                                  :    DATE:     AUGUST  31,2005
                                      :
                                      :
SALLY HODGDON                        :
                                      :
        DEFENDANT                    :
....................................:

<u>      DEFENDANT SALLY HODGDON'S REPLY BRIEF TO PLAINTIFFS'
   OBJECTION DATED APRIL 30, 2005 TO DEFENDANT ATTORNEY SALLY
   HODGDON'S MOTION TO STRIKE CONSOLIDATED AMENDED COMPLAINT</u>

## I.   <u>Statement of Case</u>

_____The defendant, Sally Hodgdon (Hodgdon), filed a Motion to Strike dated April 4, 2005 to the plaintiffs' Consolidated Amended Complaint dated March 15, 2005.

Hodgdon also filed an Objection dated April 5, 2005 to the plaintiffs' Motion for Consolidation dated March 15, 2005 to consolidate the above entitled matter with <u>Hadley MacPherson Egan, et al v. Attorney John Berman</u>, Docket No. 3:02CVl309 (SRU).

The plaintiffs filed an Objection dated April 30, 2005 to

- 2 -

Hodgdon's Motion to Strike, a 9(c)2 Statement dated April 30, 2005 in support of plaintiffs' Objection to Hodgdon's Motion to Strike and a Reply dated April 30, 2005 to Hodgdon's Objection to plaintiffs' Motion to Consolidate.

The plaintiffs filed a Letter to Court dated May 10, 2005 regarding memorandums of law in support of the plaintiffs' Objection and Reply to Defendant, Sally Hodgdon's Motion to Strike and Motion to Consolidate. In the  Letter, the plaintiffs stated:

The plaintiffs intends to overnight Federal Express her memorandum of law, accompanying exhibits, affidavits on Thursday, May 12, 2005 which items should then arrive in District Court on Friday, May 13, 2005.

The plaintiffs filed a Letter to the Court dated June 18, 2005 wherein they represented:

The plaintiffs will have all their responses to all defendants in this case mailed out by overnight FedEx on Tuesday, July 5, 2005 to arrive at the District Court on the morning of July 6, 2005.

As of the date of this Reply, the plaintiffs have not filed with the Court nor has the undersigned received the plaintiffs'

- 3 -

"Memorandum of Law, accompanying exhibits and affidavits" referred to in the plaintiffs' Letter to the Court dated May 10, 2005 or "the responses to all defendants" referred to in the plaintiffs' Letter to Court dated June 28, 2005.

This Reply Brief is in response to plaintiffs' Objections to Motion to Strike.

## II.  **Background of Case**

### A.  **Original Complaint Dated August 16, 2001**

On August 16, 2001, the plaintiffs, Rachel Egan, minor, Loyal Egan, minor, and Hadley MacPherson Egan, pro se (the plaintiffs) filed the original complaint (the complaint). Affidavits of Loyal Egan and Rachel Egan were also filed in support of the complaint. The only defendant named was Hodgdon.

In the complaint, the plaintiffs allege:

Claim I  -      Attorney  Hodgdon committed breaches of contract, legal malpractice and negligence;

Claim II -      Misrepresentation and intentional tort-coercion.

The plaintiffs do not allege any dates in support of Claim I and Claim II. There are no dates mentioned in the affidavit of

- 4 -

Loyal Egan. Rachel Egan in her affidavit refers only to July, 2000 as a relevant date.  Hadley MacPherson did not submit an affidavit.


B.    **Plaintiffs' Motion for Leave to File Amended Complaint dated January 26, 2003**

The plaintiffs filed a Motion for Leave to Amend Complaint dated January 26, 2003 seeking _inter_ _alia_ to: "join The Communities' Law Center to this lawsuit...as the employer of the defendant Attorney Sally Hodgdon."

