# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

### AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | 3:01CV01555  SRU |
| and | |
| RACHEL EGAN | FEBRUARY 13, 2006 |
| and | |
| LOYAL EGAN | |
| Plaintiffs, | CIVIL ACTION |
| | |
| VS. | |
| | |
| ATTORNEY SALLY HODGDON | PLAINTIFF'S MOTION FOR |
| and | CONSOLIDATION OF THIS |
| THE  COMMUNITIES' LAW CENTER | CASE AND THE CASE OF |
| and | MACPHERSON V. BERMAN |
| SISTERS OF SAINT JOSEPH | ET AL,  3:02CV1309  SRU |
| and | |
| | JURY DEMANDED |

**SISTERS OF NOTRE DAME**

and

**SISTER OF MERCY**

and

**DAUGHTERS OF THE HOLY SPIRIT**

Defendants

# PLAINTIFFS' MOTION FOR CONSOLIDATION OF CASES

# MACPHERSON, EGAN V. BERMAN ET AL, 3:02CV1309

# MACPHERSON, EGAN V. HODGDON ET AL, 3:01CV01555

The plaintiffs, Hadley Macpherson, Rachel Egan, and Loyal Egan, respectfully request that based on the facts and claims as set forth in the plaintiffs newly filed Amended Complaint dated February 10, 2006, that the two cases known as of Macpherson, Egan v. Berman, 3:02CV1309, and Macpherson, Egan v. Hodgdon, 3:01CV01555 be consolidated.

When common questions of law and fact are involved in two actions, they should be consolidated . *Masterson v. Atherton*, 223 F. Sup. 407, affirmed 328 F.wd 106. D.C. Conn. 1963.

§ 42 FRCP provides in pertinent part:

> a.   Consolidation.  When actions involving a common question of law or fact are pending before the Court, …. It may order all the actions actions consolidated and it may make such orders concerning proceedings therein <u>as made tend to avoid unnecessary costs or delay.</u>   (*underline added*)

The Amended Complaint dated February 10, 2006 sets forth common questions of fact and common questions of law to be decided, as well as alleges that the defendants in the two cases of 3:02CV1309 and 3:02CV01555 conspired together to commit numerous intentionally tortious acts against the plaintiffs, Hadley Macpherson, Rachel Egan, and Loyal Egan, acts

which

the defendants in both cases then tortiously committed in concert with the intentional design of harming the plaintiffs, and depriving them of their Civil Rights.

The plaintiffs, Hadley Macpherson, Rachel Egan, and Loyal Egan, suffered harm as a result of the tortious acts that were committed in concert by the defendants of both 3:02CV1309 and 3:01CV0155, a harm and suffering that was made exponentially greater by the joint commission of the torts committed.

If the defendants in the two cases known as 3:02CV1309 and 3:01CV01555, did in fact conspire together to commit the intentionally tortious acts against the plaintiffs, Hadley Macpherson, Rachel Egan, and Loyal Egan, as alleged in the plaintiffs newly filed Amended Complaint dated February 10, 2006, and then jointly committed those intentionally tortious acts against the plaintiffs, Hadley Macpherson, Rachel Egan, and Loyal Egan, and aid and abetted each other in the commission of those intentionally tortious acts, then the defendants in both cases should be made to answer for the whole of their tortious acts, tortious acts which began from the point of their conspiratorial design, and not from the point of their commission.

If the facts alleged in the plaintiffs' newly filed Amended Complaint dated February 10, 2006 are true, then the plaintiffs, Hadley Macpherson, Rachel Egan, and Loyal Egan, should not , in the interest of justice and fairness, be made to suffer the expense, the effort, and the time, to prove their case twice.

It is the defendants who benefit from separate Trials.

If the plaintiffs' Amended Complaint dated February 10, 2006 is taken as true, and the defendants in the two cases did in fact conspire to commit the intentionally tortious acts and

offenses alleged, and jointly committed the tortious acts and offenses alleged, they should not be afforded the luxury of obtaining a full view of the plaintiffs case in advance at the first Trial, or a full view of the plaintiffs strategy in presenting her case in advance at the first Trial, an advance and premature view which would only benefit the defendants in enabling them to prepare for a later and better defense to that which would now be fully known of, and unfairly anticipated, before the second Trial ever began.

