# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

FILED

2006 FEB 14 P 3: 24

## AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | 3:01CV01555 SRU |
| and | |
| RACHEL EGAN | FEBRUARY 13, 2006 |
| and | |
| LOYAL EGAN | |
| Plaintiffs, | CIVIL ACTION |
| VS. | |
| ATTORNEY SALLY HODGDON | PLAINTIFFS |
| and | LETTER / AFFIDAVIT |
| THE COMMUNITIES' LAW CENTER | REQUESTING |
| and | PERMISSION TO FILE |
| SISTERS OF SAINT JOSEPH | AMENDED COMPLAINT |
| and | LATE BUT AS TIMELY |

**SISTERS OF NOTRE DAME**

and

**SISTER OF MERCY**

and

**DAUGHTERS OF THE HOLY SPIRIT**

Defendants

**JURY DEMANDED**

h    **<u>PLAINTIFFS LETTER / AFFIDAVIT REQUESTING</u>**

**<u>PERMISSION TO FILE AMENDED LATE BUT AS TIMELY</u>**

The plaintiffs respectfully request that their Amended Complaint be allowed in as timely.

The plaintiff, Hadley Macpherson, respectfully relates the following events in support of the plaintiffs' request:

The plaintiff, Hadley Macpherson, swears to the facts below.

This Court, on January 18, 2006, after a Hearing at which all parties were present, instructed the plaintiffs to file an Amended Complaint by which to cure the defects in the previously filed, but now stricken, Amended Complaint dated March 15, 2005.

The Court gave the plaintiffs up until, and including, the date of February 10, 2006 to file that newly Amended Complaint, and to serve the opposing counsel.

The Courts Order was the same in both this case and the case of Macpherson v. Berman, 3:02CV1309.

The plaintiffs, being in North Carolina, as the District Court, and all counsel are aware, cannot physically and immediately drive over their pleadings or Motions, and deliver them in hand as the counsel for the defendants can, due to the 800 mile distance that separates them from the District Court in Bridgeport Connecticut, and therefore, in order to meet any deadline, but attempt to ensure through outside means that their documents reach the Courthouse before the deadline is over.

Typically, that means that the plaintiffs must mail their documents by the use of Fed Ex Overnight Priority, so that they can track their pleadings journey, know when their pleadings

arrived, or know if they never made it at all, a knowledge that would not in any way cure the fatal defect of the document arriving to the District Court too late.

That extra effort of Fed Ex Priority never assures that the pleadings or Motions will actually arrive at the District Court, on the given deadline, as the plaintiffs cannot control third party carriers.

At least three times in the history of this case and the case of 3:02CV1309, and in the case of 3:02CV1973, the plaintiffs pleadings and Motions have been left behind at the hub facility in Stratford Connecticut, causing them to be delivered late.

The plaintiffs therefore were already nervous about having to have mail, or Fed Ex , their Amended Complaint, to the District Court, and the five (5) sets of counsel in this case and the case of 3:02CV1309,  by February 10, 2006.

While all motions and pleadings served on opposing counsel are typically deemed as having been <u>served on their date of mailing</u>,  the plaintiffs were worried that if even one (1) of the five envelopes did not make it to the law offices and home of the opposing counsel, or make it their on time, or being accused of not having made it there on time, that the plaintiffs would then lose this case, on the accusation that the documents were not "served" on February 10, 2006, in hand.

Attorney James Wade's statement and question posed to the Court at the very end of the Hearing, later worried the plaintiff, Hadley Macpherson, because she wondered if what was being stated or implied, was that the plaintiff had to <u>ensure</u> that each of the five envelopes directed at the five counsel in the two cases, be delivered in hand by the date of February 10, 2006, a certainty of date of delivery that again the plaintiffs could not make certain of through a

third party carrier.

Further, given that the pro se, Paul Egan, has no law office, and is not at home in the day when Fed Ex delivers, there could be little assurance as to the date certain of delivery to as to him, so that his Amended Complaint in particular, could be accused of never having arrived, or could never in fact not be delivered if no one was home willing to sign for its acceptance.

The defendant, Paul Egan, refuses to receive any papers or contact at his place of work, regarding this case, so all contact and papers sent must be sent to his P.O. Box 83 in Centerbrook Connecticut.

