**SCHEDULE A**

```
                UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - x

EGAN, ET AL                    :  No. 3:01CV-1555 (SRU)
v.                             :  No. 3:02CV-1309 (SRU)
SALLY HODGEDON                 :  915 Lafayette Boulevard
      *        *       *       :  Bridgeport, Connecticut
                               :
HADLEY MACPHERSON               :  January 18, 2006
v.                             :
JOHN BERMAN, ET AL             :

- - - - - - - - - - - - - - - x


                      MOTION HEARING

B E F O R E:

   THE HONORABLE STEFAN R. UNDERHILL, U. S. D. J.

A P P E A R A N C E S:


   FOR THE PLAINTIFFS:

         HADLEY MACPHERSON, Pro Se
         RACHEL J. EGAN
         LOYAL B. EGAN
             2015 McKenzie Creek Drive
             Charlotte, North Carolina   28270

   FOR THE DEFENDANTS:

         WILLIAMS, COONEY & SHEEHY (For Sally Hodgedon)
             799 Silver Lane
             Trumbull, Connecticut   06611
         BY: EDWARD M. SHEEHY, ESQ.

         TYLER, COOPER & ALCORN (For Sisters of Notre Dame)
             205 Church Street
             New Haven, Connecticut   06510
         BY: MICHAEL G. CALDWELL, ESQ.
```

(Continued)

himself on October 31st, and during that very hearing, that issue of the visitation for Paul Egan was stopped, was actually initiated by John Berman, which was the last time I appeared in our case. Attorney Berman, standing up for Paul Egan in the courtroom, was asking that the visitation stop. The judge the previous two weeks earlier had put him on temporary suspension until he came into court to recuse himself. He said he wasn't to have visitation --

MR. EGAN: None of this is true, Your Honor. What's the point?

THE COURT: None of this is relevant. I don't need to hear it.

MS. MACPHERSON: Right, I was only responding to the allegations. Thank you.

THE COURT: This is what I'm going to do. I'm going to strike both of the March 15, 2005 complaints. Be they proposed complaints, be they filed complaints, whatever they are, they are stricken. I'm going to deny the motions to dismiss without prejudice and I'm going to deny the motions to extend time to serve defendants.

The plaintiff will be permitted to refile -- and this is the very, very, very last time this will happen, we are way past the point of reason here -- one complaint in each of these actions, a maximum of 25 pages sitting

forth a short and plain statement of the claims against each of the defendants who have already been served in those cases. In other words, in the Hodgedon case, you have Hodgedon, Community Law Center, Sisters of St. Joseph, Sisters of Mercy, Sisters of Notre Dame, Sisters of the Holy Spirit. Take your best shot. Lay out your claims against those people and I'll take it up as to whether the claim is barred, whether the claim states a cause of action or whatever, but this is going to be the last complaint.

Same thing in Macpherson v. Berman. As against the existing defendants, what is your best claim, set it forth, short and plain statement. Give notice to those defendants what the claim is. You only need to plead with particularity if you are raising issues of fraud, mistake, et cetera. So if you're raising a claim of malpractice, of tort, you don't need to plead with particularity. Just say this is the circumstance, they committed X Y Z tort. That's it.

    MR. BLUMENFELD: If your Honor please, question.
    THE COURT: Sure.
    MR. BLUMENFELD: The now stricken complaint is the first one that was served on my clients. This is the Sisters of Mercy and Sisters of St. Joseph.
    THE COURT: Right.

MR. BLUMENFELD: Do I understand that despite that, the new one can include them?

THE COURT: Right.

MR. BLUMENFELD: Okay. Thank you.

THE COURT: And these complaints have to be filed by February 10, 2006. I do not intend to grant any extensions of time. If you expect to have any problem, get them in early. The points about the defendants having some rights here and needing to have this thing come to a resolution are well taken and we have to have complaints that work, that make sense, that comply with the rules on file very, very quickly.

MR. WADE: Does Your Honor encompass not only the new complaints to be filed but to be served on the parties by the 10th as well?

THE COURT: Of course.

MS. MACPHERSON: Just to clarify, when you say the defendants in the Berman case, that was John Berman, Attorney John Berman, Berman, Bourns & Currie, Berman Bourns Aaron & Dembo, the same firm just changed its name, they were properly served, all of these parties were properly served last time meaning they were handed in hand the amended complaint. Are you requiring in hand amended complaint service in hand, not through Fed Ex?

THE COURT: No, no, if they are here and they

are represented by counsel, you just mail a copy to their lawyer. That's how you serve any pleading.

MS. MACPHERSON: Okay, and then do -- is that up until and including the 10th?

THE COURT: It has to be filed, meaning it has to be in court on the 10th and you have to serve it, i.e. mail it the day that you file it.

MS. MACPHERSON: Yes, thank you.

MR. EGAN: Your Honor, I had no service prior to March 15th. I don't have any documents prior to the March 15th. Am I also included along with --

THE COURT: Anybody that was served with the March 15th complaint is here and will be served with the amended complaint. You then have the right to raise whatever arguments you want, that it doesn't state a claim, et cetera, but let's get it in, let's see what it says and let's do it on the merits.

MS. MACPHERSON: One last question. Many of the claims against both Attorney Hodgedon and Attorney Berman are fraud issues, which bring up the issue of the particular hearsay because if we're not particular enough in the 25 pages and the action that took place and their actions against us encompassed a four year period, that my understanding from Attorney Wade is if we just say he blackmailed me, he did this, he did this, to try to say it