**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

RACHEL J. EGAN, ET AL.                )
                                      )
                                      )
                                      )
V.                                    )        CIVIL ACTION NO:  3:01CV01555 (SRU)
                                      )
                                      )
SALLY HODGEDON, ET AL.                )
                                      )        MARCH 16, 2006

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS
## MOTION TO DISMISS FILED FEBRUARY 16, 2006

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and Rule 7 of the Local

Rules, the defendants the Daughters of the Holy Spirit and Sisters of Notre Dame de Namur

(together "the Defendants"), hereby renew and supplement their February 16, 2006 Motion to

Dismiss, with prejudice, all claims made by Plaintiffs in this case.

**I.      FACTS**

On February 16, 2006, the Defendants filed a Motion to Dismiss, requesting that this

Court enter a Judgment of Dismissal, with prejudice.  The basis for that Motion was Plaintiffs'

repeated and blatant failure to comply with the Orders of this Court.  Specifically, the

Defendants' based their Motion on Plaintiffs' failure to comply with this Court's Order and bench

Ruling of January 18, 2006, ordering Plaintiffs to file an Amended Complaint, with a maximum

page limit of twenty-five pages, on or before February 10, 2006.

Plaintiffs did not file an Amended Complaint on February 10, 2006.  Instead, on February

13, 2006, Plaintiffs filed an eighteen page Motion for Consolidation (Docket #136).  This is the

Plaintiffs' third attempt to consolidate this case (see Docket #72, 83), and the fourth such motion

**ORAL ARGUMENT REQUESTED**

filed (see Docket #30).  This Court denied all prior motions.

On February 14, 2006, Plaintiffs' filed a Letter/Affidavit requesting permission to file their Amended Complaint "late but as timely." (Docket #138).  The Letter consists of a *twelve page* explanation regarding why Plaintiffs were purportedly unable to file their Amended Complaint on time.  The Letter details a bizarre series of events, including Plaintiffs' utterly unfounded fear that they needed to drive the Amended Complaint from North Carolina to Connecticut for filing.[1] Plaintiffs also represent in their Letter that the only reason the Amended Complaint was not filed was because the individual who was supposedly delivering the document to the Court accidentally filed the aforementioned Motion to Consolidate (Docket #136).

Interestingly, to date, Plaintiffs have still not filed their Amended Complaint.[2]  Yet, Plaintiffs have filed additional pleadings with this Court, including: a "Letter to the Court Giving Notice of Intent to File Timely 'Replys' to Defendants 'Objections' and Timely 'Objections' to Defendants 'Motions to Dismiss'", filed February 23, 2006 (Docket #146); three separate documents entitled "NOTICE of filing an omnibus objection to defendants motion to dismiss", filed on March 7, 2006 (Docket # 148, 149, 150); a Motion for Extension of Time to March 13, 2006 to respond to defendants' Motions to Dismiss, filed on March 10, 2006 (Docket #151)[3]; and, a second Motion for Extension of Time requesting until to March 17, 2006 to respond to defendants' Motions to Dismiss, filed on March 14, 2006 (Docket #152).

Since February 10, 2006, Plaintiffs have filed nearly one hundred pages of documents with this Court.  Despite the prolific filings, Plaintiffs have still not filed the twenty-five Amended

---

[1]  Based upon the experience that Plaintiffs have litigating in this Court, as well as others in Connecticut, together with Plaintiffs' filings to date, which clearly demonstrate a familiarity with this Court's Rules, Plaintiffs' explanation regarding service is dubious at best.

[2]  All defendants have filed Motions to dismiss on the basis of Plaintiffs' failure to meet the February 10, 2006 deadline which are currently pending with this Court (see # 137, 139, 140).

[3]  The Court granted this Motion on March 15, 2006 (Docket #153).

Complaint, which is now more than one month overdue. Respectfully, had Plaintiffs diverted the obviously inordinate amount of time and energy spent filing notices of intent to file, letters and objections, to simply mailing the Amended Complaint which, according to Plaintiffs, was drafted and ready to file on February 10, 2006, both the Court, and the Defendants would not have to expend their limited time and resources on the present motion.

## II.    LAW & ARGUMENT

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules *or any order of court*, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.P. 41 (b).

