Original

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

## AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | 3:01CV01555 SRU |
| and | |
| RACHEL EGAN | MARCH 17, 2006 |
| and | |
| LOYAL EGAN | CIVIL ACTION |
| Plaintiffs, | |
| | |
| VS. | |
| | |
| ATTORNEY SALLY HODGDON | PLAINTIFFS' <u>REQUEST</u> |
| and | TO FILE OVERLONG |
| THE COMMUNITIES' LAW CENTER | "<u>OMNIBUS REPLY</u>" TO |
| and | DEFENDANTS' "<u>OBJECTIONS</u>" |
| SISTERS OF SAINT JOSEPH | TO PLAINTIFFS' |
| and | "<u>LETTER/AFFIDAVIT</u>" |
| | <u>DATED FEBRUARY 13, 2006</u> |

2006 MAR 17  P 4: 55

**SISTERS OF NOTRE DAME**

and

**SISTER OF MERCY**

and

**DAUGHTERS OF THE HOLY SPIRIT**

Defendants

**JURY DEMANDED**

# **REQUEST TO FILE OVERLONG "OMNIBUS REPLY"**

# **AND OVERLONG "OMNIBUS MEMORANDUM OF LAW"**

The plaintiffs respectfully request permission to file an overlong "Omnibus Reply" and "Overlong Omnibus Memorandum of Law" in support of their "Omnibus Reply".

The amount of information that must be stated to defend against the "Objections" filed by the defendants, Attorney Sally Hodgdon, The Communities' Law Center, Sisters of Saint Joseph, Sisters of Mercy, Sisters of Notre Dame, and the Daughters of the Holdy Spirit, cannot be transmitted in a ten (10) page length.

The plaintiffs must adequately respond to all that has been argued on the other side, and also needs to bring forth new facts, and new evidence to support those facts, evidence and facts unavailable to the plaintiffs back on Monday, February 13, 2006, only the first business day after the passing of the weekend which has brought about the Objections and Motions to Dismiss be now litigated before this Court.

Further, the Transcript to the January 18, 2006 Hearing, was not available as it did not post until Monday, February 13, 2006.

The defendants were able to make use of the Transcript that the plaintiffs did not yet have access to, so the plaintiffs could not yet have argued the events or wording that was stated at the January 18, 2006 Hearing.

If the plaintiffs' had been released from the obligation of filing this "Reply" to each of the defendants who filed "Objections" to the plaintiffs' "Letter to the Court" dated Monday, February 13, 2006, given that each of the defendants filed subsequent "Motions to Dismiss" on the exact same premise, then responding twice with identical documents would be unnecessary.

However, the defendants have made it clear that the plaintiffs must respond to all "Motions" and "Objections" filed, regardless of the redundancy.

If the defense needed to be made as a result of what occurred is overlong being that the defendants have complained over what occurred, and that complaint necessitates over-length in response, then the plaintiffs should be permitted to defend to the fullest measure needed in order to have an adequate opportunity to prevail if their position be just.

Further, the number of defendants, and the number of similar, or nearly identical "Objections" filed against the plaintiffs' "Letter to the Court" if not replied to in an "Omnibus Reply" would require not only the plaintiffs to draft the same identical documents over multiple times than they are already doing, but would require the Court to read three times the about of "Objections', and then three times the amount of "Motions to Dismiss" as well.

If economy, and simplicity is the better means to resolve the issues before the Court, one way or the other, then it must be understood that addressing all defendants in an "Omnibus Reply" while eliminating the need for other similar Reply's, will necessarily cause the "Omnibus Reply" and "Omnibus Memorandum of Law" to be longer than it would if addressing only one defendant's "Objection".

While an overlong "Omnibus Reply" and "Overlong Memorandum of Law" is not ideal, as it is more work for all, it is still less work, for the Court, the plaintiff, and all opposing counsel, than the drafting, reading, and addressing of three times the amount of "Objections" before being able resolve the issues.

Wherefore, the plaintiffs request permission to file an overlong "Omnibus Reply" and overlong "Omnibus Memorandum of Law" in support of their "Omnibus Reply".

_Rachel J. Egan_
Rachel Egan
2015 McKenzie Creek Drive
Charlotte, North Carolina, 28270
(704) 675 - 5252

_Hadley Macpherson_
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina 28270
(704) 675 - 5252

_Loyal Egan_
Loyal Egan
2015 McKenzie Creek Drive
Charlotte, North Carolina, 28270
(704) 675 - 5252

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent/delivered this day of March 17, 2006 to to Attorney Edward Sheehy at Williams, Cooney & Sheehy at 799 Silver Lane, Trumbull 06611 appearing for the defendants Attorney Sally Hodgdon and The Communities' Law Center Inc.; to Attorney Elizabeth Andrews at Tyler, Cooper & Alcorn at 205 Church Street PO Box 1936 in New Haven CT 06509, appearing for the defendants the Sisters of Notre Dame and the defendant the Daughters of the Holy Spirit, and to Attorney Louis Blumenfeld at Cooney, Scully, & Dowling, at 10 Columbus Blvd., Hartford, CT 06106 appearing for the defendants the the Sisters of Mercy and the defendants the Sisters of Saint Joseph.

_Rachel J. Egan_
Rachel Egan
2015 McKenzie Creek Drive
Charlotte, NC  28270
(704) 675 - 5252

_Hadley Macpherson_
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina
(704) 675-5252

_Loyal Egan_
Loyal Egan
2015 McKenzie Creek Drive
Charlotte, NC  28270
(704) 675-5252