2H

Original

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

## AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | 3:01CV01555 SRU |
| and | |
| RACHEL EGAN | MARCH 17, 2006 |
| and | |
| LOYAL EGAN | CIVIL ACTION |
| Plaintiffs, | |
| VS. | |
| ATTORNEY SALLY HODGDON | PLAINTIFFS' |
| and | "**OMNIBUS OBJECTION**" TO |
| THE COMMUNITIES' LAW CENTER | ALL DEFENDANTS' |
| and | "**MOTIONS TO DISMISS**" |
| SISTERS OF SAINT JOSEPH | |
| and | |

**SISTERS OF NOTRE DAME**

and

**SISTER OF MERCY**

and

**DAUGHTERS OF THE HOLY SPIRIT**

Defendants

**JURY DEMANDED**

## PLAINTIFFS "OMNIBUS OBJECTION"TO ALL "MOTIONS TO DISMISS" FILED BY ALL OF THE DEFENDANTS, ATTORNEY SALLY HODGON, THE COMMUNITIES' LAW CENTER INC., SISTERS OF SAINT JOSEPH, SISTERS OF MERCY, SISTERS OF NOTRE DAME, AND DAUGHTERS OF THE HOLY SPIRITS,

The plaintiffs respectfully submit this "Omnibus Objections" to all of the "Motions to Dismiss" which were filed by the defendants, Attorney Sally Hodgdon, The Communities' Law Center Inc., the Sisters of Saint Joseph, Sisters of Mercy, Sisters of Notre Dame, and Daughters of the Holy Spirit, in response to the "Plaintiff's Letter/Affidavit Requesting Permission to File Amended Complaint Late But As Timely" dated February 13, 2006, and the filing error that occurred back on February 10, 2006 involving the filing of the plaintiffs' "Amended Complaint".

The defendants identified above, are hereinafter collectively referred to as "Defendants".

The plaintiffs submit an "Omnibus Memorandum of Law" with attached Exhibits in support of this "Omnibus Objection", as well as two "Affidavits of Hadley Macpherson", sworn to in the presence of a Notary Public, and identified as the following:

1. "First Sworn Affidavit of Hadley Macpherson Relating to Events Alleged In Plaintiffs' 'Letter to the Court' dated February 13, 2006"

2. "Second Sworn Affidavit of Hadley Macpherson Relating to Illegal Tampering of Plaintiffs' Mail and Illegal Entry into Plaintiffs' Home"

The Exhibits provided in defense of the plaintiffs' decision to have their "Amended Complaint" driven north to be hand delivered at the District Court, and served by hand on Friday, February 10, 2006, instead of by U.S. Mail or Fed Ex, fall into two categories:

1. Mail that was <u>officially determined</u> by the United States Postal Service <u>to have been already opened, while still in the custody</u> of the United States Postal Service, <u>prior to its being delivered to the plaintiffs' mailbox</u> located outside her home at 2015 McKenzie Creek Drive.

2. <u>Weather Records</u> pertaining to the Clipper snow storm that originated in the Gulf and hit the <u>Southern states of Texas, Alabama, Tennessee, Kentucky, North Carolina, Virginia, West Virginia</u>, as well as the Northern states of Missouri, Illinois, Washington D.C., Maryland, Pennsylvania, New Jersey, New York, and Connecticut, <u>between Tuesday, February 8, 2006, and Sunday, February 12, 2006.</u>

## EXHIBITS:   MAIL TAMPERING

The plaintiffs attach as Exhibits, photocopies of nineteen (19) pieces of mail which were <u>officially determined by the United States Postal Service to have been already opened</u> while still in the custody of the United States Postal Service, <u>prior to their delivery</u> to the plaintiffs mailbox.

Each of the nineteen (19) pieces of already opened mail <u>bears the official stamp</u> that the the United States Postal Service in Charlotte, North Carolina, uses to designate that the envelope bearing that stamp <u>was found to be in an already opened state though not yet delivered, and though still in the custody of the United States Postal Service and its employees.</u>

Each of the (19) pieces of mail being submitted as Exhibits <u>were each individually signed and/or initialed by whichever Supervisor placed the official stamp on the individual</u>

envelope, having determined the envelope to have been already opened while still in the custody of the United States Postal Service, prior to its moving on for delivery to the plaintiffs mailbox located outside her home at 2015 McKenzie Creek Drive, in Charlotte North Carolina.

