UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HADLEY MACPHERSON, RACHEL EGAN, AND LOYAL EGAN | : |
| Plaintiffs, | : NO:  **3:01CV01555 (SRU)** |
| VS. | : |
| ATTORNEY SALLY HODGDON, ET AL, | : |
| Defendants. | : APRIL 6, 2006 |

**RESPONSE OF THE DEFENDANTS SISTERS OF ST. JOSEPH AND SISTERS OF MERCY  TO PLAINTIFFS' OMNIBUS OBJECTION  TO MOTION TO DISMISS**

**I. Background**

On February 16, 2006 these defendants moved the Court, pursuant to Rule 41(b), F.R.Civ.P. and Rule 41(a) Connecticut District Court Rules, to dismiss this action for the plaintiffs' failure to comply with the Court's order of January 18, 2006 which required the plaintiffs to file and serve an Amended Complaint **by** February 10, 2006.  That was the sole basis for the motion.  Neither the Amended Complaint nor a copy has ever been filed.

After multiple filings as to deadlines and memorandum length, on March 17, 2006 the plaintiffs finally filed what they entitled "Plaintiffs' Omnibus Objection" To All Defendants'

"Motions To Dismiss".  Docket #159.  Although the document references the attachment of two affidavits and two exhibits, there were none.

On March 17, 2006 the plaintiffs also filed "Plaintiffs' Request For An Enlargement Of Time Until March 29, 2006 To Respond To All Motions And Objections" seeking to file an "Omnibus Memorandums of Law".  The motion was granted by the Court.  The alleged cause for this request was the filing of a Supplemental Memorandum Of Law by two defendants on March 16, 2006.  In an interesting parallel to the filing of the Amended Complaint, the plaintiffs claim that their Omnibus Memorandum was ready to go, but did not file it and, like the Amended Complaint, it was never filed.

It had been these defendants' intent to respond to plaintiffs' "Omnibus Memorandums of Law".  However, March 29 is well past and no such memorandum has been filed.  Accordingly, these defendants file this Response to Plaintiff's "Omnibus Objection" to their Motion to Dismiss  to address the plaintiffs' "defense" for not filing the ordered Amended Complaint.  Each will be set out in the Discussion section of this Reply Memorandum.

In fact, none of the defenses presented excuse a failure to file an ordered pleading for what is now eight weeks and running.  The plaintiffs' have had more than adequate chances to pursue their alleged claims but refuse to comply with the rules and the Court's orders.  Accordingly, dismissal is in order.

**II. Response**

    A.  **THE PLAINTIFFS' "DEFENSES" TO THEIR NON-COMPLIANCE**

The plaintiffs state several defenses to the failure to file the Amended Complaint.  We will address each.  Generally, however, the first three "defenses" deal with why using a courier was appropriate.  The next two "defenses" deal with why not filing the Amended Complaint late and not serving copies was proper. As to the first three, although the justification stated makes no sense, plaintiff's choice to have someone drive 800 miles to court to file the Amended Complaint, if true, is not an issue.  The issue is that the Amended Complaint was not filed and to this date has not been filed, even as an exhibit.  Similarly, as to the purported decision not to serve and not to file the Complaint late, it is the failures and the questions thus raised that are of consequence, not the circuitous reasoning for either act.  The simple fact is that the plaintiffs' Amended Complaint has not seen the light of day and it is now about eight weeks late.  Dismissal is in order.

    1.  **It was necessary to send the Amended Complaint by courier due to tampering with incoming mail.  (Omnibus Objection, p. 15.)**

The plaintiffs state that their incoming mail had been opened prior to delivery, on a daily basis for almost two weeks and that the intrusion was "by "someone within the U.S. Postal Service who was associated with the Defendants in these cases at District Court, given the acts being committed."  Omnibus Reply, p. 15.

First, we understand the substance to be that the intrusion was by a postal worker "associated with the defendants given the acts being committed". If the suggestion is that these defendants are involved, that is preposterous, slanderous and untrue. Next, the unsupported allegation seems inconsistent with the claim that "some of the envelopes are private or medical in nature", that is, nothing of interest to these defendants. Finally, that some postal worker is opening incoming mail, if true, is scarcely a reason to refuse to post outgoing mail, either at a different postal district or with another mail delivery service, such as Federal Express, which plaintiffs use continually. Accepting plaintiffs' concerns as at least real to them, the alleged solution, sending a courier to Connecticut, while their right, is not a credible solution. Moreover, there is no evidence of: the existence of the courier, the events described as to filing, or the alleged mail problem.

**2. It was necessary to send the Amended Complaint by courier due to illegal entry into plaintiffs' house. (Omnibus Objection, p. 15.)**

The plaintiffs state: "The plaintiffs' house had been illegally entered by individual(s) that had to have been associated with the Defendants in these cases at District Court, given the items that were stolen, the evidence of the kind of activity left behind, and the lack of anything valuable being taken." Omnibus Objection, p. 15.

Again, if the suggestion is that these defendants were involved in an illegal break-in that is preposterous, slanderous and untrue. Finally, even if the break-in is true, and even if the nature of the items taken and not taken is suspicious, it has nothing whatsoever to do with putting

a document in the mail or sending it by an alternate mail carrier. Again, there is absolutely no evidence to support plaintiffs' factual claims.

