UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
.....................................
                                     :
RACHEL EGAN, LOYAL EGAN              :
and HADLEY MACPHERSON EGAN           :
                                     :
        PLAINTIFFS                   :   NO.      301CVO1555 SRU
                                     :
                                     :
VS.                                  :   DATE:    APRIL 19, 2006
                                     :
                                     :
SALLY HODGDON                        :
                                     :
        DEFENDANT                    :
.....................................:
```

RESPONSE OF THE DEFENDANTS SALLY HODGDON AND
THE COMMUNITIES' LAW CENTER TO PLAINTIFFS'
MEMORANDA OF LAW IN SUPPORT OF OMNIBUS REPLY
TO ALL DEFENDANTS' OBJECTIONS TO PLAINTIFFS' LETTER
TO COURT DATED FEBRUARY 13, 2006 AND
TO OBJECTIONS TO MOTION TO DISMISS

The defendants, Sally Hodgdon and The Communities Law Center, (the defendants) submit the following response to the Plaintiffs' Memoranda of Law in Support of Omnibus Reply to All Defendants' Objections to Plaintiffs' Letter to Court and Objections to Motion to Dismiss.

The plaintiff, Hadley MacPherson, (the plaintiff), in her

- 2 -

Memorandum of Law agrees to the following:

1.   On January 18, 2006, the Court ordered the plaintiff, Hadley MacPherson to file an Amended Complaint not to exceed 25 pages on or before February 10, 2006 (pp. 1, 2 and 5 of Omnibus Memorandum of Law dated April 6, 2006);

2.   On January 18, 2006, the Court ordered that the March 15, 2005 Amended Complaint be stricken (pp. 4 and 5 of Omnibus Memorandum of Law dated April 6, 2006);

3.   On January 18, 2006 the Court denied the Plaintiffs' Motion for Consolidation dated March 16, 2005. (pg. 6 of Omnibus Memorandum of Law dated April 6, 2006).

As of this date, the plaintiff has not filed an Amended Complaint in accordance with the Court's order on January 18, 2006 nor submitted for filing a proposed Amended Complaint . Instead, the plaintiff has set forth a series of statements as to why she has not filed an Amended Complaint and/or has not submitted to the Court or to counsel the proposed Amended Complaint. The plaintiff on January 18, 2006 was given 23 days by the Court to file the Amended Complaint on or before February 10, 2006. As of this date, the plaintiff has had an additional 67 days to file an Amended

- 3 -

Complaint.

The above entitled matter has been pending in this Court since August 16, 2001 more than four and a half years. There still no operative complaint. The defendants have rights to have the claims against them which they deny adjudicated in a timely fashion. The Court on January 18, 2006 set a deadline of February 10, 2006 for the plaintiff to file an Amended Complaint with a maximum of 25 pages. The Court further told the plaintiff, "I do not intend to grant any extensions of time."

The plaintiffs' statements for not filing the Amended Complaint on or before February 10, 2006 are not grounds for allowing her additional time to file the Amended Complaint.

At the outset, the plaintiff made a decision to retain a courier to file the Amended Complaint with the Clerk of the United States District Court in Bridgeport on February 10, 2006. The courier was actually at the Clerk's Office in Bridgeport on February 10, 2006 with the Amended Complaint and copies to serve on counsel for all parties. (paragraph 16 of First Affidavit of Hadley MacPherson, Exhibit A). Because of an alleged mistake the courier rather than filing the Amended Complaint, filed another Motion for

- 4 -

Consolidation even though a similar Motion for Consolidation was most recently denied by the Court on January 18, 2006. (paragraph 35 of First Affidavit of Hadley MacPherson, Exhibit A). The plaintiff has attached a file stamped copy of the cover sheet of the "Amended Complaint" dated February 10, 2006 at 4:59 p.m. but not the Amended Complaint itself. (pg. 15 of the Omnibus Memorandum of Law dated April 6, 2006; Exhibit Q-2). The plaintiff was in telephone communication with the courier and after having learned that the courier had not filed the Amended Complaint instructed the courier not to mail copies of the Amended Complaint to opposing counsel. (paragraph 40 of the First Affidavit of Hadley MacPherson, Exhibit A).

On Monday, February 13, 2006 at 9:08 a.m., the plaintiff telephoned the District Court in Bridgeport and explained what happened and told the Court that "she would have the individual drive the Amended Complaint over to the District Court as soon as they could make it out of the snow." (pg. 12 Omnibus Memorandum of Law dated April 6, 2006; paragraph 45 of the First Affidavit of Hadley MacPherson, Exhibit A). The plaintiff then changed her mind and instructed the courier not to file the Amended Complaint with

- 5 -

the Clerk of the United States District Court in Bridgeport on
February 13, 2006 but rather filed a Letter with the Court
requesting permission to file Amended Complaint Late But as Timely.
