FILED

2006 APR 25  A 11: 38

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HADLEY MACPHERSON, RACHEL EGAN, AND LOYAL EGAN | :  |
| Plaintiffs, | : NO:   3:01CV01555 (SRU) |
| VS. | : |
| ATTORNEY SALLY HODGDON, ET AL, | : |
| Defendants. | : APRIL 24, 2006 |

### REPLY MEMORANDUM OF
### SISTERS OF ST. JOSEPH AND SISTERS OF MERCY
### IN SUPPORT OF MOTION TO DISMISS

**I. Introduction And Background**

These defendants, the Sisters of St. Joseph and the Sisters of Mercy, were added to this action which prior thereto had involved as defendants "Attorney Sally Hodgdon" and "The Communities' Law Center", actually "The Communities' Law Center, Incorporated" at the time the plaintiffs filed their now stricken March 15, 2005 Amended Consolidated Complaint. The alleged basis for their inclusion can be found at paragraph 82 of that complaint where it is alleged that The Communities' Law Center, Incorporated was "founded and owned by the Sisters of St Joseph, Sisters of Mercy, Sisters of Notre Dame, and Daughters of the Holy Spirit." As of

the last and only allegations before the Court, it is that relationship, and that relationship alone that forms the basis of these defendants' involvement in this morass.

On January 18, 2006 this Court struck the Amended Consolidated Complaint (and accordingly denied these defendants' substantive Motion To Dismiss), and ordered the plaintiffs to file separate amended complaints in each action, not to exceed 25 pages. On February 13, 2006, not having filed the ordered Amended Complaint in this action, the plaintiffs filed a new Motion To Consolidate Cases. Docket # 136. On February 14, 2006 the plaintiffs filed a "Letter/Affidavit from Hadley Macpherson, dated 2/13/06 Re: requesting permission to file Amended Complaint late but as timely." Docket #138. Neither the consolidation motion nor the request to file late contained a copy of the amended complaint for either case.

As a consequence of the plaintiffs' continued failure to comply with the Court's clear order, these defendants, like the other defendants in this action, filed a motion to dismiss based upon the plaintiffs' failure to comply with the Court's very simple order that they file an amended complaint of no more than 25 pages no later than February 10, 2006 and serve copies on all counsel of record. The plaintiffs obtained three extensions of time which, in combination, allowed them until March 29, 2006 to file their memorandum opposing dismissal. On April 6, 2006 the plaintiffs filed their 124-page memorandum in opposition to all motions to dismiss. In addition, the plaintiffs filed some 244 pages of exhibits.

2

*LAW OFFICES* • **COONEY, SCULLY AND DOWLING**
HARTFORD SQUARE NORTH • TEN COLUMBUS BOULEVARD • HARTFORD, CONNECTICUT 06106-5109 • (860) 527-1141

The plaintiffs' memorandum discusses many matters, primarily plaintiff Hadley Macpherson's difficulties with the United States Postal Service with regard to incoming mail and her alleged investigation of that problem, an alleged break-in at her home (which she states was not reported to the police), the weather and weather predictions during and for the week of February 6, 2005, a diatribe about Connecticut Appellate Court Judge Herbert Gruendel and others, much of it relating to an unrelated action pending before the Honorable Janet Hall, and the unfairness of not being able to file by e-mail. These arguments are an attempt to show that use of a courier to file the Amended Complaint was reasonable. As will be discussed briefly, this is a non-issue; plaintiffs had every right to hand-deliver the amended complaints.

This Reply Memorandum is intended only to respond to the plaintiffs' memorandum. Indeed, these defendants filed no initial memorandum, the issue being very simple and direct; the plaintiffs had not complied with the Court's order and thus dismissal was appropriate. In fact, there still has been no compliance, nor even an attempt to comply. Moreover, in their memorandum the plaintiffs have advised all that the failure was volitional, designed at least to prevent anyone from seeing and addressing the hidden document. Not expressed by plaintiffs is what these defendants suspect to be an attempt to get the Court to allow them to skip the ordered separate amended complaints and to permit the filing of an amended consolidated complaint. However, that possible strategy aside, if not justified solely by the missing of the ordered deadline (and it is submitted that it was), it now is apparent and admitted by the plaintiffs that

3

*LAW OFFICES* • **COONEY, SCULLY AND DOWLING**
HARTFORD SQUARE NORTH • TEN COLUMBUS BOULEVARD • HARTFORD, CONNECTICUT 06106-5109 • (860) 527-1141

they have chosen not to comply with the Court's order to file a 25-page amended complaint as to this case only, and, accordingly, dismissal clearly is the appropriate remedy. Indeed it is the only remedy that will properly sanction plaintiffs' blatant refusal to comply.

