UNITED STATES DISTRICT COURT          Original

DISTRICT OF CONNECTICUT

AT BRIDGEPORT

| | |
|---|---|
| HADLEY MACPHERSON (EGAN) | 3:01CV01555 SRU |
| and | |
| RACHEL EGAN | JUNE 8, 2006 |
| and | |
| LOYAL EGAN | |
| Plaintiffs, | CIVIL ACTION |
| VS. | |
| ATTORNEY SALLY HODGDON | PLAINTIFFS' |
| and | MOTION FOR RELIEF |
| THE COMMUNITIES' LAW CENTER, INC. | UNDER RULE 60 |
| and | |
| SISTERS OF SAINT (ST.) JOSEPH | |
| and | |

**SISTERS OF NOTRE DAME**

    and

**SISTER OF MERCY**

    and

**DAUGHTERS OF THE HOLY SPIRIT**

    Defendants

# PLAINTIFFS' MOTION FOR RELIEF UNDER RULE 60

# FILED WITHIN TEN (10) DAYS OF ENTRY OF JUDGMENT

The plaintiffs' respectfully request relief under Rule 60 in order to correct substantive errors and omissions in the record, and to prevent manifest injustice.

The correction of those errors and omissions in Record will prevent the plaintiffs from suffering an unfair substantive prejudice and burden, will cause the Docket to accurately reflect the actual events that occurred in this case, and will not prejudice the defendants in any way.

## TIMELINESS

This Motion for Relief under Rule 60 is being filed within the ten (10) day time period following the Judgment issued and entered on May 25, 2006, and therefore stays the time for Appeal until this Motion is acted upon or disposed of by the Court.

The ten days (10) being counted, are counted under Rule 6 of the Federal Rules of Civil Procedure, and being less than 11 days, are exclusive of the intermediate holidays and weekends, which in this instance, excludes Monday, May 29, 2006, Memorial Day, from the days counted.

Counting from the date of the entry of the Judgment on the Docket, that being Friday, May 25, 2006, the tenth day as counted under Federal Rule 6, is Friday, June 9, 2006.

This Motion for Relief under Rule 60, which is dated June 8, 2006, is being filed in the District Court tomorrow morning, that being on the morning of Friday, June 9, 2006, the tenth day from the date of the issuance and entry of the May 25, 2006 Judgment.

1

## **LEGAL JUSTIFICATION**

The plaintiffs' respectfully ask that the Record be re-opened in order to correct errors and omissions in the Record which are substantive, and which affect the rights of the parties going forward.

The errors and omissions being referred to by the plaintiffs are regarding the Orders issued by the Court, orally, at the Hearing held on January 18, 2006.

The errors and omissions which are the subject of this Motion for Relief under Rule 60 have left the plaintiffs with no proper way to proceed with an Appeal, and if not addressed and rectified, have left the plaintiffs stripped of their ability to fully and responsibly exercise their legal right to Appeal the Order issued on May 16, 2006, and Judgment issued on May 25, 2006, and are therefore deserving of attention and rectification in order to prevent manifest injustice.

Rule 60(a) allows that on a motion of a party, the District Court may correct clerical errors in judgments, orders, other parts of the record, and errors arising from oversight or omission.

Rule 60(a) may be used to correct clerical mistakes that are minor, and ministerial errors arising from simple oversight or omission, and as long as correction of the error or omission reflects and gives effect to the actual intent of the Orders issued by the district court, and the actual events that occurred during the Courts adjudication of the case. In re West Texas Mktg. Corp, 12 F.3d 497, 504-05 (5th Cir. 1994); Rezzonico v. H & R Block, Inc., 182 F.3d 144 (2d Cir. 1999); Paddinton Partners v. Bouchard, 24 F.3d 1132, 1139 (2d. Cir. 1994).

Where the error lies in accurately reducing the Court's original intention to paper, a Rule

60(a) motion is appropriate, and is not limited to the correction of errors and omissions made by the clerk only, but may be used to correct [~~mistakes~~] made by the district court and the parties as well. In re West Texas Mktg. Corp. 12 F.3d 497, 503-04 (5th Cir. 1994); Puttiz v. Schwartz, 386 F.2d 300 (8th Cir. 1968).

Further, while the district court may correct clerical errors even after an appeal is taken, once the case is docketed in the appellate court, the district court may only correct those clerical errors only upon leave of the court of appeals, and therefore any delay in correction will place an unfair burden on the plaintiffs in the prosecution of their appeal in having to seek permission for that correction. In re U.S. Healthcare, Inc. 193 F.3d 151, 158 n. 2 (3d Cir. 1999) cert. Denied. 530 U.S. 1242. 120 S. Ct. 2687, 147 L.Ed. 2d 960 (2000).

