**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

_____

HADLEY MACPHERSON, RACHEL EGAN,
AND LOYAL EGAN

       Plaintiffs,

VS.

ATTORNEY SALLY HODGDON, ET AL,

       Defendants.

_____

:  
:  
:  
:  
: NO: **3:01CV01555 (SRU)**
:  
:  
:  
:  
:  
: JUNE 20, 2006
:

**MEMORANDUM OF**
**SISTERS OF ST. JOSEPH AND SISTERS OF MERCY**
**ON "PLAINTIFFS' MOTION FOR RELIEF UNDER RULE 60"**

**I. INTRODUCTION**

      The plaintiffs have filed a motion under Rule 60 of the Federal Rules of Civil Procedure, claiming that they need the record corrected due to omissions which they claim to be substantive. The requests include specific details of the Order entered in open court on January 18, 2006 and the content of the electronic record.

      These defendants have no express objection to clarification of the Order that appears on the docket, although they do not believe that it is necessary. They do object to the inclusion of most of the orders set out by the plaintiffs in their motion as they do not

accurately reflect what occurred at the January 18, 2006 hearing.  These defendants also do not have an express position on the content of the electronic docket, although they do object to the plaintiffs being allowed to file at this time pdf disks that would be reputed to be exact versions of documents previously filed.

II.      ARGUMENT

    **A.  The Specific Corrections To The Order**

       The Order that was entered on the docket sets out the specific rulings on pending matters and references that the order was entered orally in open court.  The oral Order was simple and is set out at pages 67 and 68 of the transcript of the January 18, 2006 hearing. The only aspect of the Order other than the express rulings on the motions, which appear in the docket entry, is that the Court allowed the plaintiffs until February 10, 2006 to file a final amended complaint not to exceed 25 pages, against any parties already served in the action. The Court did not grant permission to add parties or to serve new parties, and it did not approve any express theories as to any parties.  It merely allowed those already served to be included in the new amended complaint that was to be filed; it neither specified nor restricted the nature of the causes of action to be alleged.

       The plaintiffs' stated reason for seeking the corrections is the claim that they are needed in order to appeal the May 16, 2006 Order dismissing the action and the May 25, 2006 judgment thereon. The May 16, 2006 Order is set out in a detailed Ruling which

elaborates on the failures that brought it about. The only aspect of the January 18, 2006 ruling that would seem pertinent would be the deadline for filing the amended complaint. As it was the failure to file an amended complaint by February 10, 2006 that triggered the dismissal, and not any other aspect of the January 18 order, none of the other aspects would seem relevant even were they stated correctly in the motion. As the transcript is part of the court file (Docket No. 135), it would not seem necessary to correct the record in any way as to the order, although there certainly is no objection to any entry modification as long as it reflects the actual order.

**B. The Electronic Record**.

Plaintiffs' second request deals with the process of creating an electronic record. These defendants have no position on this issue, although it is assumed that what was entered is what was appropriate to enter and thus that correction is not in order. Also, although these defendants will not address the plaintiffs' reasons for seeking the inclusion of the documents in the electronic docket, they wish to state that the content of their filings have had nothing to do with what is or is not available for viewing on the electronic docket.

With regard to any entry of plaintiffs' filings at this time, these defendants' only position is that if anything is now entered, it must be the exact document **as it was filed**. The plaintiffs have proposed that they **now** file "in Adobe Acrobat form" documents they previously filed. These defendants take that offer to mean that the plaintiffs did not file pdf

disks of their pleadings at the time they filed those pleadings. These defendants do object to the Court allowing the plaintiffs to file pdf disks at this time as it then would be necessary to check each such disk version against the originally filed version, word-by-word, to be certain that the disk version of the document is identical to the filed version of each document, and to which all defendants responded and which was before the Court at the time of each ruling.

As to the Court's decision on scanning existing documents into the record, these defendants take no position as long as it is the document actually filed that becomes part of the electronic record.

## II. CONCLUSION

For the reasons stated, these defendants do not believe that correction to the record as to the January 18, 2006 Order is necessary, but they do not object to corrections that accurately reflect the actual ruling. They do object to the corrections sought by the plaintiffs as they are not accurate representations of the content of the actual order. As to the electronic record supplementation, these defendants take no position as to entry of documents actually filed, but object to entry from any newly filed disks.

**DEFENDANTS SISTERS OF MERCY
AND SISTERS OF ST. JOSEPH**


**By**   /s/ Louis B. Blumenfeld
   Louis B. Blumenfeld
   Cooney, Scully and Dowling
   Hartford Square North
   Ten Columbus Boulevard
   Hartford, Connecticut 06106
   Phone: 860-527-1141
   Fax:    860-247-5215
   E-mail: lbb@csd-law.com
   Fed Bar #05636

Their Attorney

5

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to all counsel and *pro se* parties

of record on June 20, 2006, as follows:

        Hadley Macpherson
        Rachel J. Egan
        Loyal B. Egan
        2015 McKenzie Creek Drive
        Charlotte, NC 28270

        Edward M. Sheehy, Esq.
        Suzannah Kim Nigro, Esq.
        Williams, Cooney & Sheehy
        799 Silver Lane
        Trumbull, CT 06611-0753

        Elizabeth K. Acee, Esq.
        Tyler, Cooper & Alcorn
        205 Church Street
        New Haven, CT 06510

            /s/ Louis B. Blumenfeld
            Louis B. Blumenfeld

#220531