UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RACHEL J. EGAN, ET AL. | ) <br> ) <br> ) <br> ) |
| V. | ) CIVIL ACTION NO: 3:01CV01555 (SRU) <br> ) <br> ) |
| SALLY HODGEDON, ET AL. | ) <br> ) JUNE 27, 2006 |

## OBJECTION TO PLAINTIFFS' MOTION FOR RELIEF UNDER RULE 60

I.  INTRODUCTION

On June 8, 2006, Plaintiffs filed a motion pursuant to Federal Rule of Procedure 60 (a). In their motion, Plaintiffs request three forms of relief: first, that this Court issue a full, written articulation of its January 18, 2006 Order; second, that the Court either permit Plaintiffs to submit all prior filings in pdf format, or that the Court scan all Plaintiffs' prior filings in order to permit electronic viewing; and, third that this Court stay the time for appeal until the Court acts upon Plaintiffs' motion.

The defendants the Daughters of the Holy Spirit and Sisters of Notre Dame de Namur hereby object to Plaintiffs' requests as unnecessary, and improper under Rule 60 of the Federal Rules of Civil Procedure.

II.  LAW AND ARGUMENT

Rule 60 of the Federal Rules of Civil Procedure defines the limited circumstances under which a district court may grant a motion for relief from a final judgment or an order. The first paragraph of Plaintiffs' Motion for Relief Under Rule 60 ("Motion for Relief"), states that "[t]he plaintiffs' respectfully request relief under Rule 60 in order to correct substantive errors and

omissions in the record, and to prevent manifest injustice.." Based upon this sentence, it appears that Plaintiffs are relying on subpart (a) of Rule 60, which states:

> (a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

Fed.R.Civ.Pro. 60(a). Plaintiffs' Motion is without merit under this section.

### A. There Are No Clerical Errors Or Omissions Contained In The January 18, 2006 Orders

In their Motion for Relief, Plaintiffs set forth their interpretation of the Court's January 18, 2006 Orders. The Plaintiffs then request that these "orders" be memorialized in a written opinion. Under Rule 60(a), "a court may never use [the Rule] to correct ambiguities in a judgment or order to reflect anything other than the court's intent, as evidenced by the record, at the time the original judgment or order was entered." 12 Moore's Federal Practice, § 60.11[2][a] (Matthew Bender 3d ed.). Rule 60(a) may not be used to correct omissions that accurately reflect what the court decided. See Paddington Partners v. Bouchard, 34 F.3d 1132, 1140 (2d Cir. 1994). In the instant case, the Order that was entered on the docket sets forth the specific rulings of the Court as follows:

> ORAL ORDER in open Court denying 87 Motion to Consolidate Cases, granting 89 Motion to Strike Amended Complaint, denying 96 Motion for Extension of Time to Serve Two Defendants, denying 105 Motion for Extension of Time to File Response/Reply to Motion to Consolidate Cases, denying 115 Motion to Dismiss, denying without prejudice 115 Motion for More Definite Statement, granting 115 Motion to Strike Amended Complaint. Judge Stefan R. Underhill 1/18/06.

Docket No. 134, entered January 19, 2006. The only additional Order that does not appear in the docket entry, but is in the Court's transcript of the proceedings was that Plaintiffs would be permitted until February 10, 2006 to file a twenty-five page amended complaint against all

named and properly served defendants.  <u>See</u> Transcript, Docket No. 135.

In their Motion for Relief, Plaintiffs claim that they require a further written articulation of the Court's January 18, 2006 Orders, and that "the Docket as it presently stands is in error, is inadequate, and is misrepresentative of the events that took place at the January 18, 2006 Hearing."  Motion for Relief at 6.  As none of the alleged omissions cited by Plaintiffs in their Motion for Relief appear to be clerical errors, nor accidental omissions of this Court, the relief requested by Plaintiffs is inappropriate and unnecessary.  Moreover, the bases for the ultimate judgment of dismissal of Plaintiffs' claims are clearly articulated in the Court's May 16, 2006 written Ruling.  Under the facts and circumstances of this case, Plaintiffs have shown no clerical mistake or errors arising from oversight or omission that may properly be corrected by the court.

**B.    The Electronic Docket**

Plaintiffs also claim that they will suffer "manifest injustice" and that the Court's integrity will be compromised if they are not permitted to view their filings electronically.  It is noteworthy that at no time during the pendency of this case did Plaintiffs request permission to file documents electronically.  Regardless, Plaintiffs now propose that either "their previously filed Pleadings, Objections, Motions, Letters to the Court, Affidavits, Exhibits, etc., which were previously not scanned into the CM/ECF Docket Internet System" be scanned by the Clerk's Office, or that Plaintiffs be permitted to "provide copies of all Pleadings, Motions, Memorandums of Law, Exhibits, Letters to the Court, Objections, Affidavits, and Exhibits already filed, in Adobe Acrobat form, in order that the clerks office be spared the task of scanning the material previously not scanned."  Motion for Relief at 7, 10.  These defendants have no objection to the Clerk's Office scanning all of Plaintiffs' filings and entering them on the electronic docket.  However, because of the possibility for error, mistake and omission, these defendants **do** object to permitting Plaintiffs to re-submit documents already filed with the Court.

### C. Staying The Appeal

Plaintiffs' state in their Motion for Relief that the Motion "stays the time for Appeal until this Motion is acted upon or disposed of by the Court." Motion for Relief at 1. Pursuant to Rule 60(a), "[d]uring the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court." Based upon the clear language of the Rule, these defendants respectfully request this Court to deny Plaintiffs' request to stay the time to take an appeal until this Motion for Relief is ruled upon.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Relief should be denied.

Respectfully Submitted,

THE DEFENDANTS,

DAUGHTERS OF THE HOLY SPIRIT AND SISTERS OF NOTRE DAME DE NAMUR

By: *[signature]*
Elizabeth K. Acee ct20986
Tyler Cooper & Alcorn, LLP
205 Church Street
Post Office Box 1936
New Haven, Connecticut 06509
Tel.: (203) 784-8540; Fax: (203) 777-1181
eacee@tylercooper.com

- Their Attorneys -

4

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was mailed first class postage prepaid on June 27, 2006 to:

<u>Plaintiffs:</u>
Rachel J. Egan
Loyal B. Egan
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC 28270

<u>Counsel for Sally Hodgdon and The Communities Law Center:</u>
Edward M. Sheehy, Esq.
Suzannah Kim Nigro, Esq.
Williams, Cooney & Sheehy
799 Silver Lane
Trumbull, CT 06611-0753

<u>Counsel for Sisters of Mercy and Sisters of St. Joseph:</u>
Louis B. Blumenfeld, Esq.
Cooney, Scully & Dowling
Hartford Square North, 10 Columbus Blvd.
Hartford, CT 06106-5109

_____
Elizabeth K. Acee