Hodgdon filed an Objection dated February 7, 2003 to the plaintiffs' Motion for Leave to Amend Complaint on the grounds that:

1.   The plaintiff, Hadley MacPherson Egan, refused to provide counsel for the defendant with a copy of the proposed Amended Complaint;

2.   The plaintiffs failed to attach a copy of the proposed Amended Complaint to the Motion to Amend Complaint so that the court and counsel for the defendant could (a) review the text of the proposed amendment and (b) determine whether the proposed amendment relates back to

- 5 -

the date of the original complaint pursuant to Rule 15(c) of Federal Rules of Civil Procedure (FRCP).

3.    The plaintiffs have failed to establish that the proposed addition of The Communities' Law Center as a party defendant relates back to the date of the original complaint pursuant to Rule 15(c)(2) and (3) FRCP.

4.    The claims of the plaintiffs are barred by the statute of limitations.


C.    **Hodgdon's Motion to Transfer and Consolidate dated January 29, 2003**

Hodgdon pursuant to § 42(a) FRCP filed a Motion to Transfer and Consolidate, dated January 29, 2003, to transfer and consolidate the instant case with Hadley MacPherson a/k/a Lisa Egan , et al v. John Berman, et al, Case No. 302 CV 1309 (AVC) since both involved common questions of law and fact.

D.    **April 9, 2003 Status Conference and Court's Rulings on Hodgdon's Motion to Consolidate and Plaintiffs' Motion to Amend Complaint**

At a status conference on April 9, 2003, the Court heard argument on Hodgdon's Motion to Consolidate dated January 29, 2003,

- 6 -

the plaintiffs' Motion for Leave to Amend Complaint dated January 26, 2003 and Hodgdon's Objection thereto dated February 7, 2003.

The Court denied Hodgdon's Motion to Consolidate without prejudice (Exhibit B, pg. 12) and denied the plaintiffs' Motion to Amend the Complaint "...to the extent the motion seeks to add a new party." The Court did order that plaintiffs' may file an Amended Complaint as of right on or before May 7, 2003."

In regard to the to the plaintiffs' Motion for Leave to Amend Complaint and Hodgdon's Objection thereto, the following colloquy took place between the Court and Hadley MacPherson:

| | |
|---|---|
| THE COURT: | Yes, The Community Law Center. You would have to show-Because I take it you would argue that the time for the statute of limitations as to that entity has run? |
| MS. MACPHERSON: | Right. I didn't realize at that time my mistake. |
| The Court: | So the argument is because the statute of limitations has otherwise run, unless you can demonstrate that that claim relates back, meaning its one that should be treated as having been brought in effect at the same time as your claim against Hodgdon, then to permit the amendment would be futile because it would simply be dismissed or summary judgment would be granted on Statute of Limitations grounds. And in connection with that, I wanted to understand perhaps a little better why you think you want to sue that |

- 7 -

entity. The impression I had from your papers is that you were concerned about whether or not there would be malpractice insurance available to cover the claims against Attorney Hodgdon. Is that part of your concern?

Ms. MacPherson:     At the present time, because that is the only thing I don't know in the case, is what anybody's malpractice insurance is, I don't know how it works at Sally's firm-I'm sorry Attorney Hodgdon's firm. ....(Exhibit B, pages 14 and 15).

The Court:     ...Your only claim, we don't have the proposed complaint and so it is a little unclear still exactly what you claim against Communities' Law Center would be, but my understanding is that your claim is based exclusively on the actions of Attorney Hodgdon?

Ms. MacPherson:     They received my money, The Communities's Law Center received my money for representation.

The Court:     Right, but in terms of any wrongdoing, no one other than Hodgdon is alleged to have done anything wrong. Right?

Ms. MacPherson:     You mean any other person, individual, actual person?

The Court:     At the firm, right.