If the plaintiffs' Amended Complaint dated February 10, 2006, is taken as true, and the defendants in the two cases did in fact conspire to commit the intentionally tortious acts and offenses alleged, and did in fact jointly commit the intentionally tortious acts and offenses alleged, they should not be afforded the luxury and benefit of being able to hear the case against them in advance, but without being a full participant bearing the same liability for he answers given, and being able to the questions and testimony obtained from the first Trial to better prep themselves on how to form better answers to the same questions and evidence presented in the second Trial, answers that would be tweaked to better protect the remaining defendants, in the remaining case, the second time around.

In that instance, the jury in the second Trial would not be afforded the full, honest, and spontaneous response from the defendants, or the other witnesses Subpeonaed, that they might otherwise have gotten, had the parties and witnesses testifying not known the plaintiffs case in full already, and not already had the opportunity to rehabilitate, in advance, the framing of his or her answer already given at the first Trial.

The defendants in whichever case would come second would have gained a substantive advantage over the plaintiffs, an advantage which is in all ways unjust if the defendants in the two cases known as 3:01CV01555 and 3:02CV1309 committed the acts alleged, and committed

3

those acts together.

If the plaintiffs' Amended Complaint dated February 10, 2006, is taken as true, and the defendants in the two cases did in fact conspire to commit the acts and offenses alleged, and jointly committed the acts and offenses alleged, then they should be held up before a jury in the manner in which they tortiously acted, a manner which afforded them the benefit of exerting greater power to harm the plaintiffs, and which caused the plaintiffs to suffer greater harm.

If the in-state defendants in the two cases of 3:01CV01555 and 3:02CV1309 did in fact commit the offenses alleged in the plaintiffs newly filed Amended Complaint dated February 10, 2006, and committed those offenses full knowing that they were committing their wrongs against out of state residents who had little or no resources, and who would be made to bear and suffer a greater expense and burden by virtue of the distance to travel, and the expenses associated with that distance, if they chose to attempt to seek remedy for the wrongs committed against them by the in-state defendants, then the out of state plaintiffs who now reside in North Carolina for health reasons, should not have to seek justice for the wrongs committed against them by being made to unnecessarily suffer the cumulative and redundant expenses and burdens of double the travel and double the litigation costs in order to find that justice.

The plaintiffs knew there was no prejudice or unfair surprise suffered to the defendants by the plaintiffs drafting and filing their Amended Complaint in Consolidated form, as the defendants could have anticipated nothing else since the time that the plaintiffs filed their Request for a Stay of Process and Stay of Responses back on June 2, 2004, a Request for a Stay of Process and Stay of Responses alleging the discovery of acts of Fraud, Conspiracy, Fraudulent Non-Disclosure, and Fraudulent Concealment, which the plaintiffs claimed now necessitated the re-drafting of their previous Amended Complaints filed in both cases, and on which claim the

4

plaintiffs were granted their Request for a Stay of Process and Stay of Responses back on June 14, 2004.

As of that date of June 2, 2004, the defendants in both of these two cases knew full well that the new allegations intending to be alleged, allegations for which the Court had on June 14, 2005, granted the plaintiffs permission to allege, however those allegations were pled, would result in allegations of Conspiracy, Fraud, Fraudulent Non-Disclosure, Fraudulent Concealment, and Breach of Fiduciary Duty, against them both and all, and therefore the defendants must have expected that the two cases would ultimately be Consolidated, and could therefore not have suffered any prejudice or unfair surprise when the plaintiffs chose to file their second Amended Complaint in consolidated form.

Acting in concert to commit an intentional Tort, or a criminal offense, means Conspiracy.

An attorney who engages in a conspiracy with another attorney to harm or trade off the rights of their own clients, or whose own interests or the interests of the other attorneys client is directly adverse to their client, or in a conflict of interest with their client, can only result in a Breach of Fiduciary Duty, Fraud, Fraudulent Non-Disclosure, and Fraudulent Concealment, as well only result in the very nature of the other Torts previously known and alleged to have been committed having now changed their color and kind, in light of the Conspiracy now known of.

Acts born out of a Conspiracy engaged in by attorneys, and the acts of Fraud committed to cover and hide the existence of the conspiratorial relationship, necessarily join the defendants in these two cases together as a result of their having jointly committed numerous tortious acts, acts which having been committed jointly then require the plaintiffs to allege their Amended Complaint in a manner that complies with the Federal Rules relating to mandatory Joinder and Consolidation.