Given all of the above, the possibility was open that the counsel for the defendants could claim that they had not been served in hand by or on the date of February 10, 2006, and then claim that their lack of service rendered the arrival of the Amended Complaint in the District Court, timely or not, as being without effect, and able to be dismissed, and the plaintiffs would be left having to argue by Motion, after the fact, as to whether service was complete upon mailing in this case, and in particularly, should be complete upon mailing, given the distance between the parties, and the inequality of the parties' circumstances and resources.

The plaintiffs therefore were doubly concerned when the blizzard, the size of the blizzard, and the track of the blizzard made itself evident.

The plaintiffs know for a certainty that their mail, and even their Fed Ex Priority mail does not go straight to Connecticut from North Carolina, but is diverted to various hubs throughout the east, hubs which were closing due to snowfall from Alabama to Massachusetts.

The southern states in particular have no real capability to deal with ice and snow, and so that even lesser amounts of snow affect them greater, and with regards to airports, they are often

shut down because the flights going north cannot arrive in the northern cities where the snow an ice is accumulating making air travel and mail delivery impossible.

There was already news that the Charlotte Douglas Airport was going to close most of its air travel north because its flights north could not land, and that flights were delayed all over the country due to blizzard.

Worse, the plaintiffs worried that the carriers in Connecticut would not be able to deliver if the snow hit sooner, and that such a delay in service would again give rise to complaints from all opposing counsel that they not received their copies of the Amended Complaint on February 10, 2006, and that served on the date of mailing was not good enough.

As a result of the news of the weather, and the risk that even Fed Ex could be delayed, the plaintiffs chose to have a third party individual physically drive the Amended Complaints upon to the District Court, as well as the copies for all opposing counsel in the two cases, to be personally delivered on Friday, February 10, 2006.

The plaintiffs handed all copies for all of the counsel for both this case and the case of 3:02CV1309, as well as the original of the newly drafted Amended Complaint, to the third party individual, who then began the long journey north to Connecticut from North Carolina.

The plaintiff, Hadley Macpherson, kept in constant telephone contact with the individual for the entire course of their trip north on February 9, 2006 and on February 10, 2006.

On Friday, February 10, 2006, after driving nearly 800 miles, the individual turned off the Route 7 Connector, in Norwalk Connecticut, and onto I 95 heading North to Bridgeport, with an hour and fifteen minutes to spare to reach the Bridgeport District Court, only 15 miles away.

The plaintiff, Hadley Macpherson, was on the telephone with the individual when they made the turn onto I 95, as again, she was in constant contact with this individual over their cell

phone to ensure they would not get lost after such a long journey, and being fatigued.

Within minutes all traffic on I 95 was dead stopped from between Norwalk and Westport going north, either due to an accident or construction that was occurring up in Bridgport after the Lafayette Boulevard Exit.

The individual sat for over an hour in the dead stopped traffic, and was then still only going under five miles an hour before finally being able to get off at the Lafayette Boulevard Exit ramp. The time was 4:47 pm on Friday, February 10, 2006, when the individual arrived at Lafayette Boulevard in Bridgeport, as the plaintiff was still on the telephone with individual, frantic that they would not make it.

At 4:58, the individual arrived at the District Courthouse in Bridgeport, and made it just in the door just as they were locking up. The guards sent the individual upstairs to file the documents in the box, after they were to be stamped with the stamp date.

There was a guard on the floor who saw the individual stamping in the documents and putting them in the box as the lights were being turned out.

The Amended Complaints in both this case and the case of 3:02CV1309 were both stamped in at 4:59 pm and at 5:00 pm on the deadline day of Friday, February 10, 2006, and a copy of both of the covers of those Amended Complaints are attached hereto as Exhibits.

The individual also stamped all of the copies for the counsel for the defendants, at the plaintiffs instruction, so that there could be no accusation that the plaintiff had not filed on time, since it was now apparent, given the hour, that the copies of the Amended Complaints for the five opposing counsel, were now going to have to be sent by U.S. Priority mail from a local post office, instead of delivered to the law offices which were now closed.