Rule 41(b) permits the court to dismiss an action for failure to comply with a court order to prevent undue delays in the disposition of cases and to avoid congestion of the courts. See Link v. Wabash RR Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962). An involuntary dismissal under Rule 41 (b) is a matter committed to the discretion of the district court, and "[i]t is well-established that a district court has the power to dismiss an action for failure to prosecute and that such a dismissal will be reviewed only for abuse of discretion". See Nita v. CT Dep't of Envtl. Protection, 16 F.3d 482, 485 (2d Cir. 1994); see also Colon v. Mack, 56 F.3d 5, 7 (2d Cir. 1995). The same test is generally used whether the dismissal is based upon failure to prosecute, or failure to comply with a court order. See, e.g., Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) (failure to comply treated as failure to prosecute).

The Second Circuit has set forth five factors to consider when evaluating a motion under Rule 41(b): "(1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice

that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions." Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988). As the Second Circuit has noted, "[n]o one factor is dispositive" and the court must examine the record as a whole. See Nita, 16 F.3d at 485.

In accordance with the factors set forth above, disobedience of a court order may clearly subject a plaintiff to a Rule 41 dismissal. In Reed v. Armstrong, No. 3:03CV90 (D.Conn. Mar. 29. 2005) (copy attached), the court issued an order requiring the plaintiff to file an amended complaint within twenty days of the court's order. Prior to the expiration of the filing period, plaintiff moved for, and the court granted an extension of time to file the amended complaint. Id. Plaintiff did not comply with the court's order. Accordingly, the court dismissed the plaintiff's complaint pursuant to Fed. R. Civ. P. 41(b) for failure to comply with orders of the court. In doing so, the court recognized that a plaintiff who has been given a fair chance to be heard, yet still disobeys the Court demonstrates that a sanction less than dismissal will not be efficacious. See id.; see also Broccoli v. Dollar Tree Stores Inc., No. 3:03CV830, 2004 WL 1837905 (D.Conn. Aug. 11,2004) (copy attached).

In Sundwall v. Basil, No. 3:96CV2590(CFD), 3:98CV2507(CFD), 3:99CV2573(CFD), 3:00CV0607(CFD), 2004 WL 2743578 (D. Conn. Nov. 23, 2004) (copy attached), the court, sua sponte, dismissed the plaintiff's case for lack of prosecution under Fed. R. Civ. P. 41(b), including failure to comply with a court order. In granting the Rule 41 motion to dismiss, the court was guided by the five facts set forth above. In its analysis, the court focused on plaintiff's repeated failure to comply with recommendations, deadlines and orders, resulting in a severe

4

delay in the progression of the litigation. Id. The plaintiff in Sunwall was proceeding pro se,
which was an obvious factor in causing delays in the advancement of the litigation. Id. The
court noted that the plaintiff "although pro se - - is an experienced litigator who has knowledge
of the potential prejudicial impact of her failure to timely respond to a Court order," and the court
had made clear to the plaintiff that the case must "progress toward resolution." Id. at *2.
However, despite this warning, and repeated attempts by the Magistrate Judge to assist the
plaintiff in obtaining private counsel, the plaintiff repeatedly resisted, providing the excuse that
the "effort involved in sorting through her voluminous case files was too onerous." Id.

    In addition to the plaintiff conduct, which was delaying the progression of the case, the
court also based its Rule 41 dismissal on the fact that the plaintiff failed to comply with an order
of the court. Id. at *2. In holding that this was a valid basis for dismissal, and in addressing the
five relevant factors for dismissal, the court stated:

> the prejudice to the defendants in permitting [plaintiff] to ignore the Court's
> February 9, 2004 order would be harmful and unwarranted in light of all the
> circumstances in this case. This litigation has languished for almost nine years
> and defendants have been required to defend against repetitious and untimely
> claims against them. The Court finds that, at each juncture in this litigation,
> meaningful efforts were made to balance the need for efficient resolution of this
> litigation with this pro se plaintiff's due process rights. Finally, the Court has been
> generous in permitting Ms. Sundwall adequate time to file her objections. In
> Magistrate Garfinkel's February 9, 2004 Order, Ms. Sundwall was permitted forty-
> five days to file a response to defendants' motions to dismiss, more than double
> the usual time to respond.

Id. Finally, the court held that "a lesser sanction would not be adequate in this case because of
the age of this litigation, plaintiff's apparent waning interest in prosecuting it, plaintiff's history of
misusing the court system and the underlying weakness of her claims in these cases." Id.