Both the official stamp, as well as the individual signatures and/or initials of the Supervisors involved, were placed on the (19) pieces of already opened mail, prior to their being delivered to the plaintiffs mailbox at 2015 McKenzie Creek Drive, in Charlotte, North Carolina, as the United States Postal Service will not ever, and can not ever, officially verify that a piece of mail was delivered to a citizens home in an already opened condition, once that piece of mail has already been delivered, for reasons of obvious logic and legality.

The plaintiffs, for the sake of what is left of their privacy, have blacked out the Senders names on the photocopies, (though the original envelopes remain untouched), as some of the envelopes are private or medical in nature, and the plaintiffs do not believe they should have to suffer more exposure without just cause.

The plaintiffs are perfectly willing to immediately produce the actual physical envelopes for the Court's inspection only, to prove the truth of the plaintiff's statements made in her "Second Sworn Affidavit of Hadley Macpherson Relating to Illegal Tampering of Plaintiffs' Mail and Illegal Entry into Plaintiffs' Home", and defend the decision she made back on Wednesday, February 8, 2006, to have the "Amended Complaint" driven North rather than mailed by any carrier.

The plaintiffs also attach as Exhibits, the plastic mail bags belonging to the United States Postal Service which are used by the United States Postal Service as containers to deliver mail that it determines has already been opened while still in the custody of the United States Postal

Service, and which were used to deliver the plaintiffs already opened mail to their mailbox at 2015 McKenzie Creek Drive, in Charlotte, North Carolina.

The plaintiffs have attached, and stapled, <u>one (1) of each of the plastic mail bags to each</u> of the plaintiffs' "Objections" and "Reply's", <u>as well as to all courtesy copies,</u> filed in response to the "Motions to Dismiss" and "Objections" which were filed by the defendants in both this case of 3:01CV01555, in the case of 3:02CV1309, and in the case of 3:02CV1973.

The plastic United States Postal Service mail bags, though identical in physical nature, are in no way redundant and therefore unnecessary, as their redundancy makes a necessary statement, given that the plastic United States Postal Service bags cannot be obtained by an outside citizen upon the asking, but are only used as a last resort by the United States Postal Service when it finds itself having to deliver mail that has already been opened while still in its custody, and which is too damaged to deliver to the receiver without a plastic bag container.

**EXHIBITS:** **WEATHER RECORDS FOR ALABAMA, TENESSEE, KENTUCKY NORTH CAROLINA, VIRGINIA, AND WEST VIRGINIA, MARYLAND, WASHINGTON D.C., MISSOURI, ILLINOIS, PENNSYLVANIA, NEW JERSY, NEW YORK, AND CONNECTICUT BETWEEN FEBRUARY 7, 2006 AND FEBRUARY 11, 2006**

The plaintiffs submit and attach as Exhibits, the available Weather Records for the Southern states of <u>Texas, Alabama, Tennessee, Kentucky, North Carolina, Virginia, West Virginia,</u> and the Northern states of <u>Maryland, Washington D.C., Missouri, Illinois, Pennsylvania, New Jersey, New York, and Connecticut</u>, between Tuesday, February 8, 2006 and Sunday, February 12, 2006.

The plaintiffs attach as Exhibits, Internet pages published by the "National Weather Service", and other weather stations throughout the Southern states, including "ABC" media stations, relating to the weather conditions that existed in the Southern states of Texas, Alabama, Tennessee, Mississippi, North Carolina, Virginia, and West Virginia, as well as throughout the Northern States of Maryland, Pennsylvania, Missouri, New Jersey, New York, and Connecticut, on Monday, February 7, 2006, through Sunday, February 12, 2006, referencing the Clipper Snow Storm that came up from the Gulf and hit the Southern states first, and then made its way north to the Mid-Atlantic States, and New England, where it finally hit Connecticut on the evening of February 11, 2006.

The plaintiffs also attach as Exhibits, internet Web pages from the National Weather Service's own Website which prove that the National Weather Service has not yet acquired, and cannot yet post as of this date of March 17, 2006, the archival data relating to the Severe Winter Snow Storm Warnings that were issued throughout the South between February 7, 2006, February 8, 2006, and February 9, 2006, and February 10, 2006, and spoke of the possibility that airports would close due to their not having the resources possessed by Northern states to deal with Snow and Ice, a closing which would have delayed all flights carrying mail north, and which did in fact occur in cities in the North who were harder hit, and yet even had the equipment and resources to regularly cope with a snowstorm.