### 3. The Weather Reports Were Bad  (Omnibus Reply, p.15)

The plaintiffs also claim that the weather reports were such that they feared that the mail would not get through and thus sent a personal courier.  The concept, that a driver could get there, but that the mail would not makes little sense.  The fact is that if the mail had been sent it would have gone out the day before the Amended Complaint was due and would not have been impacted by any weather.  The mail would have left North Carolina before the claimed weather system (which, to this time has not been supported) and arrived in Bridgeport before any weather system hit there.

### 4. The Plaintiffs Would Have Been Criticized If They Had Served An Amended Complaint That Had Not Been Filed.  (Omnibus Objection, p. 16)

This "defense" is that because the plaintiffs realized that the Amended Complaint had not been filed it would have been improper for them to have served the copies.  Of course the general situation is not unique as there are many instances when documents are rejected after the service copies had been sent.  And certainly any misleading content, such as the file-stamp could be crossed off or a note included.

As with the Amended Complaint itself, what the absence of service copies suggests is that there was no Amended Complaint being filed; that the story of an inadvertent filing of the wrong document is fiction.  Moreover, the claim that there would have been a basis to object if

the Amended Complaint had been served but filed late due to the events alleged - if they are true - is simply not correct. As long as the filing had been done promptly, as in the next business day, there would have been little basis to object and no point in doing so.

### 5. The Defendants Would Have Objected If The Amended Complaint Was Filed On February 13, 2006, The Next Business Day. (Omnibus Objection, p. 16)

This "defense" takes the position that the defendants would have moved to dismiss anyway if the Amended Complaint had been filed late so doing so would have made no difference. It is not clear if the statement means that the motion would have been made "because it was late" or on the merits. Both may be true, but the late filing argument would have been very different were there any evidence that an actual Amended Complaint, and not just a cover existed at the very time it was to have been filed and was filed but a day late.

It seems hard to believe that such an argument is being made. The options were: a.) file the Amended Complaint one day late and see if there is objection; b.) file a motion for permission to file late and make the Amended Complaint an exhibit to show that there is one and to support the contended reason for late filing (including with a court date stamp); or c.) do not file the complaint either late or as an exhibit, just file the cover page and a motion to file late. The only choice that was certain to draw motions to dismiss and objection was "c.)" The likelihood of an attempt to dismiss due to a one-day late filing was not likely, and that such a motion would have been successful is still less likely. As to filing a copy with the motion for permission to file late by one day, such a request would have been credible and, as with late

filing, not likely to have caused an objection and even less likely to have resulted in a successful opposition to filing.

Filing only the motion to file late and no Amended Complaint leads one to the necessary conclusion that either no such document exists or that it does not comply with the Court's order, and thus that divulging it would result in denial of the motion to allow it to be filed. That the pleading actually filed is a new motion to consolidate the actions increases the suspicion that no complying amended complaint existed at the time, and probably at this time. Of course, were such a document to turn up at this point it would not seem to overcome the inference that it did not exist before now.

Based on the documents that have been filed, the most logical series of events is that the plaintiffs refused to accede to the Court's order, filed a new motion to consolidate and obtained file-stamped "Amended Complaint" cover pages to support the story being used to excuse the absence of complying amended complaints. The strategy being to get permission to file a consolidated Amended Complaint without ever filing the one that was ordered.

### 6. The Decision To Send The Amended Complaint By Courier Was Reasonable Under The Circumstances.

This argument adds no new excuses. For the reasons already stated herein, the use of a courier for the reasons stated by plaintiff was not reasonable. However, if that was plaintiffs' choice, so be it. Again, the problem is the mysteriously missing Amended Complaint, not how plaintiffs sent it to Connecticut or why they did so.

### B. THE ACTION SHOULD BE DISMISSED

Dismissal is a severe remedy. However, the plaintiffs have demonstrated what can most charitably be called a disdain for the Court's authority and an unwillingness to comply with its orders. At the January 18, 2006 hearing the Court issued a simple, direct and procedurally easy to follow order. It has resulted in fifteen docket entries as this Response is being drafted, and with more to come, yet no compliance with the order. As the Court acknowledged on January 18, it is not only plaintiffs that have rights that must be protected; the defendants have such rights too. It is respectfully submitted that the plaintiffs' have been protected for long enough and that their action, as to which there is no pending complaint, should be dismissed.

### III. Relief

**WHEREFORE,** these defendants pray that their motion to dismiss be granted.

**DEFENDANTS SISTERS OF MERCY
AND SISTERS OF ST. JOSEPH**


**By**  /s/ Louis B. Blumenfeld
Louis B. Blumenfeld
Cooney, Scully and Dowling
Hartford Square North
Ten Columbus Boulevard
Hartford, Connecticut 06106
Phone: 860-527-1141
Fax:   860-247-5215
E-mail: lbb@csd-law.com
Fed Bar #05636
Their Attorney

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to all counsel and *pro se* parties of record on April 6, 2006, as follows:

>Hadley Macpherson
>Rachel J. Egan
>Loyal B. Egan
>2015 McKenzie Creek Drive
>Charlotte, NC 28270
>
>Edward M. Sheehy, Esq.
>Suzannah Kim Nigro, Esq.
>Williams, Cooney & Sheehy
>799 Silver Lane
>Trumbull, CT 06611-0753
>
>Michael G. Caldwell, Esq.
>Tyler, Cooper & Alcorn
>205 Church Street
>New Haven, CT 06510
>
>James A. Wade, Esq.
>Robinson & Cole
>280 Trumbull Street
>Hartford, CT 06103-3597

>>/s/ Louis B. Blumenfeld
>>Louis B. Blumenfeld

#216525