(paragraphs 48 and 49 of First Affidavit of Hadley MacPherson,
Exhibit A).

The plaintiff then gives a litany of statements for not using
the United States mail and/or Federal Express to file with the
Court the Amended Complaint and serve on counsel copies of the
Amended Complaint. These statements are irrelevant in view of the
fact that the plaintiff had made a decision to use a courier to
file the Amended Complaint on February 10, 2006 with the Clerk of
the United States District Court. Among the statements given by the
plaintiff for failure to use the U.S. Mail and/or Federal Express
is the plaintiff's claim that her incoming mail had been tampered
with in the two weeks prior to the February 10, 2006 deadline and
that she "reasonably believed" that "the individual(s) tampering
with the plaintiffs' mail was associated with one or more of the
defendants in these cases: 3:01 CV 01555, 3:02 CV 1309 and 3:02 CV
1973 being heard at Bridgeport District Court." (pp. 35 and 43 of
Omnibus Memorandum of Law dated April 6, 2006). These defendants

- 6 -

emphatically deny that they tampered with the plaintiffs' mail. The plaintiff has produced no evidence to support her claim that she "reasonably believed" that the defendants tampered with her mail.

The plaintiff further claims that "on February 6, 2006, the plaintiffs' house was illegally entered by an individual or individual(s) whom the plaintiffs' once again reasonably believed to be associated with one or more of the defendants' in these cases ..." (pg. 45 Omnibus Memorandum of Law dated April 6, 2006). The defendants emphatically deny that they entered the plaintiffs' home. Interestingly, the plaintiff never reported this alleged "illegal entry" to the police "... as I know that any request for investigation, even if asked for, would be futile." (pg. 49 of Omnibus Memorandum of Law dated April 6, 2006; paragraph 69 (sic) of Second Affidavit of Hadley MacPherson Exhibit B).

The plaintiff claims that because of "weather obstacles" between February 4, 2006 and February 11, 2006 "the plaintiffs' Amended Complaint if leaving North Carolina by mail, had the potential to be slowed at any number of airport hubs along the way who were being dumped on with snow, whether or not the location of these airport hubs were in the straight line path from North

- 7 -

Carolina to Connecticut." (pg. 75 of Plaintiffs' Omnibus Memorandum of Law dated April 6, 2006).

The plaintiff has produced no evidence that if the plaintiff had delivered the Amended Complaint to Federal Ex[press on February 9, 2006 for overnight delivery to the United States District Court in Bridgeport on February 10, 2006, that Federal Express would not have been able to deliver the Amended Complaint to the Clerk's Office at the United States District Court in Bridgeport on February 10, 2006.

The plaintiff claims that the defendants' "Objection to Plaintiffs' Request for Enlargement of Time" dated March 29, 2006 "was filed and docketed without there being any signature attached to Attorney Edward Sheehy's Objection" and without a signature on the Certification. (pp. 112 and 113 of the Plaintiffs' Omnibus Memorandum of Law dated April 6, 2006). The court records contain the original Objection of the Plaintiffs' Request for an Enlargement of Time dated March 29, 2006 which has been signed by Attorney Edward Sheehy as well as the Certification.

For the reasons set forth above, the defendants respectfully

- 8 -

request the Court to grant their Motion to Dismiss dated

February 13, 2006.

THE DEFENDANTS
SALLY HODGDON and
THE COMMUNITIES' LAW CENTER


BY_____
        Edward Maum Sheehy
        WILLIAMS, COONEY & SHEEHY, LLP
        799 Silver Lane
        Trumbull, CT  06611-0753
        Tel.  (203)  380-1741
        Fed. Bar #ct 04212

- 9 -

**CERTIFICATION**

     This is to certify that a copy of the foregoing has been mailed, postage prepaid, on the date hereon to all counsel of record and pro se parties and the following:

**Hadley MacPherson (Egan) Pro Se**
**2015 McKenzie Creek Drive**
**Charlotte, NC  28270**

**Loyal B. Egan**
**2015 McKenzie Creek Drive**
**Charlotte, NC  28270**

**Rachel J. Egan**
**2015 McKenzie Creek Drive**
**Charlotte, NC  28270**

**Louis B. Blumenfield, Esq.**
**Cooney, Scully & Dowling**
**Ten Columbus Boulevard**
**Hartford, CT  06106**

**Elizabeth K. Andrews, Esq.**
**Tyler Cooper & Alcorn, LLP**
**205 Church Street**
**P.O. Box 1936**
**New Haven, CT  06509-1910**

_____
**Edward Maum Sheehy**