## II. Discussion

Initially, it is of interest to note that despite the alleged facts, which involve a myriad of people, the only "testimony" is from plaintiff Hadley Macpherson. That testimony is replete with hearsay. For the alleged filing error she focuses on a courier who is carefully unnamed and whose first hand testimony is not provided. Rather, the story is told by Ms. Macpherson, reputedly based on telephone contact from North Carolina. As to the mail, alleged contacts with the postal service and the FBI are all reported solely from the mouth of Ms. Macpherson. The break-in, based on her recitation, is known only to Ms. Macpherson. In truth, however, neither the alleged mail problems and break-in, nor the weather are of any consequence at all.

It is most obvious that for any reason or no reason at all the plaintiffs could choose to deliver their amended complaints, their motions to consolidate or indeed any pleading or other document to the court for filing. Moreover, it is apparent that it was their right, having not filed the amended complaints to not serve copies. Where the plaintiffs' rights seem to end, however, is when they chose not to immediately proceed to rectify the claimed inadvertent failure to comply with the Court's order by filing the separate amended complaint on the first available date. It is that failure, clarified by plaintiffs' admission that it was volitional, done in order to

LAW OFFICES • **COONEY, SCULLY AND DOWLING**
HARTFORD SQUARE NORTH • TEN COLUMBUS BOULEVARD • HARTFORD, CONNECTICUT 06106-5109 • (860) 527-1141

prevent anyone, the Court included, from knowing its content that makes it clear, if it was not before, that dismissal is in order and late filing is not.

There are only two significant facts, and these the plaintiffs seem to readily admit. First, at this writing, over ten weeks after the amended complaint was required to be filed by this Court's order, it has not been filed nor has it ever been produced as an exhibit to even show its existence. And second, the plaintiffs do not claim that they did not realize that they could file the Amended Complaint, they chose not to do so:

> The plaintiffs deliberately did not attach a copy of the bodies of the actual "Amended Complaint" dated February 10, 2006 to their "Plaintiffs' Letter/Affidavit Requesting Permission to File Amended Complaint Late But As Timely" dated Monday, February 13, 2006, so that if the case were dismissed for the filing error, the plaintiffs would not lose all ability to seek legal redress for the intentional torts committed by the defendants in this case of 3:01CV01555 and 3:02CV1309 which were discovered after the filing of the "original Complaint", and were not time barred, as well as for the recent intentional torts which were concealed from the plaintiffs and only recently discovered.

> The plaintiffs were certain that counsel for the defendants in both this case of 3:01CV01555 and the case of 3:02CV1309, if knowing the contents of the newly drafted "Amended Complaint" in advance, would raise their "Objections" to the "Plaintiffs' Letter/Affidavit Requesting Permission to File Amended Complaint Late But As Timely", dated February 123, 2006 not for the reason that they believed that the plaintiffs error was fatal, but only out of a desire to prevent that which they now knew would be even more damaging, from ever reaching the inside of a courtroom.

> The plaintiffs were further certain that the counsel for all defendants in both this case of 3:01CV01555 and the case of 3:02CV1309, if having the "Amended Complaint" before them would not resist the temptation or the opportunity to argue issues contained in the "Amended Complaint" itself when filing their "Motion to Dismiss" in response to the filing error that occurred or in

5

*LAW OFFICES* • **COONEY, SCULLY AND DOWLING**
HARTFORD SQUARE NORTH • TEN COLUMBUS BOULEVARD • HARTFORD, CONNECTICUT 06106-5109 • (860) 527-1141

response to "Plaintiffs' Letter/Affidavit Requesting Permission to File Amended Complaint Late But As Timely" dated February 13, 2006 or using the opportunity afforded by pre-knowledge, to immediately file a separate "Motion to Dismiss under Rule 12(b)(6)" or "Motion to Strike" before the decision on the "Plaintiffs' Letter Requesting Permission to File Amended Complaint Late But As Timely" dated February 13, 2006 were even decided.

Plaintiffs' 'Omnibus Memorandum Of Law' Filed In Support of 'Omnibus Objection' To All Defendants' 'Motions To Dismiss"(hereafter: "Omnibus Memorandum"), pp. 15-16.