As such, the two issues raised by the plaintiffs described below, legally warrant correction and rectification at the district court level, at this present time, prior to the plaintiffs filing of an appeal at the appellate court.

## FACTS AND FIRST ISSUE

On January 18, 2006, the Court held a Hearing to address all pending Motions.

All parties in both this case of 3:01CV01555 and in the sister case of 3:02CV1309 were represented at the Hearing on January 18, 2006.

At the January 18, 2006 Hearing, the Court, after hearing oral arguments, granted the plaintiffs the right, the opportunity, and the ability to file an Amended Complaint.

At the January 18, 2006 Hearing, the Court, after hearing oral arguments, granted the plaintiffs the opportunity and ability to add the following five defendants as parties: The

3

Communities' Law Center, Inc., the Sisters of Saint Joseph, the Sisters of Mercy, the Sisters of Notre Dame, and the Daughters of the Holy Spirit.

At the January 18, 2006 Hearing, the Court, after hearing oral arguments, granted the plaintiffs the right to add claims for Breach of Fiduciary Duty against the defendant, Attorney Sally Hodgdon.

At the January 18, 2006 Hearing, the Court, after hearing oral arguments, granted the plaintiffs the right to file claims against The Communities' Law Center Inc., under the theory of Respondeat Superior, and for Vicarious Liability or any other claims under any other theory given that the three year Statute of Limitations under C.G.S.A. § 577 had not actually run back on April 9, 2003, when Attorney Edward Sheehy had previously obtained premature and illegitimate immunity for The Communities Law Center, Inc as a result of the defendants Attorney Sally Hodgdon's Objection filed on January 28, 2003, which was heard and adjudicated at the Chambers Conference held three years earlier, back on April 9, 2003.

At the January 18, 2006 Hearing, the Court, after hearing oral arguments, granted the plaintiffs the right, opportunity, and ability to file claims against the Sisters of Saint Joseph, the Sisters of Mercy, the Sisters of Notre Dame, and the Daughters of the Holy Spirit, who founded The Communities Law, Center Inc., under the theory of Respondeat Superior, and for Vicarious Liability, as well as any other claims under any other theory that could later be supported by the applicable Statute of Limitations and existing law, as well as granted the plaintiffs the right, opportunity, and ability to attempt to pierce the corporate veil when doing so.

At the January 18, 2006 Hearing, the Court Ordered that the plaintiffs file their Amended Complaint by the deadline date of Friday, February 10, 2006.

4

At the January 18, 2006 Hearing, the Court Ordered that the plaintiffs Amended Complaint, which was to be filed by Friday, February 10, 2006, could not exceed a 25 page limit.

At the January 18, 2006 Hearing the Court Ordered that the plaintiffs were to have all of the above named and newly added defendants served their copies of the Amended Complaint by the deadline date of Friday, February 10, 2006.

At the January 18, 2006 Hearing, the Court Ordered that if the plaintiffs anticipated any delays they should file and serve their Amended Complaint early, as the Court stated that it was not likely to grant any extensions of time.

However, the subsequent Docket entry for the Hearing held on January 18, 2006 reflects none of the above Orders, and in fact is silent as to the existence of any of the above Orders issued and granted to the plaintiffs at the Hearing held on January 18, 2006, and only addresses or speaks of the Courts rulings issued at the January 18, 2006 Hearing, pertaining to the defendants Motions.

There was never any subsequent Written Order issued by the Court, drafted or docketed or mailed by the clerk, after the January 18, 2006 Hearing either, and therefore, the above Oral Orders were never stated in written form, and can only be found in the body of the Transcript of the Hearing held on January 18, 2006.

The above Orders regarding the plaintiffs being granted the right, the opportunity, and the ability to file an Amended Complaint under the terms specified by the Court, as well as the right, the opportunity, and the ability to add the above defendants, and to make claims against the named and newly added defendants in the manner addressed in the January 18, 2006 Oral Orders are directly relevant and material to the Court's final Decision rendered in this case, as evidenced by the Court's

5

Ruling and Opinion issued on May 16, 2006, and Judgment entered on May 25, 2006.

Without a correction of the Record, an addition being made to the Docket to reflect all Orders issued at the January 18, 2006 Hearing, and the drafting of an actual Order representative of all Oral Orders issued on January 18, 2006, the Docket as it presently stands is in error, is inadequate, and is misrepresentative of the events that took place at the January 18, 2006 Hearing, as it represents none of the rights, opportunities and benefits granted to the plaintiffs.