Ms. MacPherson:     I guess I feel they are responsible. She is the lead partner. She's--

The Court:     Well, I am not suggesting they are not. Just want to make sure that the

- 8 -

|                    |                                                                                                            |
|--------------------|------------------------------------------------------------------------------------------------------------|
|                    | wrongdoing that you are claiming is wrongdoing that Sally Hodgdon allegedly did.                            |
| Ms. MacPherson:    | Personally did, yes.                                                                                       |
| The Court:         | And you're in effect claiming that because she is a partner, her firm is also liable for her actions?      |
| Ms. MacPherson:    | Right.                                                                                                      |
| The Court:         | But you are not claiming that there was someone else who also did some wrongdoing?                         |
| Ms. MacPherson:    | No.                                                                                                         |

(Pages 16-18, Exhibit B attached to Motion to Strike dated April 4, 2005) (Exhibit B, copy attached hereto).

The Court also found that the issues the plaintiff, Hadley MacPherson was raising, that she did not know that The Communities' Law Center "is a nun firm" and "is owned by other religious groups" were claims that the plaintiffs had not previously brought and would be barred by the statute of limitations. (pp. 20, 21 Exhibit B).

The Court further discussed with Ms. MacPherson:

|            |                                                                                                                                                                                                          |
|------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| The Court: | Well, the other, I guess related point- and this is going back to what's in your papers, my impression was that you were concerned to sue the firm primarily to get malpractice insurance coverage and I |

- 9 -

don't know what the, if there is a policy
in this case or what it provides, but you
should be aware that it is not at all
unusual for firms to purchase policies
covering their employee and/or their
partners.

Ms. MacPherson:    So whether they are sued or not, does not
make any difference?

The Court:    It might not-If your concern is
collection of any judgment you may
obtain, it may or may not be something
you need to worry about. So I am going to
deny the Motion to Amend to the extent
that it seeks to add another party.

I'm going to grant it. Well-actually, I
am not going to grant it. What I am going
to do is to suggest this: I am going to
ask you to refile your Motion to Amend.
It does not have to be lengthy, it can be
just a short Motion to Amend...and attach
the proposed Amended Complaint, because
you did suggest some other changes you
wanted to make, and then bring in other
paragraphs if you still want to make
these changes.

Ms. MacPherson:    Right. All I did with the amendment, it's
all numbered paragraphs, It is all done
in the proper format so they can aver
properly. What I did was be specific
about the allegations. That was the only
difference. They are not new allegations
at least to me.

The Court:    Right.

Ms. MacPherson:    And even as far as the--

- 10 -

| | |
|---|---|
| The Court: | I am just going to suggest that you do this, I am going to deny your Motion to Amend in all other respects; that is, other than adding a party without prejudice and ask you to refile it. |
| Ms. MacPherson: | Okay... |
| The Court: | Just very brief form. |
| Ms. MacPherson: | Refile the motion, right. |
| The Court: | You know what? Take that back. There is no answer yet. |
| Mr. Sheehy: | Correct |
| Ms. MacPherson: | That's right |
| The Court: | And have you amended  your complaint yet? |
| Ms. MacPherson: | I didn't bring it in-- |
| The Court: | You haven't filed an Amended Complaint before? |
| Ms. MacPherson: | No, I did not ever. |
| The Court: | You have a right, as a right, you can amend your complaint once until an answer is filed so you can file your Amended Complaint |
| Ms. MacPherson: | Okay. |
| The Court: | Making those changes other than adding a party. |
| Ms. MacPherson: | Okay, and the supplement, can it be part, can I have an amended and supplemented |

- 11 -

|  |  |
|---|---|
|  | complaint as one document or do you want the two documents, my request to supplement? It was one representation continuous that she had past August 16. |
| The Court: | What you need to do is file whatever complaint it is you want against Sally Hodgdon. |
| Ms. MacPherson: | But I'm barred after August 16, or mention anything unless I do it in a supplement? |
| The Court: | Well, call it an amended complaint. Put in whatever you want to put in and if there is some problem with it. I am sure we will get a motion to dismiss the Amended Complaint but you have to put in whatever claims you want. |
| Ms. MacPherson: | Can I label it Amended and Supplemental? |
| The Court: | If you want to, sure. Amended is fine, amended is - that is all you need to say, but if you want to say amended and supplemental, that is fine too. |
| Ms. MacPherson: | Because the other problem is the original complaint alleges certain actions and does not allege the actions that took place after August 16 because I couldn't have known they were going to take place when we walked into a court at ten o'clock- |
| The Court: | That's fine. You can just call it Amended Complaint and there is no magic to the name that you put on that document. The point is you should promptly file what it is you want the file.... |

- 12 -

Ms. MacPherson:    But there was the problem with the 26. I wrote my 26(f) according to the , up to the morning of August 16.