Under the Federal Rules of Civil Procedure, a Complaint is to be drafted in a manner that can be reasonably expected to inform a defendant of the allegations being made against him.

Actions between the same parties and based substantially on the same grounds would be consolidated upon plaintiffs' motion where it appeared that time, effort and expense would be spared by such consolidation. . Broth v. Redmond, 194 A.2d 531, 24 Conn. Sup. 467 Conn. Super. 1963

Modern concept favors determination of related matters in single action. Redmond v. Matthies, 180 A.2d 639 , 149 Conn. 423 Conn. 1962.

The propriety of joinder of actions involving multiple parties depends on whether claims involve common question of law or fact, not whether same general principle s of law are applicable. Federal Housing Admr. v. Chritianson, 26 F. Supp. 419. D.C. Conn. 1939

A cause of action comes within statutory requirement that it shall affect all parties to the action if each defendant is so related to group of facts constitution primary basis of liability that upon proper proof recovery may be had against him. Veites v. City of Hartford, 58 A.2d 389, 134 Conn. 428 Conn. 1948.

An action in negligence against two defendants and an action for conspiracy to defraud against the same two defendants and a third defendant , were properly joined in the same complaint. Zweeres v. Pashalinsky, 7 Conn. Supp. 45 Conn. Super. 1939

Conspiracy is a plan entered into by at least two parties to cause deliberate harm or detriment to a third party, or to deprive a third party of some legal right.

Conspiracy therefore cannot be alleged separately, and can only be alleged jointly, as the Federal Rules governing mandatory Joinder would defeat any Amended Complaint that did not

seek to join the individuals named as a conspirators in the commission of the tortious acts which the plaintiffs was now seeking legal relief for.

While it is true that in that very same Order issued by the Court on February 17, 2005, the Court did deny the plaintiffs previous request for Consolidation of these two cases known and referred to as 3:01cv01555 and 3:02cv1309, the Court however specifically stated that its denial of the plaintiffs Request to Consolidate was based on the lack of sufficient commonality of the parties, facts, circumstances and issues of law previously alleged in the plaintiffs previous Amended Complaint filed back on May 14, 2004.

The February 14, 2005 Order specifically read:

> "Based on the amended complaints in these cases, both of which were filed on May 14, 2004, there do not appear to be sufficient parties or issues in common to warrant consolidation."

> [Order of February 17, 2005, Judge Stefan Underhill]

The wording itself, in saying "there do not appear to be sufficient" is a wording that left open the door that if there should "appear to be sufficient" parties or issues in common to warrant consolidation, that the Court would still entertain the idea of Consolidation.

The Order dated February 17, 2005, was not stated in words that expressed an absolute bar to Consolidation, or an absolute bar to the plaintiffs filing their new Amended Complaint in Consolidated form.

The Order dated February 17, 2004, was merely stating that under the facts, parties, circumstances, and issues of law previously alleged, as previously presented in the plaintiffs Amended Complaint dated May 14, 2004, that the Court did not feel that Consolidation was warrant under Rule 42 of the F.R.C.P., and that if, when the plaintiffs filed their second

Amended Complaint, the facts, parties, events, and issues of law were found to be in common enough to warrant Consolidation under Rule 42 of the Federal Rules of Civil Procedure, that Consolidation could still be granted, as it was not denied with prejudice.

It is human nature for the defendants to be adamantly opposed to the Consolidated form of the Amended Complaint, as no defendant wishes to be linked to the tortious acts of another, and the consolidated form of the second Amended Complaint leaves little doubt or question as to who was involved with who, and who did what and where.

The defendants, as attorneys themselves, know that a Conspiracy is rarely proved by a witness to the conversations forming or perpetuating that conspiracy, as the very nature and purpose of a Conspiracy is that the plan and actions entered into be arranged in secret, and carried out in secret.

The defendants, as attorneys themselves, know that a Conspiracy is can only be legally proved by the logical and obvious relationship of the individuals, facts, and circumstances, involved in, and surrounding, each individual tortious or criminal event, and by the reasonable juror having come to the deduction after evaluating the relationship of those individuals, facts and circumstances alleged, that were it not for a conspiracy, the tortious or criminal event would not, or could not, have occurred in the manner that it did.