The plaintiff believed that with the stamp date of Friday, January 10, 2006, on the copies

of the Amended Complaints for the counsel for the defendants, along with the U.S. Priority Mail envelopes bearing the date of mailing as Friday, February 10, 2006, being mailed from a Post Office within Connecticut, would prove that the plaintiffs Amended Complaint had been in Connecticut and served that same day of Friday, February 10, 2006, and but for the time, and the next day being a Saturday, and the following day being Lincoln's Birthday, those envelopes would not arrive until Tuesday, February 14, 2006.

The individual was also carrying in their automobile, two envelopes containing new Motions for Consolidation dated February 13, 2006, in two other envelopes, and the relating copies of that Motion for Consolidation, which the individual was not supposed to deliver to the District Court that day because the plaintiffs did not want the accusation again, that their new Motion for Consolidation was filed before their Amended Complaints.

The individual was instructed to merely mail the Motions for Consolidation by priority mail the next morning, or file in the District Court on Monday, if they were stuck there with the blizzard until Monday, in order to avoid another defect similar to the one just argued about in the January 18, 2006 Hearing in District Court, that being that the Motions to Consolidate were filed at the same time as the Amended Complaints.

The plaintiff was not on the telephone with the individual when they went into the District Courthourse, nor when they were stamping and filing the Amended Complaints, as all cell phones and use of cell phones are disallowed in the District Courthouse, but the plaintiff knows that the individual was there and stamped the documents from the copies she received by fax which bear the date of filing on them.

Immediately after the individual left the District Courthouse they telephoned the plaintiff

in North Carolina and told the plaintiff that they had miraculously made it inside, and that they had filed the Amended Complaints.

The plaintiff, relieved, and thinking that all was well, then instructed the individual to take the five (5) copies for the opposing counsel in this case and the case of 3:02CV1309, and mail them U.S. Priority Mail from the nearest U.S. Post Office they could find, and to do it right away so that the postage on the envelopes would prove that the envelopes had been mailed on the deadline date of Friday, February 10, 2006, since now the law offices located in New Haven, Hartford, and Trumbull would be closed, making personal delivery no longer an option, and which would have been difficult anyway with regards to the pro se defendant, Paul Egan.

The individual then telephoned the plaintiff, Hadley Macpherson, back to verify the addresses of the five (5) counsel (including Paul Egan) to be served in this case and the case of 3:02CV1309 when he was printing out the U.S. Priority Mail labels from a laptop at a Fed Ex location, and then again when he reached the Post Office.

It was then, while on the telephone with the plaintiff, Hadley Macpherson, that the individual discovered that they had too many copies of the Amended Complaint, and that the Motions to Consolidate were missing, which could only mean that the two envelopes containing the Motions to Consolidate, which were not supposed to be filed on February 10, 2006, and which were not supposed to be mailed or filed until February 13, 2006, were put into the slit in the file box instead of the two envelopes containing the Courts copies of the two Amended Complaints, and that the Amended Complaints in this case and the case of 3:02CV1309, though making it into the District Court in time, and being stamped in at 4:59 pm and 5:00 pm, were now not filed at all.

There was not time on Friday evening, nor any means, to rectify what had occurred, and

the possibility of making any explanation was further hindered in that any explanation was going to have to be accompanied by an original signed signature and Certification, so could not be sent by "copy" to the District Court, or faxed, even if fax were allowed, as that would not be an original signature.

The blizzard continued to hit all the way up from North Carolina going north to Connecticut where now it was questionable as to whether any offices would be open on Monday, February 13, 2006, to receive in hand personal service of the Amended Complaints by the individual who was now staying around to try to rectify the error.

Then on Saturday, February 11, 2006, the plaintiff, realizing that February 12, 2006 was Lincoln's Birthday, tried to find out if the Bridgeport District Court was open or not on Monday, February 13, 2006.

When the plaintiff, Hadley Macpherson, typed in "Federal Court Holidays" on the internet, the Connecticut Judicial Branch Website popped up and stated that all courthouses were closed on Monday, February 12, 2006 in observance of Lincoln's Birthday, the plaintiff did not known one way or another, and could not find out anywhere, whether or not the District Court would be open on Monday, so could not, especially given the looming blizzard, have any idea as to when she would be able to contact the District Court to check to see what was in the filing box, to have any Letter to the Court delivered explaining what had occurred.