The facts of the case before this Court are very similar to those in <u>Sundwell</u>. In this case, there can be no doubt that Plaintiffs' actions, as well as their refusal to obtain counsel, have caused this litigation to come to a complete standstill on more than one occasion. The case has been pending before this Court since August 2001. Since the filing of the original Complaint, Plaintiffs have filed no fewer than twenty-five requests for extension of time, all of which have been granted by the Court.[4] The cumulative effect of this is over two years of extensions.[5] As was the case in <u>Sundwell</u>, this Court has recognized, and repeatedly stressed to Plaintiffs, that the case would go "faster and smoother" if Plaintiffs retained counsel to represent them. For example, on March 11, 2005, the Court entered an Order stating "Plaintiffs are reminded that the difficulties they have experienced in filing pleadings could largely be avoided by obtaining counsel to represent them." Docket # 85. On January 18, 2006, the Court urged Plaintiffs "if you have a valid claim here, you ought to be represented by counsel and its going to make this case go faster and smoother and you're going to have a better chance of success." 1/18/06 Tranx. at 49. Despite the Court's urgings, as well as the extreme delay that Plaintiffs pro se representation has caused, Plaintiff Macpherson recently claimed that because of "certain things" that only she knows, "there is a benefit [she has] by standing pro se for [her]self." 1/18/06 Tranx. at 48. In responding to Plaintiff Macpherson's insistence on continuing to represent herself, the Court stated "[t]he concern I have, quite frankly, is that these are quickly becoming two of my oldest cases and from all appearances we're barely getting started and I'm going to be riding these cases harder and harder to get them to trial and I think you would be well served to have a lawyer involved." 1/18/06 Tranx. at 50.

---

[4] The six named defendants have collectively filed four motions for extension of time, all of which dealt with extending the time to file answers to Plaintiffs' 1500+ paragraph Amended Complaint.

[5] A cursory review of the docket illustrates that, when added together, Plaintiffs' have received over 1,000 days of extensions over the life of this case.

In addition to the delay that Plaintiffs' conduct has caused, Plaintiffs have repeatedly and blatantly violated this Court's Orders, despite clear warnings. For example, on February 17, 2005, the Court entered an Order requiring Plaintiffs to amend their claims against the six defendants named in Plaintiffs' May 14, 2004 Complaint. See Docket #83. Instead, on March 15, 2005, Plaintiffs filed a much broader, 1500 paragraph amended complaint, adding new claims and new defendants. See Docket #88. As a result of Plaintiffs' disregard for the Court's February 17, 2005 Order, the defendants filed motions to strike, motions for a more definite statement and motions to strike. See Docket # 89, 115, 116.

On January 18, 2006, the parties appeared before the Court on the defendants' motions. During that hearing, Plaintiffs were ordered to file a new amended complaint, with a twenty-five page limit. See 1/18/06 Tranx. Plaintiffs were also ordered to file their amended complaint on or before February 10, 2006. In its ruling from the bench, the Court specifically instructed Plaintiff MacPherson to "get [the document] in early" if she expected any problem with the filing. 1/18/06 Tranx. at 69. The Court reiterated this explicit instruction by stating "[I]t has to be filed, meaning it has to be in court on the 10[th] and you have to serve it, i.e. mail it the day you file it." Id. at 70. Additionally, during the hearing, the Court noted that "the defendants hav[e] some rights here and need[ ] to have this thing come to a resolution...."

The February 10th deadline has long passed, yet Plaintiffs have still failed to file or serve an Amended Complaint. Yet, Plaintiffs' have found the time to file approximately 100 pages of essentially extraneous pleadings since the passage of the February 10, 2006 deadline.

In light of all the circumstances in this case, the prejudice to the Defendants in permitting Plaintiffs to continue to ignore the Court's February 17, 2006 and January 18, 2006 Orders would be "harmful and unwarranted." Sundwell, 2004 WL 2743578 at *2.

This litigation has languished for almost five years and the Defendants have been required to defend against repetitious and untimely claims against them. As was the case in Sundwell, at each juncture in this litigation, the Court has made "meaningful efforts" to "balance the need for efficient resolution of this litigation with this pro se plaintiff's due process rights." Id. Additionally, the Court has been more than generous in permitting Plaintiffs adequate time to file their Amended Complaint. In fact, the record is replete with examples of this Court's patience in dealing with Plaintiffs' recalcitrant conduct.