The plaintiffs have attached The National Weather Service's own statements made on its own Website, alerting the public to the fact that the weather stations across the country are given 90 to 120 days from the end of the last month, by which to gather, organize and submit their archival data to the National Weather Service, which includes the forecasts, and therefore all

postings on the National Weather Service Website are two months behind, and the specific Severe Weather warnings and forecasts that once existed, prior to the Clipper Snow Storm's arrival, cannot be fully obtained as of yet, and the plaintiffs not prejudiced by their inability to produce that which even the National Weather Service cannot prove or produce at this point in time.

### A.    TIMELINESS OF "OMNIBUS REPLY" AS TO ALL DEFENDANTS

On Monday, February 13, 2006, the plaintiffs, in North Carolina, mailed by way of Overnight Fed Ex, their "Plaintiff's Letter/Affidavit Requesting Permission to File Amended Complaint Late But As Timely" dated February 13, 2006 which was then filed and docketed in the District Court on the morning of Tuesday, February 14, 2006.

On Monday, February 13, 2006, the defendants, Attorney Sally Hodgdon and The Communities' Law Center Inc., filed their "Motion to Dismiss", which was not entered on the Internet Docket until the following day of Tuesday, February 14, 2006.

On the evening of Monday, February 13, 2006, the plaintiffs, being yet unaware of the defendants, Attorney Sally Hodgdon and The Communities' Law Center's "Motion to Dismiss", mailed their "Plaintiff's Letter/Affidavit Requesting Permission to File Amended Complaint Late But As Timely" dated February 13, 2006 by Overnight Fed Ex from North Carolina, which was then filed the following morning of Tuesday, February 14, 2006.

On Thursday, February 16, 2006, the defendants, the Sisters of Saint Joseph and Sisters of Mercy, filed their "Motion to Dismiss".

On Thursday, February 16, 2006, the defendants, the Sisters of Notre Dame and Daughters of the Holy Spirit, filed their "Motion to Dismiss".

The plaintiffs received their copy of all defendants' "Motions to Dismiss" by mail the following week.

The filing date of the "Motion to Dismiss" filed by the defendants, Attorney Sally Hodgdon and The Communities' Law Center Inc., that being Monday, February 13, 2006, counting twenty (21) days forward for the filing of an "Objection" under the Federal Rules of Civil Procedure, designated the response date for the plaintiffs filing of an "Objection" to be that of Monday, March 6, 2006.

The filing date of the "Motion to Dismiss" filed by the defendants, the Sisters of Saint Joseph and Sister of Mercy, that being Thursday, February 16, 2006, counting twenty one (21) days forward for the filing of an "Obejction" under the Federal Rules of Civil Procedure, designated the response date for the plaintiffs filing of an "Objection" to be that of Wednesday, March 8, 2006.

The filing date of the "Motion to Dismiss" filed by the defendants, the Sisters of Notre Dame and Daughters of the Holy Spirit, that being Thursday, February 16, 2006, counting twenty one (21) days forward for the filing of an "Objection" under the Federal Rules of Civil Procedure, designated the response date for the plaintiffs filing of an "Objection" to be that of Wednesday, March 8, 2006.

However, given that the plaintiffs received their copies of the all defendants' "Motions to Dismiss" through the mail, under Rule 5 of the Federal Rules of Civil Procedure, and that the distance between Connecticut and North Carolina shorts the plaintiffs of the necessary time to

receive and respond, the plaintiffs are therefore entitled to the benefit of the additional three (3) days afforded to them by Rule 6 of the Federal Rules of Civil Procedure in filing their "Objections".

With the use of the additional three (3) days afforded by Rule 6 of the Federal Rules of Civil Procedure, the plaintiffs have <u>until Thursday, March 9, 2006</u> by which to file their "Objection" to the "Motion to Dismiss" filed by the defendants, Attorney Sally Hodgdon and The Communities' Law Center Inc., rather than the date of Thursday, March 6, 2006; and <u>until Sunday, March 12, 2006, (which rolls over to Monday, March 13, 2006)</u> by which to file their "Objection" to the "Motion to Dismiss" filed by the defendants, the Sisters of Saint Joseph and Sisters of Mercy, rather than the date of Thursday, March 9, 2006; and <u>until Sunday, March 12, 2006 (which rolls over to Monday, March 13, 2006)</u> to file their "Objection" to the "Motion to Dismiss" filed by the defendants, the Sisters of Notre Dame and the Daughters of the Holy Spirit, rather than the date of Thursday, March 9, 2006.