Thus, the plaintiffs' claim that they chose to withhold the pleading that was due and to file hundreds of pages of documents in order to avoid having the Amended Complaint, which they claim exists, considered on its merits. Instead of filing the document on February 13, 2006, the earliest opportunity and asking for permission to do so, thereby giving the defendants the opportunity to accede and the Court the ability to allow it, the plaintiffs chose to force all to play their version of "blind man's bluff", causing the Court and the defendants to proceed along, having to decide whether the existence of a complying Amended Complaint is real or a bluff. That certainly should not be acceptable.

In an interesting diversion in their Omnibus Memorandum, not actually tied to anything, although apparently relating to the "law of the case" relative to consolidation, the plaintiffs inject the concept of "subterfuge", stating: "The plaintiff Hadley Macpherson, may be a pro se, but even she understands that a 'subterfuge', by its very definition, is supposed to be committed to achieve some gain for the benefit of the one committing the 'subterfuge'. . . ." Omnibus Memorandum, p. 11. The dictionary definition of "subterfuge" is: "A deceptive stratagem or

6

device." *The American Heritage Dictionary of the English Language, Fourth Edition*, Copyright, 2000, "subterfuge". The plaintiffs have expressed that their actual goal is to consolidate this case with the case against Attorney Berman and to file a new consolidated complaint. Omnibus Memorandum, pp. 6-7. The plaintiffs' course, moving for consolidation and opposing dismissal, especially when one notes that "subterfuge" is on plaintiffs' minds, certainly raises questions about whether the "erroneous" filing of the consolidation request before the separate amended complaints, with the "inadvertent" failure to file the amended complaints in truth was that or whether it rather was a "deceptive stratagem or device" to avoid producing a complying amended complaint in the hope with the Court could be persuaded to allow the consolidation and thus the filing of a new amended consolidated complaint without plaintiff complying with the order of the court as to a separate amended complaint or even disclosing the content of that which they seek to consolidate.

### III. Summation/Conclusion.

In sum, the plaintiffs were and are not prepared to comply with the Court's January 18, 2006 order by filing separate amended complaints in each case and let both cases get moving. Rather, they will continue to proceed to the beat of their own drum.

As well and fairly said by the Court at the January 18, 2006 hearing,

> The points about the defendants having some rights here and needing to have this thing come to a resolution are well taken. . . .

Hearing Transcript, 1/18/2006, p. 69.

7

*LAW OFFICES  •  COONEY, SCULLY AND DOWLING*
HARTFORD SQUARE NORTH  •  TEN COLUMBUS BOULEVARD  •  HARTFORD, CONNECTICUT 06106-5109  •  (860) 527-1141

The plaintiffs have made it clear that they are unwilling to follow the Court's directives and the rules so that this matter can come to a resolution. Such open defiance surely must not be rewarded. Rule 41(b), Federal Rules of Civil Procedure provides for dismissal for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." Dismissal is appropriate and authorized. Accordingly, these defendants' Motion to Dismiss should be granted.

        DEFENDANTS SISTERS OF MERCY
        AND SISTERS OF ST. JOSEPH

By _____
        Louis B. Blumenfeld
        Cooney, Scully and Dowling
        Hartford Square North
        Ten Columbus Boulevard
        Hartford, Connecticut 06106
        Phone: 860-527-1141
        Fax:   860-247-5215
        E-mail: lbb@csd-law.com
        Fed Bar #05636

Their Attorney

8

*LAW OFFICES* • **COONEY, SCULLY AND DOWLING**
HARTFORD SQUARE NORTH • TEN COLUMBUS BOULEVARD • HARTFORD, CONNECTICUT 06106-5109 • (860) 527-1141

I hereby certify that a copy of the foregoing was mailed to all counsel and *pro se* parties of record on April 24, 2006, as follows:

>Hadley Macpherson
>Rachel J. Egan
>Loyal B. Egan
>2015 McKenzie Creek Drive
>Charlotte, NC 28270
>
>Edward M. Sheehy, Esq.
>Suzannah Kim Nigro, Esq.
>Williams, Cooney & Sheehy
>799 Silver Lane
>Trumbull, CT 06611-0753
>
>Michael G. Caldwell, Esq.
>Tyler, Cooper & Alcorn
>205 Church Street
>New Haven, CT 06510
>
>James A. Wade, Esq.
>Robinson & Cole
>280 Trumbull Street
>Hartford, CT 06103-3597

_____
Louis B. Blumenfeld

#217329

9

LAW OFFICES • COONEY, SCULLY AND DOWLING
HARTFORD SQUARE NORTH • TEN COLUMBUS BOULEVARD • HARTFORD, CONNECTICUT 06106-5109 • (860) 527-1141