As the plaintiffs were bound by all of the Oral Orders issued at the January 18, 2006 Hearing, and as the ultimate disposition of this case rested on the defendants claims that the plaintiffs were in contempt of those very Orders issued at the January 18, 2006, and therefore deserving of Dismissal under Rule 41, a claim that the Court itself agreed with, then the District Court must acknowledge and address the absence of the very Orders which substantively affected the outcome of this case in favor of the defendants.

## FACTS AND SECOND ISSUE

Under Rule 60(a) the Court may rectify the Record to prevent manifest injustice and maintain the integrity of the Courts.

In the present instance, various of the plaintiffs Pleadings, Motions, Objections, Letters to the Court, Affidavits, Exhibits Etc., were not scanned into the Internet Docket System in the CM/ECF or Pacer Systems, and are therefore hidden from public access and public view.

6

The plaintiffs respectfully request that their previously filed Pleadings, Objections, Motions, Letters to the Court, Affidavits, Exhibits etc., which were not previously scanned into the CM/ECF Docket Internet System by the Clerk's Office, and which are therefore not viewable to the public on the Pacer or CM/ECF Internet System.

The plaintiffs, as pro se's, were denied the ability to electronically file, and had they been granted the ability to do so, the plaintiff's Pleadings, Motions, Objections, Memorandums of Law, and Letters to the Court, would be permanently accessible to the public and plaintiffs, and viewable through the Internet Pacer System, just as the counsel for the defendants Pleadings, Motions, Objections, Memorandums of Law, and Letters to the Court are presently accessible and viewable to the public, and the plaintiffs, on the Internet Pacer System.

The plaintiffs submitted Pleadings, Motions, Objections, Letters to the Court, Affidavits, as well as documentary Exhibits to not only state their claims in this case, but to prove their claims regarding not only the subject of this suit, but also [~~and further~~] regarding the activity involving the tampering of the plaintiffs mail and illegal entry of the plaintiffs home in North Carolina, events which the plaintiffs alleged interfered with their ability to prosecute this case.

In the interest of fairness and justice, the Internet Docket should enable all parties, as well as the public, the ability to view <u>all</u> documents filed by <u>all</u> parties , <u>regardless of whether their source be from an attorney or a pro se.</u>

In the present instance, the counsel for the defendants have made numerous accusations on the public Internet Docket, using their CM/ECF privileges, accusations accessible and viewable to the general public, and possible future jury pool, regarding the content of the plaintiffs documents filed in this case, a content that being not scanned into the Internet Docket

7

system by the clerk's office, is not viewable or accessible to that same general public, and possible future jury pool.

The counsel for the defendants have openly used the absence of the plaintiffs pleadings, Motions, Exhibits etc. from the Internet Docket System as a way to unfairly ensure that the counsel for the defendants claims that the plaintiffs did not provide substantiation for their allegations would be unable to be substantiated since the Docket does not disclose the nature or content of the plaintiffs documents filed, but only represents the docketed entry of those documents.

Given the nature and content of the plaintiffs pleadings, and given the counsel for the defendants claims made publicly on the Internet Docket CM/ECF system accusing the plaintiffs of cheating, lying, and subterfuge, it is unfair to the plaintiffs that the content of all of their Pleadings, Motions, Affidavits, Objections, Letters to the Court, and Exhibits previously filed ~~and~~ remain undisclosed to the viewing public, the plaintiffs, and all courts involved.

The protection of the privacy of the defendants, their counsel, and any public officials involved collaterally or substantively in the events pertaining to this case, runs contrary to the District Court's responsibility to remain open with the public, and contrary to its duty to prevent manifest injustice to the parties whose interests are to be viewed as equal, regardless of whose name or station is being referenced in the body of the documents being filed.

Further, given that plaintiffs are intending to file an appeal, and that as the appellants in this case, are therefore the party responsible for bearing the cost of compiling the Appendix, that compilation is less burdensome for the plaintiffs if any documents, and content of documents can be accessed by the plaintiffs in North Carolina through the Internet Docket System, and

8

downloaded at a minute cost per page, rather than being made to travel to Connecticut to view their own documents, and pay the significant increased burden of a 25 cent fee per page to ensure an exact copy of the documents previously filed, never mind to bear the burden of the time it would take to stand in the clerk's office to do so.