The Court:    Okay, all right, doesn't matter.

Ms. MacPherson:    Should I throw in the rest of the allegations up to after August 16, that's part of the supplemental where I got confused on the 26(f).

The Court:    Just put in whatever complaints you have against Sally Hodgdon.

Ms. MacPherson:    Okay

The Court:    And call it an Amended Complaint and file it.

Ms. MacPherson:    and my 26(f)

The Court:    Don't worry about the 26(f). We can do it that separately. The 26(f) will be taken care of today.

Ms. MacPherson:    All right.

The Court:    So, are you aware, though, what you need to file?

Ms. MacPherson:    A new Request to Amend.

The Court:    No, you don't need to do a request.

Ms. MacPherson:    Because he didn't answer.

The Court:    You have the right to file. Just file, put together whatever your complaints are against Sally Hodgdon, not against her law firm, put them in a document called

- 13 -

                        an Amended Complaint, file it, send him a
                        copy.

Ms. MacPherson:        Okay.

The Court:             Okay.

Exhibit B, pages 27, 28, 29, 30 and 31, Lines 1-10.

###      E.    **May 14, 2004 Amended Complaint**

On May 14, 2004, thirteen months after the Court granted the
plaintiffs' Motion to File a Amended Complaint, the plaintiffs
filed an Amended Complaint consisting of <u>57</u> paragraphs and added
The Communities Law Center, Sisters of St. Joseph, Sisters of
Mercy, Sisters of Notre Dame and Daughters of the Holy Spirit as
defendants despite the April 9, 2003 Order of the Court that the
plaintiffs not add new parties as defendants.

The plaintiffs further alleged a cause of action for violation
of their civil rights under 28 USCA § 13-43, § 13-85 and § 13-83(2)
against Hodgdon.

The plaintiffs further alleged that the Superior Court in
Hartford appointed Hodgdon as attorney for the plaintiffs, Rachel
Egan and Loyal Egan (paragraph 13) and that Hodgdon committed
intentional tortious acts constituting coercion, misrepresentation,

- 14 -

fraud, deceit, legal malpractice, wilful, reckless and wanton conduct, intentional infliction of emotional distress, abuse of process, wrongful interference with prospective economic advantage and invasion of privacy. (paragraph 17).

The plaintiffs made no allegations of wrongdoing against the defendants, Sisters of St. Joseph, Sisters of Mercy, Sisters of Notre Dame and Daughters of the Holy Spirit.

**F.    Plaintiffs' Motion for Consolidation dated June 26, 2004 and Court's Denial of Same**

On June 26, 2004, the plaintiffs filed a Motion for Consolidation of the cases of <u>Hadley MacPherson (Egan), Rachel Egan, and Loyal Egan v. Attorney Sally Hodgdon,</u> Docket No. 3:01CV01 555 (SRU) and <u>Hadley MacPherson (Egan), Rachel Egan and Loyal Egan v. Attorney John Berman</u>, Docket No. 3:02CV1309 (SRU). The Court by Order dated February 17, 2005 denied the plaintiffs' Motion for Consolidation.

**G.    Plaintiffs' Consolidated Amended Complaint and Plaintiffs' Motion for Consolidation both dated March 15, 2005**

On March 15, 2005, less than a month after the Court denied the plaintiffs Motion for Consolidation, the plaintiffs unilaterally filed a Consolidated Amended Complaint consolidating

- 15 -

the instant case with the case of <u>Hadley MacPherson (Egan) v. John Berman</u> and added The Communities' Law Center, Attorney Sue Ann Shay (Shay) and Attorney Jane Kinney-Knotek (Kinney-Knotek) as defendants.