It is well settled that a corporation may be a party to a conspiracy. New have Metal & Heating Supply Co. v. Flanagan 6 Conn. Sup 488  Conn. Super. 1938.

In a conspiracy, the parties engaged in it are all principal, and each of them is responsible not only for his own fraud, but for the fraud of all the parties combined with him in the common design. Ashmead.v. Colby 26 Conn. 287.  Conn. 1957

It is the fear of just such an evaluation and deduction that the defendants in these two

cases of 3:01cv01555 and 3:02cv1309 that now motivates the defendants to Object to the plaintiffs' Request for Consolidation, and not any reasonable or professional belief that Consolidation of these two cases is not warranted under Rule 42, of the Federal Rules of Civil Procedure.

The defendants in this case of 3:01cv01555 and in the case of 3:02cv1309, acted together as co-conspirators, and the plaintiffs therefore should have the right to expose their conspiratorial acts just as those acts were committed -- together, in one Consolidated Trial on the issues which concern them both.

If the allegations made by the plaintiffs in their previous Amended Complaints are taken to be true, particularly given that no single defendant in either this case of 3:01CV01555 or the case of 3:02CV1309 has ever attempted to dispute those allegations made in the plaintiffs March 15, 2005 Consolidated Amended Complaint, then the defendants in the two cases should not be afforded the privilege and protection of being able to appear less culpable by being allowed to answer only for their own singular deeds rather than for the deeds of their co-conspirator as well

A mans wrongs are what they are, and he is not allowed to be let off the hook for them, or complain of his being prosecuted for them en masse purely because they have stacked up higher than he should like to be held accountable for.

If the defendants in the two cases did act in concert as the plaintiffs allege, and did deliberately and Fraudulently Conceal the nature of their relationships, and the true cause of action that the plaintiffs were entitled to bring against them for their bad acts, then the plaintiffs, as the ones innocent of any involvement in that wrongdoing, should be afforded the ability to plead their case in the manner that they would have pled had they known from the beginning what they know now.

If the defendants in the two cases acted in concert as the plaintiffs now allege, and the defendants Fraudulently Concealed the nature of the true cause of action that the plaintiffs were entitled to bring against them, then the plaintiffs now having learned of that true cause of action, should not be penalized for trying to litigated the cases in the most efficient manner possible, and in the manner which would most likely demonstrate that the defendants acted in concert.

The plaintiffs contend that the Court gave them permission to Amend their Complaint, and that under the number of allegations, facts, events, witness, and parties in common to this case of 3:01cv01555 and 3:02cv1309, as alleged in the plaintiffs newly filed Amended Complaint dated February 10, 2006, consolidation is fairest to all parties, and in the best interest of judicial economy.

There is no confusion in one Trial on all issues, where every connection is cleanly and clearly seen in light of each other.

There is likely to be confusion in two separate Trials, where large portions of information which point to Conspiracy and Fraudulent Concealment between the defendants of the two cases would be missing, forgotten, or misinterpreted from one case back and forth to the other.

Not only would such litigation be difficult, but it is a prejudice to the plaintiffs ability to make their case.

The defendants again, in both cases, would be afforded the ability to testify to the same events twice over, and be afforded the ability to alter or tweek their testimony based on the testimony of the other witnesses heard in the other case.

Regardless of which case would go to Trial first, the defendants in both cases would be afforded the unfair opportunity to aid the defendants in the other case by their testimony given, te

unfair ability and advantage to prematurely view the manner in which the plaintiffs would bring forth their evidence, as well as prematurely hear the questions that the plaintiffs would be intending to ask in advance of their ever having to take the witness stand in their own case.

The plaintiffs strategy would be prematurely exposed, and the plaintiffs would be forced to litigate the same case twice without the jury ever being afforded the opportunity view the actions of the defendants in complete relationship to each other.

After the one case was finished, the defendants in that case would have no incentive to speak truthfully, or even to participate in the second case, as there would be no recourse for plaintiffs if they chose not to be forthcoming, chose to tweek their testimony, or simply chose to make repeated excuse for not answering their Subpeonas.

All consequence that could be suffered to such a defendant would no long exist, as their case would already have reached completion, and a verdict already rendered.

The Courts are required to accept all facts of a well pleaded or adequately pleaded Complaint as true, and allow the plaintiffs to have their day on the issues and facts alleged.