The plaintiff had instructed the individual not to mail the copies of the Amended Complaint to the opposing counsel given the mix up, because she did not want them to accuse her of any wrong doing in the Amended Complaint not having been filed though their copies said that it was, and given the blizzard, there was no way to hand deliver to them either.

Both on Saturday and Sunday, the plaintiff tried calling various agencies, Police to find out if the District Court was open on Monday, February 13, 2006, or observing Lincoln's Birthday, as the Federal Government said that it was not observed., despite the website saying that it was.

In the early hours of Monday morning, February 13, 2006, the plaintiff telephoned the Bridgeport police to find out if they knew if the District Court would be open, or whether it would be closed due to weather if not the Holiday, which they did not know.

At 9:02 am on Monday, February 13, 2006, the plaintiff, Hadley Macpherson, telephoned the District Court Clerk's office, and explained what had occurred.

The plaintiff, Hadley Macpherson, asked the clerk on the telephone to retrieve what was in the box, and to see if what was in the box was the Motions for Consolidation instead of the Amended Complaints as believed, which the clerk unfortunately, within minutes, confirmed.

The plaintiff told the clerk that she would have the individual drive the Amended Complaints over to the District Court, as soon as they could make it out of the snow.

However, after the plaintiff hung up the phone, and waited to here back from the individual as to how soon they could get over to the Courthouse, the plaintiff began reading as to how to approach the Court under the circumstances which had occurred, and as to whether or not any approach was even allowed given the Court's Order of January 10, 2006.

The Court had stated that if the Amended Complaints were not filed by Friday, February 10, 2006, then this case, and the case of 3:02CV1309 would be dismissed.

The plaintiff therefore realized that there was no option of delivering the Amended Complaints late without first formally obtaining permission, upon explanation of what had

occurred, which would require a Motion or Affidavit with original signature, to be Fed Exed out overnight on Monday, February 13, 2006, as without original signature it would be turned away.

Hence, the delay of another day, so that it will now be Tuesday, February 14, 2006 before the Court receives this Letter / Affidavit, as it cannot be sent but by overnight carrier.

That is the substance of the events which occurred, and the cause for the plaintiffs request that the Amended Complaints due in both this case and the case of 3:02CV1309 be allowed to be filed late but timely, and permission to serve, late but timely, the copies of the Amended Complaints on the opposing counsel.

Though the counsel for the defendants in this case and in the case of 3:02CV1309 are not responsible for extra expense and burden, as well as extra risk of late arrival, that the plaintiffs in North Carolina, go through and incur every time they attempt to file a pleading or Motion in the District Courthouse in Bridgeport Connecticut, the fact that the plaintiffs suffer the extra heightened risk of losing their case over a document arriving late, gives the defendants and their counsel a marked and substantive advantage in this case and in the case of 3:02CV1309.

When the counsel for the defendants in both this case and the case of 3:02CV1309 are given deadlines by which to file their responses, they are able to work right up until the half hour before the closing of the District Court at 5:00 pm, and then simply drive and carry, in hand, their Motion or pleading, and safely, without any risk, make personal delivery to the District Court in order to easily meet any deadline pending.

That convenience and benefit not only allows the counsel for the defendant to use the full measure of time afforded them to work, but it affords the counsel for the defendants certainty of safe and timely delivery, and the ability to have personal control over safe and timely delivery.

The plaintiffs, as it is obvious, do not have that extra time, or the ability to personally serve, or ability to be certain of timely delivery, and again, even when seeking to use Fed Ex to deliver by a date certain, cannot be completely in control, or as in control as the defendants as to when their pleadings or Motions arrive, a lack of personal certainty that not only bears significant anxiety with it every single time, but which opens the door for defeat every single time that the plaintiffs need to file by a date certain.

Only if the plaintiffs were allowed by Connecticut law to electronically file their pleadings from North Carolina, could the plaintiffs then enjoy the same privilege and extent of ease and certainty as enjoyed by the defendants, a certainty that they would not lose their case by a mistake in delivery, or an untimely deliver.

However, but that privilege is only afforded to attorneys.

Though the playing field is attempted to be leveled by also disallowing any of the counsel for the defendants to electronically file their pleadings in this case or in the case of 3:01CV01555, all counsel in both cases still have the advantage of personal deliver made easily upon the District Court in order to ensure that no date certain is missed, and a case lost over untimely delivery, or delivery a day too late.