Finally, a sanction less than dismissal would not be adequate in this case. When the dilatory party is the Plaintiff, or the party who invoked the process of this Court in support of his claim for relief, but refuses to proceed in accordance with the rules, the need for the "strong medicine" of the sanction of dismissal with prejudice is particularly appropriate. See, e.g., Hassan El-Yafi, et al., 164 F.R.D. 12 at 17 (addressing a Rule 37 dismissal). Over the four and one half years that this case has been pending, Plaintiffs have repeatedly engaged in conduct similar to that described herein. "A party who disobeys court orders … can hardly inspire confidence in his future compliance, even with their substance." Hassan El-Yafi, et al. v. 360 East 72nd Owners Corp., 164 F.R.D. 12, 18 (1995). Plaintiffs' willful defiance of Orders of this Court, as well as the rules of procedure clearly constitutes "a deliberate disregard of the lawful orders of the court," justifying dismissal of Plaintiffs' claims with prejudice.

## III.    CONCLUSION

For the reasons set forth herein, the defendants Daughters of the Holy Spirit and Sisters of Notre Dame de Namur respectfully request that Plaintiffs' claims against them

be dismissed, with prejudice under Fed.R.Civ.P. Rule 41(b), or such orders as this

Court deems just.

Respectfully Submitted,

THE DEFENDANTS,

DAUGHTERS OF THE HOLY SPIRIT AND SISTERS OF
NOTRE DAME DE NAMUR

By:

Elizabeth K. Acee ct20986
Tyler Cooper & Alcorn, LLP
205 Church Street
Post Office Box 1936
New Haven, Connecticut 06509
Tel.: (203) 784-8200; Fax: (203) 865-7865
eacee@tylercooper.com

- Their Attorneys -

## UNREPORTED CASE

**<u>REED V. ARMSTRONG</u>, 3:03cv0090 (DJS) (D.Conn. Mar. 29, 2005)**

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CHRISTOPHER LLOYD REED

  v.

JOHN J. ARMSTRONG, ET AL.

PRISONER
CASE NO. 3:03CV90(DJS)

### ORDER OF DISMISSAL

On April 15, 2003, the court issued an order requiring the plaintiff to file an amended complaint demonstrating that he had exhausted his administrative remedies before filing this action. The court cautioned the plaintiff that failure to comply with the order within twenty days would result in the dismissal of this case. (See Doc. #4.) On June 2, 2003, the court granted the plaintiff ninety days to file his amended complaint and directed him to file his by June 30, 2003. To date, the plaintiff has not filed an amended complaint.

Accordingly, the complaint is **DISMISSED** without prejudice pursuant to Rule 41(b), Fed. R. Civ. P. for failure to comply with orders of the court. Any motion to reopen this case shall demonstrate good cause for failing to respond to the court's order to file an amended complaint. The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this __29th__ day of March, 2005, at Hartford, Connecticut.

__/s/DJS__
**Dominic J. Squatrito**
**United States District Judge**

**UNREPORTED CASE**

<u>Broccoli v. Dollar Tree Stores Inc.</u>, No. 3:03CV830,
2004 WL 1837905 (D.Conn. Aug. 11,2004)

Westlaw.

Not Reported in F.Supp.2d                                           Page 1
Not Reported in F.Supp.2d, 2004 WL 1837905 (D.Conn.)
**(Cite as: 2004 WL 1837905 (D.Conn.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.
Gary E. BROCCOLI, Plaintiff,
v.
DOLLAR TREE STORES, INC., Defendant.
**No. 3:03CV830(MRK).**

Aug. 11, 2004.
Christopher L. Brigham, Jennifer L. Groves, Updike,
Kelly & Spellacy, P.C., New Haven, CT, for
Defendant.

*RULING ON MOTION FOR ORDER OF
DISMISSAL*

KRAVITZ, J.

*1 Defendant Dollar Tree Stores has moved for an
Order dismissing the Plaintiff's Complaint pursuant
to Rule 41(b) of the Federal Rules of Civil Procedure,
stemming from Plaintiff's failure to prosecute his case
in accordance with the Court's order. For the reasons
stated below, Defendant's Motion [doc. # 25] is
GRANTED.

The Court's June 15, 2004 Ruling on Motion to
Withdraw [doc. # 21] stated the history of the case in
great detail in allowing Plaintiff's former attorneys to
withdraw from the case. The Court will reprise that
history here, in order to make explicit the sequence of
events that have led to the dismissal of Plaintiff's
claims.