On Thursday, March 9, 2006, the plaintiffs' Overnight Fed Ex'd their <u>"Request for a Three Day Enlargement of Time to respond to all 'Motions to Dismiss' and all 'Objections' of the Defendants"</u>, which was filed on Friday, March 10, 2006.

As of that date of Friday, March 10, 2006, when the plaintiffs' <u>"Request for a Three (3) Day Enlargement of Time"</u> arrived by Fed Ex and was filed in the District Court, only the responsive deadline to the "Motion to Dismiss" filed by the defendants, Attorney Sally Hodgdon and The Communities' Law Center had passed as of the day before, on Thursday, March 9, 2006, when the plaintiff mailed out by Overnight Fed Ex, her <u>"Request for A Three Day Enlargement of Time"</u> which arrived and was filed in the District Court the following morning of

Friday, March 10, 2006.

The responsive deadlines as to the "Motions to Dismiss" filed by the defendants, the Sisters of Saint Joseph, Sisters of Mercy, Sisters of Notre Dame, and Daughters of the Holy Spirit, under the extra three (3) days allotted by Federal Rule 6, was not actually passing until the close of Monday, March 13, 2006.

On Monday evening, March 13, 2006, the plaintiffs Overnight Fed Ex'ed a second "Request for an Enlargement of Time Until Friday, March 17, 2006" which arrived the following morning in the District Court, and was filed that morning of Tuesday, March 14, 2006.

( The cover page was erroneously typed date as "Request for Enlargement of Time Until Friday, February 13, 2006", however, the typo was only on the cover page, and not in the body or title of the actual Motion, which stated the correct date of Friday, March 17, 2006).

That same day of Tuesday, March 14, 2006, the Court granted the plaintiffs' first "Request for a Three (3) Day Enlargement of Time" filed back on Friday, March 10, 2006.

The following day of Wednesday, March 15, 2006, the defendants, Attorney Sally Hodgdon and The Communities' Law Center, filed an "Objection" to the plaintiffs' second "Request for an Enlargement of Time Until Friday, March 17, 2006 to Respond to All 'Objections' and 'Motions'", which had been filed the day before, on Tuesday, March 14, 2006.

Later that same day of Wednesday, March 15, 2006, the Court granted the plaintiffs' "Request for an Enlargement of Time until Friday, March 17, 2006 to Respond to all 'Objections' and 'Motions'" which had been filed back on Tuesday, March 14, 2006, as to all pending responsive deadlines to all defendants.

This "Omnibus Objection" , being filed on this day of Friday, March 17, 2006, is

therefore timely as to plaintiffs' deadline for response to all of the "Motions to Dismiss" filed by all of the defendants, Attorney Sally Hodgdon, The Communities' Law Center Inc., Sisters of Saint Joseph, Sisters of Mercy, Sisters of Notre Dame, and the Daughters of the Holy Spirits' in response to the "Plaintiff's Letter/Affidavit Requesting Permission to File Amended Complaint Late But As Timely" dated February 13, 2006, and the filing error that occurred back on February 10, 2006 involving the filing of the plaintiffs' "Amended Complaint", under the benefit of the three (3) additional days afforded to the plaintiffs under Rule 6 of the Federal Rules of Civil Procedure, and under the two "Requests for Enlargement of Time to Respond" granted by the Court on Tuesday, March 14, 2006, and Wednesday, March 15, 2006.

The defendants, Attorney Sally Hodgdon, The Communities' Law Center Inc., Sisters of Saint Joseph, Sisters of Mercy, Sisters of Notre Dame, and the Daughters of the Holy Spirits identified above, are hereinafter collectively referred to as "Defendants" below.

The "Defendants" arguments, though grouped together under each of the issues, are specifically identified and attributed to the names of the specific defendants who offered them, and then cited from each of the three "Motions to Dismiss" pertaining to those specific defendants, as i.e. [Motion to Dismiss. pg.  ] so that no individual defendant can argue that their position was confused with that of another.

### B. "DEFENDANTS" COMPLAINTS AND ARGUEMENTS

### 1. FAILURE TO TIMELY "FILE" AND "SERVE" AMENDED COMPLAINT

The "Defendants" argue in each of their "Motions to Dismiss" filed in response to the filing error that occurred on February 10, 2006 involving the plaintiffs' Amended Complaint which was subsequently explained in detail in the "Plaintiff's Letter/Affidavit Requesting Permission to File Amended Complaint Late But As Timely" dated February 13, 2006, that the plaintiffs' had until Friday, February 10, 2006 to "file" and "serve" their "Amended Complaint" in the District Court, and "failed" to do so.