As the plaintiffs are required to submit a joint Appendix with all counsel for the defendants, and must be the party bearing the cost burden of any documents that the counsel for the defendants, which are numerous in this case, wish to include in that Appendix, the plaintiffs should not be made to suffer the burden of having to travel and pay the extra cost of retrieving that which the counsel for the defendants deem necessary for inclusion, when those documents could be accessible online through CM/ECF and Pacer at a virtually insignificant cost in comparison if scanned in by the clerk's office.

The potential for the counsel for the defendants taking advantage of the disparity between financial resources as a way to hinder the plaintiffs, or increase the plaintiffs burden upon appeal is too great if the Internet Docket is not made complete in its public disclosure of all documents filed by all parties.

The counsel for the defendants are not under the same burden of distance of travel, and in fact, are able to view and download all of their own documents at the reduced internet cost.

Further, the scanning in of all documents creates less burden for the prosecution of the appeal, and for the Second Circuit itself, as the correction made will render all documents filed by all parties easily accessible and viewable to the Appellate Court on line through the CM/ECF system.

However, such a viewing of the plaintiffs documents is not possible without the plaintiffs

9

documents being scanned into the Internet Docket CM/ECF system, and therefore the counsel for the defendants' documents have unfair audience of the Second Circuit, who though not required to view documents on line, would naturally do so for the sake of acquaintance and efficiency.

That ability of the Second Circuit to acquaint itself at the push of the button with all Motions, Pleadings, Objections, etc. of all counsel for the defendants, and inability to acquaint itself with the plaintiffs Pleadings, Motions, Objections, Letters to the Court, Affidavits, Exhibits, etc.,., grants unfair access to the counsel for the defendants, and therefore unfair benefit to them as well.

The plaintiffs, in an effort to facilitate the completion of the scanning in of all Pleadings, Motions, Affidavits, Objections, Exhibits etc. are willing and able to provide copies of all Pleadings, Motions, Memorandums of Law, Exhibits, Letters to the Court, Objections, Affidavits, and Exhibits, already filed, in Adobe Acrobat form, in order that the clerks office be spared the task of scanning in the material previously not scanned, if the Court allows and instructs the plaintiffs to so provide.

## **CONCLUSION**

The plaintiffs are asking for nothing more than equal and open disclosure of all relevant Orders, and of all Pleadings, Motions, Objections, Affidavits, Letters to the Court, and attached Exhibits, to ensure equal access to their viewing to not only the plaintiffs in North Carolina, the general public, but to the Appellate Court as well, an equal access that will ensure that the content of any previously undisclosed documents will not be alleged to be anything other than

10

what it actually was, and that there be no added burdens placed on the plaintiffs going forward due to that non-disclosure.

**Wherefore,** the plaintiffs respectfully request that the Courts' Oral Orders issued at the Hearing held on January 18, 2006 be reflected in the Docket on the CM/ECF Internet and Pacer Systems, as well as that an actual Written Order be drafted to reflect <u>all</u> of the Oral Orders issued at the Hearing held on January 18, 2006.

**Wherefore also**, the plaintiffs respectfully request that all of the Pleadings, Motions, Objections, Letters to the Court, Affidavits, and Exhibits previously filed by all parties, be scanned into the CM/ECF and Pacer Systems, and that the plaintiffs be permitted to submit copies of those documents that they themselves previously filed, on disc in Adobe Acrobat form, to aid the clerk's office in the scanning process, if that aid be deemed necessary in the interest of efficiency.

_____
Rachel Egan
2015 McKenzie Creek Drive
Charlotte, North Carolina, 28270
(704) 675 - 5252

_____
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina 28270
(704) 675 - 5252

_____
Loyal Egan
2015 McKenzie Creek Drive
Charlotte, North Carolina, 28270
(704) 675 - 5252

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent this day of June 9, 2006 to Attorney Edward Sheehy at Williams, Cooney & Sheehy at 799 Silver Lane, Trumbull 06611 appearing for the defendants Attorney Sally Hodgdon and The Communities' Law Center Inc.; to Attorney Elizabeth Andrews at Tyler, Cooper & Alcorn at 205 Church Street PO Box 1936 in New Haven CT 06509, appearing for the defendants the Sisters of Notre Dame and the defendant the Daughters of the Holy Spirit, and to Attorney Louis Blumenfeld at Cooney, Scully, & Dowling, at 10 Columbus Blvd., Hartford, CT 06106 appearing for the defendants the the Sisters of Mercy and the defendants the Sisters of Saint Joseph.

_____
Rachel Egan
2015 McKenzie Creek Drive
Charlotte, NC   28270
(704) 675 - 5252

_____
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, North Carolina
(704) 675-5252

_____
Loyal Egan
2015 McKenzie Creek Drive
Charlotte, NC   28270
(704) 675-5252