The plaintiffs also filed a Motion for Consolidation dated March 15, 2005 to consolidate the above entitled matter with <u>Hadley MacPherson (Egan), et al v. Attorney John Berman</u>, Docket No. 3:02CV1309 (SRU). The defendants filed an Objection dated April 5, 2005 to the plaintiffs' Motion for Consolidation.

In the Consolidated Amended Complaint which consists of 270 pages and 1544 paragraphs, the plaintiffs allege that Shay and Kinney-Knotek practiced law on a daily basis at The Communities' Law Center (paragraphs 90 and 92) and were partners of the defendant (paragraphs 91 and 93). The plaintiffs do not allege either Shay or Kinney-Knotek ever represented the plaintiffs.

The plaintiffs also allege a cause of action for conspiracy to violate the plaintiffs' civil rights as to the defendant, Shay, only. (paragraph 45).

### H.  <u>Hodgdon's Motion to Strike Consolidated Amended Complaint</u>

Hodgdon filed a Motion to Strike Consolidated Amended

- 16 -

Complaint dated April 4, 2005 on the grounds inter alia:

1.  The plaintiffs seek to add three additional defendants-
    The Communities' Law Center, Attorney Shay and Attorney
    Kinney-Knotek. In addition, the plaintiffs allege claims
    for conspiracy and breach of fiduciary duty none of which
    were alleged in the prior complaints.

2.  The cases of Hadley MacPherson (Egan), Rachel Egan and
    Loyal Egan v. Attorney Sally Hodgdon, Docket No.
    3:01CV015555 SRU and Hadley MacPherson (Egan), Rachel
    Egan and Loyal Egan v. Attorney John Berman, et al,
    Docket No. 3:02CV1309SRU are not consolidated.

3.  The Court by Order dated April 9, 2003 denied Hodgdon's
    Motion to Transfer and Consolidate dated June 29, 2003.
    The Court by order dated February 17, 2005 denied the
    plaintiffs' Motion to Consolidate the above entitled
    action with MacPherson, et al v. Berman, et al, No.
    3:02CV1309 (SRU) (Doc. #72) dated June 24, 2004
    Therefore, the Consolidated Amended Complaint is
    improper.

4.  At a status conference on April 9, 2003, the plaintiff

- 17 -

Hadley MacPherson Egan represented to the Court that the only attorney at The Communities' Law Center whom she claimed was responsible for wrongdoing was the defendant Hodgdon.

5.   The plaintiffs have failed to satisfy the requirements of Rule 15(c)(2) and 15(c)(3)(A) and (B) FRCP in regard to adding Attorney Shay and Attorney Kinney-Knotek as defendants and therefore, Attorney Shay and Attorney Kinney-Knotek should be stricken as defendants.

6.   Any claims against Attorney Shay and Attorney Kinney-Knotek are barred by the three year statute of limitations set forth in § 52-577 Conn. Gen. Stat. (Rev. to 1958).

7.   The plaintiffs instituted the above entitled action by complaint filed on August 16, 2001 in which they set forth two claims:

   a.   Claim I - breach of contract, legal malpractice and negligence;

   b.   Claim II - misrepresentation and intentional tort-coercion and claimed $100,000 damages and release

- 18 -

from the defendant's legal representation.

8.   In the Consolidated Amended Complaint, the plaintiffs seek to add the following additional causes of action none of which were alleged in the original complaint or in the May 14, 2004 Amended Complaint:

A.   Conspiracy between the defendant Hodgdon, the proposed defendants Shay and Kinney-Knotek and The Communities' Law Center and the defendant John Berman, et al (paragraphs 44-72, 134, 164 , 165, 167, 169, 205, 206, 207, 208, 1030-1204);

B.   Breach of fiduciary duty (paragraphs 191, 233, 234, 235, 302, 303, 307, 329);

9.   To allow the Consolidated Amended Complaint to be the Operative Complaint in this action would result in undue delay, trial inconvenience and prejudice to the rights of Hodgdon in regard to this action which has been pending against her since August 16, 2001.