If the defendants are innocent of conspiracy, and fraudulent non-disclosure, and fraudulent concealment of inappropriate relationships with individuals adverse to the plaintiffs, and in conflict of interest with the plaintiffs, then a consolidated Trial would surely prove that innocence, as clarity and completeness can only bring justice.

If at a Consolidated Trial it appears that the plaintiffs created a circus out of nothing, and the plaintiffs produced no evidence or testimony for their claims, then the falsity of their claims would immediately be apparent to the jury, and the plaintiffs would fail miserably as to all defendants, in both cases, instantly.

There would be no possibility of the plaintiffs suffering a loss in one case, and yet

retaining the possibility of success in the other.

By seeking to consolidate, the plaintiffs, if unable to make their case, lose everything.

That should be odds that the defendants, if innocent of wrongdoing, should be jumping to grab at.

The plaintiffs are willing to risk their entire case on only one game because they know that the allegations they alleged in their second Amended Complaint dated March 15, 2005, are truthful.

If the defendants in both this case of 3:01cv01555 and in the case of 3:02cv1309, had the same certainty of mind and conscience they too would be, under the logic stated above, desiring Consolidation of the two cases, as the best and most expedient  means to do away with the cases justly, quickly, and at the least expense incurred to the defendants.

It cannot be legitimately argued against that  the defendants as well as the plaintiffs, would spend less money defending one case at Trial rather than two, and that the plaintiffs, who do not have equal benefit of staff to aid them, or financial resources to support them, would likewise spend less of the resources they do have, litigating one Trial rather than two.

Further, the plaintiffs are residents of North Carolina, and two of the plaintiffs are children in high school and college.

If the plaintiffs allegations, as alleged in the plaintiffs newly filed Amended Complaint dated February 10, 2005, are true and accurate, then the plaintiffs should not have to travel 850 miles north in order to fight for justice twice.

The plaintiffs further argue , that given  the number of allegations, facts, events, witness, and parties in common to the two cases, Consolidation is fair to all, and a Consolidated Trial on the issues, is in the best interest of judicial economy.

Two separate Trials would require double the time, double the expense, and double the time expended for every aspect of the two cases, which would in effect be tried in reverse.

Attorney Edward Sheehy himself, back on January 29, 2003, previously argued for consolidation of these two cases on behalf of his then sole client, the defendant, Attorney Sally Hodgdon, and based that argument on his contention that there were sufficient facts, events, and issues of law in common to the two cases, as to necessitate and warrant Consolidation under Rule 42 of the Federal Rules of Civil Procedure.

Attorney Edward Sheehy, on behalf of his then sole client, the defendant, Attorney Sally Hodgdon, back on January 29, 2003, specifically argued that Consolidation was necessary because the two cases had common questions of law and fact that required Consolidation under Rule 42, stating:

> "The defendant Sally Hodgdon pursuant to FRCP 42(a) respectfully requests the Court to transfer the above entitled matter and consolidate it with Hadley Macpherson a/k/a/ Lisa Egan, et al v. John Berman, et al, case no. 3:02 cv 1309 (AVC) <u>since both cases involve common questions of law and fact</u>." (*underline added*)
>
> [Exhibit 1 - Defendant Hodgdon's Motion for Transfer and Consolidation dated January 29, 2003]

Further, in his Memorandum of Law dated that same day of January 29, 2003 filed in support of his Motion for Transfer and Consolidation, Attorney Edward Sheehy fervently argued that <u>same position for five (5) full pages</u>, <u>solely basing his legal argument</u> and request for Transfer and Consolidation <u>on nothing else but the premise</u> that <u>the two cases known as 3:01cv01555 and the case of 3:02cv1309 had common questions of law and fact that required consolidation under FRCP Rule 42</u>.

Attorney Edward Sheehy made no mention of inconvenience of forum as to the Bridgeport Courthouse, and gave no other reason, practical or legal, for his request to transfer the case to Hartford, and have it consolidated with the case known as Macpherson et al v. Berman et al, 3:02cv1309.

Further still, for the first four pages of his Memorandum of Law dated January 29, 2003, Attorney Edward Sheehy, cited in specific detail, the parties, events, facts and circumstances involved in the two cases known as 3:01cv01555 and 3:02cv1309, parties, facts, events, and circumstances that he believed, and was fervently contending, were in common enough to require this Court to Consolidate the two cases under FRCP Rule 42 and have them transferred up to Hartford.