In the present instance, the plaintiffs made the most of their time between the Hearing on January 18, 2006, and deadline date of filing on February 10, 2006.

The plaintiffs needed the whole use of the time to re-write 272 pages of allegations, in both this case and the case of 3:02CV1309, into a length of 25 pages, which was not a quick task.

The plaintiffs already had a pre-scheduled trip to the hospital in Philadelphia, which would cause them to be tied up on January 25, 2006 through January 28, 2006.

The plaintiff, Hadley Macpherson, had to draft and file her Objections to Motions to

Quash that had been filed on January 10, 2006, in the case of 3:02CV1309, involving six witnesses that had been Supeonaed in that case, and Objections which involved 62 Exhibits to make a response with, and which the plaintiff, though working furiously to complete did not complete in time before the Court ruled in that case.

The plaintiffs took every possible measure to ensure that their pleadings would make it to the District Court on time, in the way most certain, given that the blizzard that enveloped the east coast, which caused numerous delays in the planes and at the airport hubs where the plaintiffs Amended Complaint would have to pass through if mailed, whether by Fed Ex or other carrier.

The plaintiff, Hadley Macpherson, was not able to drive the straight 800 miles herself personally, for reasons of both health reasons and because she could not leave the child Loyal Egan, unattended alone for the next three days while traveling.

The plaintiff, Hadley Macpherson, used a third person, and whether it was the travel fatigue, the stress of the hour spent dead stopped between Norwalk and the Lafayette Boulevard, and the hurrying in to the District Court at 4:58, that individual, put the wrong envelopes in the box, an error which was human and unplanned, which is obvious given the detriment to the plaintiffs that has occurred, and the consequences of that error.

The plaintiffs provide the copies of the Amended Complaints that were stamped in with the date of Friday, 10, 2006, and the copies of the U.S.Priority Mail labels dated Friday, February 10, 2006. Given the circumstances, and that only a weekend was lost, the plaintiffs do not believe that the defendants were prejudiced by the delay in receiving that which they would not have received yet if it had been mailed on Friday, February 10, 2006, if a pleading is deemed as served on the date of mailing.

I swear under penalty of perjury that the above Affidavit, and all statements contained therein are true to the best of my belief and knowledge.

AFFIANT,

*Hadley Macpherson* (signed)
Hadley Macpherson, pro se

*February 13, 2006* (signed)
Date, February 13, 2006

*[Notary signature]*
NOTARY PUBLIC
MY COMMISSION EXPIRES 7/11/2009

## CERTIFICATION

This is to certify that a copy of the foregoing was sent this day of February 13, 2006 to Attorney Edward Sheehy at Williams, Cooney & Sheehy at 799 Silver Lane, Trumbull 06611 appearing for the defendants Attorney Sally Hodgdon and The Communities' Law Center Inc.; to Attorney Elizabeth Andrews at Tyler, Cooper & Alcorn at 205 Church Street PO Box 1936 in New Haven CT 06509, appearing for the defendants the Sisters of Notre Dame and the defendant the Daughters of the Holy Spirit, and to Attorney Louis Blumenfeld at Cooney, Scully, & Dowling, at 10 Columbus Blvd., Hartford, CT 06106 appearing for the defendants the the Sisters of Mercy and the defendants the Sisters of Saint Joseph.

*Rachel E* (signed)
Rachel Egan
2015 McKenzie Creek Drive
Charlotte, NC  28270
(704) 675 - 5252

*Hadley Macpherson* (signed)
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina
(704) 675-5252

*Loyal E* (signed)
Loyal Egan
2015 McKenzie Creek Drive
Charlotte, NC  28270
(704) 675-5252

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

## AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | 3:01CV01555 SRU |
| and | |
| RACHEL EGAN | FEBRUARY 10, 2006 |
| and | |
| LOYAL EGAN | |
| Plaintiffs, | CIVIL ACTION |
| VS. | |
| ATTORNEY SALLY HODGDON | PLAINTIFFS' |
| and | AMENDED COMPLAINT |
| THE COMMUNITIES' LAW CENTER | |
| and | |
| SISTERS OF SAINT JOSEPH | |
| and | JURY DEMANDED |