By Motion To Withdraw As Counsel [doc. # 19]
dated May 21, 2004, Attorneys Michael E. Satti and
Holly Quackenbush Darin sought Court permission
to withdraw their appearances on behalf of Plaintiff
and in accordance with D. Conn. L. Civ. R. 7(e)
served Plaintiff with a copy of the Motion. Pursuant
to Local Rule 7(e), the Court issued a Notice to
Plaintiff [doc. # 20] that the Motion to Withdraw had
been filed and that the Motion would remain under
advisement until June 14, 2004 to give Plaintiff an
opportunity to retain replacement counsel or to file a
*pro se* appearance. The Notice further informed
Plaintiff of the following: (1) that to prosecute his

case, Plaintiff would have to file an appearance as set
forth above no later than June 14, 2004; (2) that on
June 15, 2004, the Court would grant the Motion to
Withdraw Appearance [doc. # 19]; (3) that if no
attorney appearance or *pro se* appearance had been
filed on Plaintiff's behalf by June 14, 2004, Plaintiff
might be deemed to have failed to prosecute his
action; and (4) Defendant might then move for
dismissal of Plaintiff's action.

On June 15, 2004, the Court held an on-the-record
telephonic status conference with counsel for
Defendant and Mr. Satti. Mr. Satti informed the
Court that so far as he was aware, Plaintiff had not
filed a *pro se* appearance and no other attorney had
appeared on Plaintiff's behalf in accordance with this
Court's Notice, and that he and Ms. Darin wished to
withdraw for the reasons recited in their Motion.
Counsel for Defendant did not oppose the Motion.

Upon finding that Plaintiff has not filed either a *pro
se* appearance or retained replacement counsel as
requested by this Court and that Mr. Satti and Ms.
Darin have demonstrated good cause for withdrawing
as Plaintiff's counsel, the Court granted the Motion
To Withdraw as Counsel [doc. # 19] and ordered
former counsel to serve a copy of the Order on
Plaintiff and to file a Notice with this Court and
opposing counsel attesting to service. Attorneys Satti
and Darin appropriately complied with this order.
[doc. # 24].

The Court admonished Plaintiff in the Order:
Plaintiff is cautioned that he no longer has an
attorney representing him in this action and that if
he does not retain replacement counsel
immediately or file his own *pro se* appearance with
the Clerk of the Court, Defendant will be entitled
to move to dismiss this action for failure to appear
and/or prosecute under Fed.R.Civ.P. 41(b). It
further appears from the pleadings that Plaintiff is
also in default of his obligations to comply with
discovery requests of Defendant, and any
continued failure to do so may also subject Plaintiff
to a dismissal of this action and other sanctions. To
avoid dismissal, Plaintiff should immediately
obtain replacement counsel or file a *pro se*
appearance and bring himself into compliance with
the discovery rules.

*2 On June 22, 2004, Defendant moved for an order
of dismissal, noting that Plaintiff has failed to retain

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 2
Not Reported in F.Supp.2d, 2004 WL 1837905 (D.Conn.)
**(Cite as: 2004 WL 1837905 (D.Conn.))**

replacement counsel or file a *pro se* appearance, and
that Plaintiff has continued not to participate in
discovery. Def's Mot. for Order of Dismissal {doc. #
25], ¶ ¶ 6-12. Federal Rule of Civil Procedure 41(b)
allows a court to dismiss a case "for failure of the
plaintiff to prosecute or to comply with these rules or
any order of court." Fed.R.Civ.P. 41(b). The Second
Circuit has set forth five factors to consider when
evaluating a motion under Rule 41(b):

> [1] the duration of the plaintiff's failures, [2]
> whether plaintiff had received notice that further
> delays would result in dismissal, [3] whether the
> defendant is likely to be prejudiced by further
> delay, [4] whether the district judge has taken care
> to strike the balance between alleviating court
> calendar congestion and protecting a party's right
> to due process and a fair chance to be heard, and
> [5] whether the judge has adequately assessed the
> efficacy of lesser sanctions.

*Shannon v. Gen. Elec. Co.,* 186 F.3d 186, 193-94
(2d Cir.1999) (quoting *Nita v. Connecticut Dep't of
Envtl. Prot.,* 16 F.3d 482, 485 (2d Cir.1994)). As the
Second Circuit recently noted, "[n]o one factor is
dispositive" and the court must examine the record as
a whole. *United States ex rel. Drake v. Norden Sys.,*
2004 U.S.App. LEXIS 14393, at *15 (2d Cir. July 14,
2004).