None of the "Defendants" filed a "Memorandum of Law" in support of their "Motion to Dismiss", therefore each of the following arguments below, is quoted from each "Motion to Dismiss" only:

**Defendants, Attorney Sally Hodgdon, The Communities' Law Center, Inc.:**

> "The defendants, Sally Hodgdon and The Communities' Law Center, respectfully request the Court to enter Judgment of Dismissal with prejudice <u>for the failure of the plaintiff's to file an Amended Complaint with a maximum of 25 pages on or before February 10, 2006</u> in accordance with the Order of the Court entered on January 18, 2006 after Oral Argument."
>
> [Motion to Dismiss, quoted in its entirety.]

**Defendants, Sisters of Notre Dame de Namur, Daughters of the Holy Spirit:**

> "Pursuant to the Court's Order and Ruling from the bench on Janauary 18,

2006, plaintiffs in the above-captioned matter <u>were ordered to file an Amended Complaint, with a maximum page limit of twenty-five pages, on or before February 10, 2006</u>. <u>Plaintiffs have failed and/or refused to comply with this Court's Order</u>. Accordingly, the defendants the Daughters of the Holy Spirit and Sisters of Notre Dame de Namur respectfully request that this Court enter a Judgment of Dismissal with prejudice.

[Motion to Dismiss, quoted in its entirety.]


**<u>Defendant, Sisters of Saint Joseph of Chambery, Sisters of Mercy of the Americas</u>:**


"The defendants Sisters of Saint Joseph and Sisters of Mercy move the Court, pursuant to Rule 41(b), F.R.Civ. P. and Rule 41(a) Connecticut Court District Court Rules, to dismiss this action for failure to comply with the order of the Court of January 18, 2006 which required the plaintiffs to file and serve an Amended Complaint by February 10, 2006.

The Court expressly ordered as to the Amended Complaint:

> "And these complaints have to be filed by February 10, 2006. I do not intend to grant any extensions of time. If you expect to have any problem, get them in early. The points about the defendants having some rights here and needign to have this thing come to resolution are well taken...."

>> Hearing Transcript, 1/18/2006, p. 69 (copy attached)

> "It has to be filed, meaning it has to be in court on the 10th and you have to serve it, i.e. mail it the day that you file it."

>> Hearing Transcript, 1/18/2006, p. 70 (copy attached)

February 10, 2006 has passed and no Amended Complaint has been filed according to the Court Civil Docket. Accordingly, dismissal is in order."

[Motion to Dismiss, quoted in its entirety.]

## C.    PLAINTIFFS DEFENSE TO " DEFENDANTS" ARGUMENTS

1. **Decision To Send "Amended Complaint" North By Courier Due To Plaintiffs' Mail Being Already Opened Prior To Delivery To Plaintiff's Mailbox**

    The plaintiffs' mail was being opened prior to delivery, on a daily basis for almost two weeks, and that intrusion was being committed by someone within the U.S. Postal Service, who was associated with the Defendants in these cases at District Court, given the acts being committed.   [see Facts in Mem. of Law, and Second Affidavit of Hadley Macpherson]

2. **Decision To Send "Amended Complaint" North By Courier Due to Plaintiffs' House Being Illegally Entered, And Personal Items Removed And Stolen**

    The plaintiffs' house had been illegally entered by individual (s) that had to have been associated with the Defendants in these cases at District Court, given the items that were stolen, the evidence of the kind of activity left behind, and the lack of anything valuable being taken. [see Facts in Mem. of Law, and Second Affidavit of Hadley Macpherson]

3. **Decision To Send "Amended Complaint" North By Courtier To Avoid Any Delays Caused By The Clipper Snow Storm Already Hitting The South On February 8, 2006, Due To Reports That Airports Anticipated Closing**

    The Clipper Storm already hitting the South on February 8, 2006, was reason not to risk sending the "Amended Complaint" by any carrier if Airports closed due to not having the resources possessed by Northern states to deal with sudden snow and ice, a closing already being anticipated, and which had the potential to delay flights hubs carrying mail north, even if the plaintiffs' risked sending the "Amended Complaint" by U.S. Mail or Fed Ex. [see Exhibits]

4.  **Decision Not To "Serve" The Defendants Their Copies Of The "Amended Complaint" On February 10, 2006, After the Filing Error Had Occurred, Or At Any Time Since**

The "Defendants" would have accused the plaintiffs of being fraudulent in serving an "Amended Complaint" with a date three days past due to the weekend between Friday, February 10, 2006, and Monday, February 13, 2006, that had not actually been filed, and would have accused the plaintiffs of Fraud, and then filed the same "Objections" and "Motions to Dismiss" that were filed now, only had the ability to attempt to taint the plaintiffs character in the process.