The Communities' Law Center filed a Motion for Extension of Time dated August 5, 2005 to file a responsive pleading to the plaintiffs' Consolidated Amended Complaint until September 5, 2005

- 19 -

or 21 days after the Court rules on Hodgdon's Motion to Strike the
Consolidated Amended Complaint which was granted by the Court on
August 10, 2005. (#127)"

III. **Statement of Law**

The plaintiffs' Motion for Leave to Amend Complaint dated
January 26, 2003 to add The Communities' Law Center as a defendant
on the basis of respondeat superior for the claims of negligence
against the defendant, Hodgdon, dated July, 2000  are barred by the
two year statute of limitations set forth in § 52-584 Conn. Gen.
Stat.

The plaintiffs did not submit the proposed Amended Complaint
to the Court or provide counsel for Hodgdon with a copy of the
proposed Amended Complaint. The plaintiffs did not allege that
Attorney   Hodgdon,   by   her   alleged   breach   of   contract,
misrepresentation and coercion, intended to serve The Communities'
Law Center's interests or that The Communities' Law Center knew of
Hodgdon's alleged activities. Therefore, such claims are typically
not included in the doctrine of respondeat superior. See: A. J.
Foods v. Pepperidge Farm, Inc., 216 Conn. 200, 209, 210 (1990).

Rule 15(c) FRCP Relation Back of Amendments provides in

- 20 -

pertinent part:

> An amendment of a pleading relates back to the date of the original pleading, when: (1) Relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known, that but for a mistake concerning the identity of the proper party, the action would have been brought against the party...

The plaintiffs seek to add Attorneys Shay and Kinney-Knotek as defendants for claims that do not relate back to the date of the initial complaint on August 16, 2001 under Rule 15c(2)(3)(A) and (B) FRCP for the reasons that:

1. The claim asserted the Consolidated Amended Complaint of conspiracy between Shay, Kinney-Knotek and Attorney John Berman did not arise out of the conduct set forth in the original complaint;

2. The plaintiffs have not served the defendants Shay and Kinney-Knotek under Rule 4(m) FRCP;

3. The plaintiffs have not alleged that the defendants Shay

- 21 -

and Kinney-Knotek have received notice of the institution
of the action required under Rule 15c(3)(A) FRCP; and

4.    The plaintiffs have not alleged that the defendants Shay
and Kinney-Knotek knew or should have known that, but for
a mistake concerning the identity of the proper party,
the action would have been brought against them under
Rule 15(c)(3)(B) FRCP.

The plaintiffs in the Consolidated Amended Complaint have
added Attorney Shay and Attorney Kinney-Knotek as defendants
without permission of the Court. At the status conference on April
9, 2003, the Court denied the plaintiffs' Motion to Amend Complaint
"to the extent the motion seeks to add a new party." The Court
stated "the plaintiffs may file an Amended Complaint as of right on
or before May 7, 2003." The Court at the status conference on April
9, 2003 asked Hadley MacPherson whether she was claiming there was
someone else in The Communities' Law Center who did some
wrongdoing, Ms. MacPherson responded, "No." (pp. 17, 18 Exhibit B).

The causes of action of conspiracy between the defendant
Hodgdon, the proposed defendants Shay and Kinney-Knotek and The
Communities' Law Center and the defendant John Berman and of breach

- 22 -

of fiduciary duty were first asserted in the Consolidated Amended
Complaint dated March 15, 2005, do not relate back under Rule 15(c)
FRCP <u>supra</u> to the original complaint filed on August 16, 2001 in
that such claims did not arise out of the conduct set forth in the
original complaint dated August 16, 2001 concerning events which
allegedly occurred in July, 2000 and are therefore barred by the
three year statute of limitations set forth in § 52-577 Conn. Gen.
Stat. (Rev. 1958) for conspiracy and the two year statute of
limitations set forth in § 52-584 Conn. Gen. Stat. (Rev. 1958) for
breach of fiduciary duty.