Finally, Attorney Edward Sheehy, on page 4 and 5 of his Memorandum of        Law dated January 29, 2003, he culminated his citing of the parties, events, facts and circumstances, and issues of law he believed to be in common between the two cases, with the following legal argument to support his request for Consolidation:

> "      The defendant Hodgdon has filed the instant Motion to Transfer
> and Consolidate the above entitled action with the action entitled Hadley
> Mapcherson, et al vs. Berman, et al, case no. 3:02 CV 1309 (AVC)
> pursuant to FRCP 42(a) for the reason that both cases involve common
> questions of law and fact. (*underline added*)
>
>      § 42 FRCP provides in pertinent part:
>
> a.   Consolidation.  When actions involving a common question of law
>      or fact are pending before the Court, …. It may order all the actions
>      actions consolidated and it may make such orders concerning
>      proceedings therein as made tend to avoid unnecessary costs or
>      delay.   (*underline added*)
>
>      As indicated above, the aforementioned actions involved common
> questions of law and fact arising out of the aforementioned dissolution action
> in regard to the plaintiffs' claims in relation to child support and visitation as

to the defendants, Hodgdon, Berman, and Paul Egan, and therefore the above entitled matter should be transferred and consolidated with Hadley Macpherson et al v. Berman, et al pursuant to FRCP 42(a). Devlin v. Transportation Communications International Union , 175 f 3d 121, 130  (CA 2 1999). "   (*underline added*)

[Defendant Hodgdon's Memorandum of Law in support of her Motion for Transfer and Consolidation, dated and filed January 29, 2003.]

Under Rule 11 of the Federal Rules of Civil Procedure, Attorney Edward Sheehy is disallowed from putting forth an argument that he does not  believe is sound, or that he does not believe is legitimately premised on the controlling law as applied to the particular facts of the case, and his belief must be based on his having made a reasonable inquiry into the particular facts of the case prior to arguing his position.

Therefore, Attorney Edward Sheehy, back on January 29,2003, having then been the attorney for the defendant, Attorney Sally Hodgdon, for over a year, and having obviously investigated the particular facts of this case before filing his Motion for Transfer and Consolidation, must have been sincere when he made his argument in favor of Consolidation back on January 29, 2003, and must have, at that time, believed that there were actual common questions of law and fact that required or necessitated Consolidation of the two cases under Rule 42, "to avoid unnecessary costs and delay.".  [quoted from Defendant Hodgdon's January 29, 2003 Memorandum of Law]

If Attorney Edward Sheehy were insincere back on January 29, 2003, and did not actually believe in his argument made in favor of Consolidation and Transfer when he made it, he would be guilty of making an insincere argument solely for the purpose of attempting to forum shop, in order to gain unfair advantage over the plaintiffs by having the case consolidated,

15

transferred, and tried in Hartford where the defendant, Attorney John Berman, who having held the office of Probate Judge for over a decade, and the office of State Representative, was a person of influence, and where the citizens in that community and the surrounding communities who had voted him into public office and given them their trust, would be among the jury pool.

As such an ill motive could not have been the motive for Attorney Edward Sheehy's asking that this case to be Transferred and Consolidated with the case of 3:02CV1309, then Attorney Edward Sheehy's argument which he once believed in enough to argue for back on January 29, 2003, must still stand as the argument he believes in now.

Yet, in his Objection to Consolidation filed this April 5, 2005, Attorney Edward Sheehy now argues the exact opposite belief and position to that of his previous argument of January 29, 2003, stating:

> "Hadley Macpherson Egan, et v. Sally Hodgdon and Hadley Macpherson Egan, et al v. John Berman, et al, <u>do not involve common questions of law and fact</u>" (*underline added*)

> [Defendant Hodgdon's Objection to Consolidation, April 5, 2005, page 4, item # 7]

It is difficult therefore to understand how Attorney Edward Sheehy can take the opposite position and argue the opposite argument in his recent Objection to Consolidation dated April 5, 2005, when he has failed to cite, or relate any change in the parties, facts, circumstances or events that could have destroyed his previous belief in the argument in favor of Consolidation that he fervently put forth back on January 29, 2003.

The facts, parties, events, and circumstances did not change, but in fact only became more entwined with each, and more dependent on each other, given the allegations now made in the plaintiffs Amended Complaint dated March 15, 2005.