  In assessing these factors, the Court notes that
Plaintiff has failed to prosecute this case since
January, a span of approximately seven months, see
Motion to Withdraw as Counsel [doc. # 19], at 1, and
that Plaintiff has received two separate notices from
the Court indicating that the case could be dismissed
if he failed to appear or retain new counsel. [docs. #
20, 21]. The first two factors thus weigh in favor of
dismissal. As to the third factor, the Second Circuit
has held that the question of prejudice "turns on the
degree to which the delay was lengthy and
inexcusable." *Drake,* 2004 U.S.App. LEXIS 14393,
at *21. Insofar as Defendant has been unable to take
discovery since December and Plaintiff has provided
no excuse, the Court concludes that Defendant will
be further prejudiced by continued delay.
Furthermore, since the original Motion to Withdraw
as Counsel, dated May 21, 2004, almost three months
have elapsed and Plaintiff has failed to respond in
any form, suggesting to this Court that Plaintiff has
been given a fair chance to be heard and that lesser
sanctions will not be efficacious. The Court can only
conclude that the weight of these combined factors
indicates that dismissal is the only appropriate
remedy at this point.

  Accordingly, the Motion for Order of Dismissal

[doc. # 25] is GRANTED, and the case is dismissed.
The Clerk is directed to close the file.
  IT IS SO ORDERED.

 Not Reported in F.Supp.2d, 2004 WL 1837905
(D.Conn.)

**Motions, Pleadings and Filings** (Back to top)

• 3:03CV00830 (Docket) (May. 09, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

UNREPORTED CASE

<u>Sundwall v. Basil</u>, No. 3:96CV2590(CFD), 3:98CV2507(CFD),
3:99CV2573(CFD), 3:00CV0607(CFD),
2004 WL 2743578 (D. Conn. Nov. 23, 2004)

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2743578 (D.Conn.)
**(Cite as: 2004 WL 2743578 (D.Conn.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.
Astrid SUNDWALL Plaintiff
v.
Charles BASIL, Reiner, Reiner & Bendett, David
Polishook and Robert J. Gaites
Defendants.
**No. 3:96CV2590(CFD), 3:98CV2507(CFD),
3:99CV2573(CFD), 3:00CV0607(CFD).**

Nov. 23, 2004.
Astrid A. Sundwall, Pro Se, West Hartford, CT.

Craig A. Fontaine, James A. Alissi, Cramer, Alissi &
Fontaine PC, Paul T. Edwards, Danaher, Lagnese &
Neal, P.C., Henry S. Cohn, Superior Court
Administrator, Joel M. Fain, Morrison Mahoney,
Michael J. Dugan, Danaher, Tedford, Lagnese &
Neal, Andrew G. Bucknam, Morrison, Mahoney &
Miller, LLP, Eliot D. Prescott, Attorney General's
Office, Holly Jean Bray, Attorney General's Office,
Hartford, CT, Michael D. Reiner, Reiner, Reiner &
Bendett, John L. Laudati, Margaret Fogerty Rattigan,
Murphy, Laudati & Kiel, P.C., Farmington, CT, Peter
L. Lawrence, Winsted, CT, for Defendants.

*RULING ON MOTIONS TO DISMISS*

DRONEY, J.

*Background*
*1 In the lead case, 3:96cv2590 (CFD), plaintiff
Astrid Sundwall seeks damages, injunctive relief, and
declaratory relief against Charles Basil, David
Polishook, Robert Gaites and Reiner, Reiner &
Bendett. The plaintiff alleges, in a twelve-count
amended complaint filed October 22, 1997, claims
pursuant to the Fair Debt Collections Practices Act,
15 U.S.C. § 1692 *et seq.* against all defendants. She
also alleges claims pursuant to the Racketeering
Influenced and Corrupt Organization Act ("RICO"),
18 U.S.C. § § 1961, *et seq.*, the Hobbs Act, 18
U.S.C. § 1951, *et seq.*, the Due Process Clause of the
United States Constitution, as well as statutory and
common law claims under Connecticut law.

In member case 3:99cv2573 (CFD), plaintiff seeks
damages, declaratory and injunctive relief against
Charles Basil, Reiner, Reiner & Bendett, Michael
Reiner, Alexander Pilagin and Edward Zieky. The
plaintiff alleges, in a seventeen count complaint filed
March 24, 2000, claims pursuant to the Fair Debt
Collections Practices Act, 15 U.S.C. § 1692, *et seq.*
and Connecticut law.