Further, the Court's Order only allowed for the service if the "Amended Complaint" were filed, and once the deadline was missed, there would be no legal reason to served "Amended Complaints" on the Defendants that they could then attempt to use to bar all future claims that were not actually yet the subject of this suit, as they were not part of the Record unless filed.

5.  **Decision Not To "File" the "Amended Complaint" Dated February 10, 2006, After Filing Error Had Occurred, on Friday, February 10, 2006, Or At Any Time Since**

If the plaintiffs had chosen to deliver their "Amended Complaint" dated February 10, 2006 to the District Court on Monday, February 13, 2006, at the first opportunity to undo the mistake that occurred, without first obtaining permission to do so, the "Defendants" would have filed the exact same "Objections" and "Motions to Dismiss", and requests that the plaintiffs be dismissed with prejudice, as well as all claims newly alleged in that "Amended Complaint" despite the fact that the plaintiffs' still have rights to the claims newly alleged in the new "Amended Complaint" which cannot be barred by estoppel or res judicata even if the cases are dismissed, given that they were never alleged, occurred recently, involved individuals beyond

just the present Defendants, and given the ongoing nature of the Intentional Torts committed, and that they were not alleged in the Original Complaint which is the only Complaint standing at this moment, and the Statute of Limitations is no where near on running out on them.

The "Defendants" expressly stated in their "Motions to Dismiss" and "Objections" their desire and intent to prejudice and bar every single claim contained in the "Amended Complaint" dated February 10, 2006, from every being litigated, if and when those claims are served, disclosed, and made a part of the Record in this case.

6. **Decision To Travel The Amended Complaints North Was Reasonable Under The Circumstances, And Connecticut Must Recognize Acts of God, Acts of Men, And Determinations Made By The United States Postal Service**

The plaintiffs anticipated human interference and natures delay, and tried to avoid them.

The plaintiff needed until February 8, 2006 to complete the re-drafting of their Amended Complaint to a 25 page length, in both cases. The elements to be plead for each intentional tort, are necessary, or the claims would fail. Sixty bad acts in 25 pages, with all elements met was time consuming. A well pleaded Complaint, edited from 270 pgs., still had to allege the facts of each transaction, duties breached, and statutes broken in order to succeed as to all "Defendants".

That the plaintiffs are 800 miles away, and had to overcome obstacles that could not be anticipated on January 18, 2006, should be mitigated if the "Defendants" would never be in a position to face those same obstacles of distance, weather, inability to electronically file, and outside intrusion from those who could enter their offices or homes, attempt to destroy evidence, ruin their case, or just invade their privacy as an intimidation tactic, leaving them no longer feeling secure in their own home or on their own telephone, or able to open their own mail.

_____
Rachel Egan
2015 McKenzie Creek Drive
Charlotte, North Carolina, 28270
(704) 675 - 5252

_____
Loyal Egan
2015 McKenzie Creek Drive
Charlotte, North Carolina, 28270
(704) 675 - 5252

_____
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina 28270
(704) 675 - 5252

## CERTIFICATION

This is to certify that a copy of the foregoing was sent/delivered this day of March 17, 2006 to to Attorney Edward Sheehy at Williams, Cooney & Sheehy at 799 Silver Lane, Trumbull 06611 appearing for the defendants Attorney Sally Hodgdon and The Communities' Law Center Inc.; to Attorney Elizabeth Andrews at Tyler, Cooper & Alcorn at 205 Church Street PO Box 1936 in New Haven CT 06509, appearing for the defendants the Sisters of Notre Dame and the defendant the Daughters of the Holy Spirit, and to Attorney Louis Blumenfeld at Cooney, Scully, & Dowling, at 10 Columbus Blvd., Hartford, CT 06106 appearing for the defendants the the Sisters of Mercy and the defendants the Sisters of Saint Joseph.

_____
Rachel Egan
2015 McKenzie Creek Drive
Charlotte, NC   28270
(704) 675 - 5252

_____
Loyal Egan
2015 McKenzie Creek Drive
Charlotte, NC   28270
(704) 675-5252

_____
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina
(704) 675-5252