The plaintiffs in their Objection dated April 30, 2005 to the
defendant Sally Hodgdon's Motion to Strike claim that the statute
of limitations is tolled by the continuing course of representation
doctrine and by fraudulent concealment of a cause of action under
§ 52-595 Conn. Gen. Stat. Neither claim is applicable to the
defendants Attorneys Shay and Kinney-Knotek.

The doctrine of continuing course of conduct or continuing
course of representation is not applicable since there is no
allegation in the Consolidated Amended Complaint that either
Attorney Shay or Attorney Kinney-Knotek ever represented the

- 23 -

plaintiffs.  The plaintiffs in the Consolidated Amended Complaint have alleged that the Court appointed the defendant, Hodgdon, as attorney for the plaintiffs, Rachel J. Egan and Loyal P. Egan. (paragraph 74).  In order to invoke the continuous representation doctrine to toll the statute of limitations as to the proposed defendants Shay and Kinney-Knotek, the plaintiffs must allege and prove:

> (1)   Attorney Shay and Attorney Kinney-Knotek continue to represent the plaintiff and

> (2)   The representation related to the same transaction or subject matter as to the allegedly negligent acts.

DeLeo v. Nusbaum, 263 Conn. 588, 597 (2003); Rosenfield v. Rogan, Nassau, et al, 69 Conn. App. 151, 166 (2002). The plaintiffs have failed to allege any of the above.

§ 52-595 Conn. Gen. Stat. (Rev. to 1958), provides:

> If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable thereafter at the time when the person entitled to sue thereon first discovers its existence.

§ 52-595 Conn. Gen. Stat. does not establish a cause of action but only tolls a cause of action. The plaintiffs in the

- 24 -

Consolidated Amended Complaint have not alleged any claims against the proposed defendant Kinney-Knotek. Since the plaintiffs have failed to allege a claim against the proposed defendant Kinney Knotek § 52-595 Conn. Gen. Stat. is not applicable to toll the statute of limitations. In addition, the plaintiffs have not alleged that the proposed defendant Shay fraudulently concealed from them the existence of a cause of action and therefore, § 52-595 Conn. Gen. Stat. is not applicable to the plaintiffs' claims of conspiracy against the proposed defendant Shay.

The claims of the plaintiffs as against the defendants Shay and Kinney-Knotek are barred by the statute of limitations set forth in § 52-577 Conn. Gen. Stat. and § 52-584 Conn. Gen. Stat.

For the reasons set forth above, Hodgdon, respectfully requests the Court to grant her Motion to Strike the Consolidated Amended Complaint.

THE DEFENDANT
SALLY HODGDON


BY_____
        Edward Maum Sheehy
        WILLIAMS, COONEY & SHEEHY, LLP
        799 Silver Lane
        Trumbull, CT  06611-0753
        Tel.  (203)  380-1741
        Fed. Bar #ct 04212

- 25 -

## CERTIFICATION

        This is to certify that a copy of the foregoing has been mailed, postage prepaid, on the date hereon to all counsel of record and pro se parties and the following:

**Hadley MacPherson (Egan) Pro Se**
**2015 McKenzie Creek Drive**
**Charlotte, NC  28270**

**Loyal B. Egan**
**2015 McKenzie Creek Drive**
**Charlotte, NC  28270**

**Rachel J. Egan**
**2015 McKenzie Creek Drive**
**Charlotte, NC  28270**

**Louis B. Blumenfield, Esq.**
**Cooney, Scully & Dowling**
**Ten Columbus Boulevard**
**Hartford, CT  06106**

**Elizabeth K. Andrews, Esq.**
**Tyler Cooper & Alcorn, LLP**
**205 Church Street**
**P.O. Box 1936**
**New Haven, CT  06509-1910**

_____
**Edward Maum Sheehy**

        \