16

Unless Attorney Edward Sheehy, were to offer up a legitimate reason for his direct flop in his position on the issue of Consolidation, his present argument as stated in his Objection to Consolidation filed this April 5, 2005, <u>cannot actually be considered</u>, as an attorney cannot alter their position to the exact opposite position from which they once argued before the Court, <u>without offering a legitimate explanation for that change in position.</u>

Flopping on an issue, when the flop is solely premised on a party's desire to hold on to what he now perceives to be a windfall of an advantage, and <u>not premised on the controlling law when applied to the particular facts of the case</u>, is disallowed by Rule 11, and if disallowed by Rule 11, ought not to be considered as a fair legal argument, as the argument is merely intended to prevent a just determination of the actual case on its merits.

Having a desire to look less guilty for the sum of one's wrongs, and to avoid having them aired out in total, cannot legally justify a position taken against Consolidation, as any such justification could never legally justify a Decision against Consolidation.

As for the plaintiffs flop on the issue, Attorney Edward Sheehy is of course correct that the plaintiffs themselves switched their position on Consolidation to the direct opposite of their position previously argued in March of 2003.

And though not attorneys, the plaintiffs too must obey the tenants of logic and the mandates of Rule 11 when arguing, and therefore too cannot switch their position on an issue and expect that new position to be considered without offering up a good, reasonable, and justifiable reason for the switch in their position .

The plaintiffs contend however, that they did offer up a legitimate reason for their change in their position on the issue of Consolidation, and stated that reason in their Request for Consolidation dated March 15, 2005.

The plaintiffs legitimately argued that they themselves have only switched their view on Consolidation due to their having now learned of connections and events between the defendants in the two cases that they had not previously know of before, or known of back when they argued against Consolidation in March of 2003, connections and events which were Fraudulently Non-disclosed and Fraudulently Concealed from them, which connections and events were always within the knowledge of the defendants in both of the two cases sought to be consolidated, and

which only now being learned of by the plaintiffs, have altered the very claims made and complexity's involved in those claims relating to all parties in the two cases, their relationships, the events that occurred, and everything that must as a result of that alteration, now be proved.

For either of the defendants in the two cases of 3:01CV01555 or 3:02CV1309 to oppose Consolidation on the basis of expense or trial inconvenience is illogical, as everything would have to be performed twice if the cases are kept separate, and all expenses born twice by all.

The defendants only wish to thwart the plaintiffs ability to hold them fully accountable because they know that jury would view and evaluate their individual acts as more heinous if agreed to in advance, and aided and abetted, with full knowledge of the harm being done.

That however, if the facts as alleged in the plaintiffs newly filed Amended Complaint dated February 10, 2006, is a view and evaluation the plaintiffs are entitled to.

Wherefore, the plaintiff, Hadley Macpherson, Rachel Egan, respectfully request Consolidation of the two cases known as 3:01CV01555 and 3:02CV1309.

Rachel Egan
2015 McKenzie Creek Drive
Charlotte, North Carolina, 28270
(704) 675 - 5252

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina 28270
(704) 675 - 5252

Loyal Egan
2015 McKenzie Creek Drive
Charlotte, North Carolina, 28270
(704) 675 - 5252

## CERTIFICATION

This is to certify that a copy of the foregoing was sent/delivered this day of February 10, 2006 to to Attorney Edward Sheehy at Williams, Cooney & Sheehy at 799 Silver Lane, Trumbull 06611 appearing for the defendants Attorney Sally Hodgdon and The Communities' Law Center Inc.; to Attorney Elizabeth Andrews at Tyler, Cooper & Alcorn at 205 Church Street PO Box 1936 in New Haven CT 06509, appearing for the defendants the Sisters of Notre Dame and the defendant the Daughters of the Holy Spirit, and  to Attorney Louis Blumenfeld at Cooney, Scully, & Dowling, at 10 Columbus Blvd., Hartford, CT 06106 appearing for the defendants the the Sisters of Mercy and the defendants the Sisters of Saint Joseph.

Rachel Egan
2015 McKenzie Creek Drive
Charlotte, NC   28270
(704) 675 - 5252

Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina
(704) 675-5252

Loyal Egan
2015 McKenzie Creek Drive
Charlotte, NC   28270
(704) 675-5252