In member case 3:00cv607 (CFD), plaintiff seeks
damages, declaratory and injunctive relief against
defendants Charles Basil, Reiner, Reiner & Bendett,
and Michael Reiner. In her seven count complaint
filed March 31, 2000, Ms. Sundwall brings claims
pursuant to the Fair Debt Collections Practices Act,
15 U.S.C. § 1692, *et seq.* and Connecticut law
against all defendants.

On February 9, 2004, U.S. Magistrate Judge
Garfinkel issued the following order in the lead case
and each member case:
ORDERED, the defendants in the action ... are
ordered to file a status report on or before March
30, 2004 setting forth: the remaining defendants in
this action, the nature of the claims against each
defendant; defenses to plaintiff's claims; the
questions of fact and law common to this case and
[the other member or related cases]
ORDERED, the defendants in the action ... are
ordered to file dispositive motions on plaintiff's
claims in ... on or before April 30, 2004. In the
motions defendants shall address, at a minimum,
the following legal issues: the statute of limitations;
res judicata; the *Rooker-Feldman* doctrine; and the
standard for establishing an attorney is a debt
collector under the FDCPA. Defendants shall
review and cite to all relevant rulings issued by this
Court and other Courts in Ms. Sundwall's related
cases ... Ms. Sundwall shall have forty-five (45)
days to respond to all dispositive motions. This
additional time, beyond the standard twenty-one
(21) day period, will allow Ms. Sundwall ample
time to locate and organize her various papers.
Defendants shall have fourteen (14) days to file
reply briefs, which will *close* briefing on these
motions.

I. *Defendants Charles Basil; Reiner, Reiner &
Bendett; and Michael Reiner's Motion to Dismiss
Claims in 3:96cv2590 (CFD); 3:99cv2573 (CFD);
and 3:00cv607 (CFD)*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2743578 (D.Conn.)
**(Cite as: 2004 WL 2743578 (D.Conn.))**

On April 16, 2004, Charles Basil, Reiner, Reiner & Bendett and Michael Reiner moved to dismiss the claims against them in 3:96cv2590(CFD), 3:99cv2573(CFD) and 3:00cv607(CFD). [Doc. # 208]. Pursuant to Magistrate Judge Garfinkel's February 9, 2004 Order, Ms. Sundwall had forty-five days to file an opposition to the motion. Under the most generous reading of Magistrate Judge Garfinkel's order, Ms. Sundwall was permitted forty-five days from April 30, 2004 to file her opposition which would have made her opposition due on June 14, 2004. Ms. Sundwall has not filed an opposition to this motion to dismiss. The Court finds that Ms. Sundwall's failure to oppose the motion is a sufficient ground for granting defendant's motion under Local Rule 7(a) and that the defendants' arguments also warrant dismissal.

II. *Defendants David Polishook and Robert J. Gaites' Motion to Dismiss Claims in 3:96CV2590 (WIG)*

\*2 On April 30, 2004, David Polishook and Robert Gaites moved to dismiss the claims against them in 3:96cv2590 (CFD) [Doc. # 209]. Pursuant to Magistrate Judge Garfinkel's February 9, 2004 Order, referenced above, Ms. Sundwall had to June 14, 2004 to file such opposition. Ms. Sundwall has not filed an opposition to this motion to dismiss. The Court finds that Ms. Sundwall's failure to oppose the motion is a sufficient ground for granting defendants' motion under Local Rule 7(a) and that the defendants' arguments also warrant dismissal.

III. *Defendants Alexander Pilagin and Edward Zieky's Motion to Dismiss Claims in 3:99CV2573(CFD)*

On April 30, 2004, Alexander Pilagin and Edward Zieky moved to dismiss the claims against them in 99cv2573 (CFD) [Doc. # 210]. Pursuant to Magistrate Judge Garfinkel's February 9, 2004 Order, Ms. Sundwall had to June 14, 2004 to file her opposition. Ms. Sundwall has not filed an opposition to this motion to dismiss. The Court finds dismissal is warranted due to Ms. Sundwall's failure to file an opposition as required by Local Rule 7(a) and that the defendants' arguments also warrant dismissal.

IV. *Dismissal Pursuant to Fed.R.Civ.P. 41(b)*

The Court also finds, *sua sponte,* that Ms. Sundwall's cases should be dismissed for lack of prosecution under Fed.R.Civ.P. 41(b). Rule 41(b) provides for involuntary dismissal for "failure of the plaintiff to

prosecute or to comply with these rules or any order of court." The Second Circuit has cautioned that dismissal on this ground is "a harsh remedy to be utilized only in extreme circumstances." *Jackson v. City of New York,* 22 F.3d 71, 75 (2d Cir.1994) (citation and internal quotation marks omitted).

The Second Circuit instructs that in evaluating a Rule 41(b) dismissal, this Court should consider: 1) the duration of plaintiff's failures; 2) the notice plaintiff received of potential dismissal; 3) the prejudice that would accrue to defendant by further delay; 4) whether the district judge took care to balance the demands on his calendar with plaintiff's due process rights; and 5) whether the judge assessed the adequacy of lesser sanctions. *Valentin v. Dinkins,* 121 F.3d 72, 76 (2d Cir.1997). Here, the plaintiff has failed to take any action in these consolidated cases since posting a bond in January 2002. (*See,* Docket # 199). She has repeatedly resisted attempts by Magistrate Judge Garfinkel to assist her in obtaining private counsel because she claimed that the effort involved in sorting through her voluminous case files was too onerous in light of her health concerns and her overseas travel plans. Plaintiff has also failed to object to recommended rulings in related cases in which her claims were dismissed. (*See e.g.,* Docket # 193, # 194, and # 202). Plaintiff--although *pro se*--is an experienced litigator who has knowledge of the potential prejudicial impact of her failure to timely respond to a Court order. (*See,* Order of Judge Aurigemma in *Sundwall v. Reiner & Reiner and Michael Reiner,* Docket Number CV-95-549784-S, dismissing Sundwall's claims due to her "refusal to follow the orders of the court and the rules of practice."). Magistrate Judge Garfinkel made clear in his September 8, 2003 Order Lifting the Stay in this case that "[t]he remaining cases must progress toward resolution." [Doc. # 203]. Plaintiff has also failed to comply with the order of court issued by Magistrate Judge Garfinkel on February 9, 2004. Moreover, the prejudice to the defendants in permitting her to ignore the Court's February 9, 2004 order would be harmful and unwarranted in light of all the circumstances in this case. This litigation has languished for almost nine years and defendants have been required to defend against repetitious and untimely claims against them. The Court finds that, at each juncture in this litigation, meaningful efforts were made to balance the need for efficient resolution of this litigation with this *pro se* plaintiff's due process rights. Finally, the Court has been generous in permitting Ms. Sundwall adequate time to file her objections. In Magistrate Garfinkel's February 9, 2004 Order, Ms. Sundwall was permitted forty-five

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2743578 (D.Conn.)
**(Cite as: 2004 WL 2743578 (D.Conn.))**

days to file a response to defendants' motions to dismiss, more than double the usual time to respond. Finally, a lesser sanction would not be adequate in this case because of the age of this litigation, plaintiff's apparent waning interest in prosecuting it, plaintiff's history of misusing the court system and the underlying weakness of her claims in these cases.

*CONCLUSION*

**\*3** For the foregoing reasons, Defendants Charles Basil, Reiner, Reiner & Bendett, and Michael Reiner's motion to dismiss the claims against them in 3:96cv2590 (CFD); 3:99cv2573 (CFD);and 3:00cv607 (CFD), (Doc. # 208) is GRANTED. Defendants David Polishook and Robert J. Gaites' motion to dismiss (Doc. # 209) is GRANTED. Defendants' Alexander Pilagin and Edward Zieky's motion to dismiss (Doc. # 210) is GRANTED. The Clerk is directed to enter judgment for all defendants in the case and close the consolidated case and member cases. The Clerk is directed to file a certified copy of this ruling in the member cases.

SO ORDERED.

Not Reported in F.Supp.2d, 2004 WL 2743578 (D.Conn.)

**Motions, Pleadings and Filings (Back to top)**

• 3:00CV00607 (Docket) (Mar. 31, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was mailed first class postage

prepaid on March 16, 2006 to:

Plaintiffs:
Rachel J. Egan
Loyal B. Egan
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC 28270

Counsel for Sally Hodgdon and The Communities Law Center:
Edward M. Sheehy, Esq.
Suzannah Kim Nigro, Esq.
Williams, Cooney & Sheehy
799 Silver Lane
Trumbull, CT 06611-0753

Counsel for Sisters of Mercy and Sisters of St. Joseph:
Louis B. Blumenfeld, Esq.
Cooney, Scully & Dowling
Hartford Square North, 10 Columbus Blvd.
Hartford, CT 06106-5109

Elizabeth K. Acee