UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HADLEY MACPHERSON, RACHEL EGAN, AND LOYAL EGAN | : <br> : <br> : |
| Plaintiffs, | : NO: **3:01CV01555 (SRU)** |
| VS. | : <br> : |
| ATTORNEY SALLY HODGDON, ET AL, | : <br> : |
| Defendants. | : JUNE 14, 2007 |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' "MOTION FOR RELIEF UNDER RULE 60(b) FROM JUDGEMENT ENTERED MAY 25, 2006" BY SISTERS OF ST. JOSEPH AND SISTERS OF MERCY**

I. INTRODUCTION AND BACKGROUND

On May 25, 2007 the plaintiffs filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure seeking to set aside the judgment dismissing this action for egregious failure to comply with orders of the Court. This motion, the plaintiffs' second under Rule 60, comes after the May 14, 2007 dismissal of the plaintiffs' appeal for failure to comply with the deadlines of the Second Circuit Court of Appeals due to the failure to file a brief after the expiration of extension requests. **Copy of Mandate attached.** The Rule 60(b) motion should be denied.

**ORAL ARGUMENT NOT REQUESTED**

As stated, and the basic element to consideration of the plaintiffs' motion is the fact that this action was dismissed by this Court due to the plaintiffs' egregious and repeated failures to comply with court orders and court deadlines. In concluding the 17-page Ruling On Motions To Dismiss this Court wrote:

> Plaintiffs have refused my offers to provide them with competent pro bono counsel. Despite over 19 extensions of time over almost five years, the plaintiffs have not submitted an appropriate complaint. We keep repeating the same cycle of non-compliance with court orders and deadlines, and we have reached the point where it is simply not fair to the defendants or consistent with the ability of the court to administer justice to continue that cycle. After applying the five-factor test delineated by the Second Circuit, and finding that all five factors weigh in favor of dismissal, I have concluded that involuntary dismissal is necessary.

*Id.* at p. 17. That cycle continued in the Court of Appeals, resulting in the dismissal of the appeal.

The plaintiffs now have culled out two alleged pleading irregularities and a third claim of an irregularity in an argument and, without any authority, claim that the Court acted illegally and in violation of their due process rights. Although their motion states:

> The plaintiffs attach their Memorandum of Law, Exhibits, and Affidavit of Hadley Macpherson, in support of this Motion for Relief under Rule 60(b).

Motion For Relief, p.1, para. 2; no memorandum, exhibits or affidavit were attached to or accompanied the motion as received by counsel or as appears on the PACER electronic docket. Thus it appears that the motion is wholly unsupported. Moreover, at least one of the claims cannot be understood from the motion. None of the claims involve these defendants.

The claim in this Rule 60(b) motion is that the defendants were afforded procedural benefits that were not available to the plaintiffs and that the Court "conducted the January 18, 2006 Oral Arguments Motion hearing in an illegal manner which openly violated the plaintiffs Fourteenth and Fifth Amendment rights" in a manner that led to the dismissal and judgment thereon. Motion, p. 3, para. 2. The plaintiffs further claim that the Court entered illegal orders. *Id.*, para. 3. The procedural "illegalities" claimed as to this case are:

1. Defendants Sisters of Notre Dame De Namur and Daughters of the Holy Spirit, by counsel, filed one document, a March 16, 2006 Memorandum of Law, by e-filing in this non-e-filing case.

2. Attorney Sheehy, for the defendants Hodgdon and Communities' Law Center, "did not in fact personally sign their Motions." *Id.*, p.5, para. 3. [It is noted that plaintiff does not explain the just quoted statement, and these defendants have no idea what is meant.] and

3. The parties in the case of ***Macpherson v. Berman*** were allowed to argue at the same time as the parties in this case on the motions to strike the amended complaint at the January 18, 2006 hearing and on the May 2, 2006 arguments on the motions to dismiss. [It is noted that the January 18, 2006 argument dealt with plaintiffs' consolidated complaint in which they joined both cases in one complaint without court approval. They should not be heard to complain about a joint argument.].

The plaintiffs do not seem to claim that the pleading irregularities that they allege actually harmed them beyond being filed when they otherwise would not have been, but rather focus on a claim that if they had been afforded the right to e-file the ordered amended complaint or to have others sign for them, they would have been filed in a timely manner.  As to oral argument, there is no claim as to how plaintiffs were harmed in this case although the claim probably is the reverse of the actual statement in their motion, that is, that the defendants benefited from the simultaneous argument by the parties in the case of *Macpherson, et al v. Berman, et al*.  Motion, p. 6, para 2.  There is no merit to that argument.

     Two key points seem to be apparent.  First,  the plaintiffs were not mistreated, but were merely required to abide by the rules; rules with which all parties were required to comply generally, even if there were random instances of filing missteps in this action among the 191 pleadings and orders filed over a period of 4 years and 9 months.  Second, the dismissal was in no way impacted by the items claimed.  The Court, in this case and in *Macpherson, et al v. Berman, et al*.  painstakingly and elaborately detailed the history of abuse of the process by the plaintiffs, and the reasons that compelled the dismissal.  It is abundantly clear that the plaintiffs have not been harmed by anything of which they now complain.  Their own conduct resulted in the dismissal.  It was not one e-filed memorandum, some nebulous signatures, or the fact that the parties in two cases argued at the same time.  And it was not even that one ordered amended complaint was not filed on time.  It was the totality of plaintiffs' conduct as set forth in the

Court's detailed and reasoned Ruling. Accordingly, these defendants object to the Rule 60(b) motion and pray that it be denied.

**II.    ARGUMENT**

    **A.  Applicable Law**

Rule 60 of the Federal Rules of Civil Procedure prescribes procedures by which a party may seek relief from a final judgment. Properly applied, the rule preserves a balance between serving the ends of justice and ensuring that litigation reaches an end within a finite period of time. Bankers Mortgage Co. v. United States, 423 F.2d 73, 77 (5th Cir.), cert. denied, 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970); 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil s 2851 (1973). The first five subdivisions of Rule 60(b) provide that (T)he court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud * * * misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application * * * Fed.R.Civ.P. 60(b).

Subdivision (6), which is the subject of this appeal, provides that the court may grant relief from an order for "any * * * reason justifying relief from the operation of the judgment."

[2] The rule is not to be used as a substitute for appeal, Eutectic Corp. v. Metico, Inc., 597 F.2d 32, 34 (2d Cir. 1979), and relief under 60(b)(6) may be granted only when "exceptional" or "extraordinary" circumstances exist. Compare Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); Matter of Emergency Beacon Corp. v. Barr, 666 F.2d 754 (2d Cir. 1981); Cavalliotis v. Salomon, 357 F.2d 157 (2d Cir. 1966) with Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); United States v. Cirami, 563 F.2d 26, 32 (2d Cir. 1977); Rinieri v. News Syndicate Co., 385 F.2d 818 (2d Cir. 1967).

*House v. Secretary of Health and Human Services*, 688 F.2d 7, 9 (2 Cir., 1982).

> [A]n application for relief under its [Rule 60's] provisions must be clearly substantiated by adequate proof. Consolidated Gas & Equipment Co. of America v. Carver, 257 F.2d 111, 114 (10 Cir. 1958); Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (10 Cir. 1966); Wilkin v. Sunbeam Corporation, 466 F.2d 714, 717 (10 Cir. 1972).

*In re Four Seasons Securities Laws Litigation*. 63 F.R.D. 422, 429 (W.D.Okl.1974).

> The purpose of the rule is to define the circumstances under which a party may obtain relief from a final judgment. It should be construed in order to do substantial justice, *e.g., Greater Baton Rouge Golf Ass'n v. Recreation & Park Comm'n.,* 507 F.2d 227, 228-29 (5th Cir.1975), but this does not mean that final judgments should be lightly reopened. The desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments. The provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments and the "incessant command of the court's conscience that justice be done in light of *all* the facts." *Bankers Mortgage Co. v. United States,* 423 F.2d 73, 77 (5th Cir.), *cert. denied,* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970) (emphasis in original).

*Griffin v. Swim-Tech Corp*., 722 F.2d 677, 680 (11 Cir. 1984).

### B.  There Is No Merit To The Claim

The plaintiffs' motion clearly is not premised on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); . . . (4) the judgment is void; [or] (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."  Fed.R.Civ.P. 60(b).  Although not supported by the conduct asserted, that would leave as possibilities, "(3) fraud . . . misrepresentation, or other

misconduct of an adverse party" or "(6), for "any other reason justifying relief from the operation of the judgment." Rule 60(b).

The conduct alleged in the motion certainly is not in fact fraud, misrepresentation or misconduct. Assuming that one document was e-filed, that would have been a procedural error, not misconduct. It is not unlike the plaintiffs' admitted failures to sign, an inadvertent mistake that at worst results in the return of the document and its re-filing. If the document is filed and the copies were sent to other parties there really is no harm. Similarly, while one cannot tell what the claim is about the signing of documents, it seems likely that the document was signed by someone with appropriate authority and the filing was proper. But in any event, the signing in no way prejudiced the plaintiffs such that the reasons for dismissal would be obviated. The claim as to oral argument cannot be traced to the adverse parties. The arguments were scheduled at the same time, as was clearly appropriate, and the parties appeared and argued. Certainly the plaintiffs made no objection, nor was one in order. Most certainly arguments directed to the motions to strike the plaintiffs' consolidated amended complaint were properly "consolidated", and given the common theme, so were the motions to dismiss for failure to comply with the order of the court. In sum, Rule 60(b)(3) affords no support for plaintiffs' motion.

As to Rule 60(b)(6), it seems evident that there is nothing raised that would justify relief from the dismissal. It is more than clear that the Court did not take lightly its obligation to balance the interests of justice when it granted the motions to dismiss. Indeed a reading of the Court's decision makes it most apparent that the Court had allowed the plaintiffs multiple

opportunities to come into compliance with the court's orders, but to no avail. The plaintiffs chose to proceed as they wished without regard to the orders and directives. There is nothing presented by the plaintiffs in their motion that changes any of the bases on which the Court acted. Rather, it shows a continued attack on the process with no attention to the substance.

The plaintiffs opine that had they been allowed to e-file they would have filed the ordered amended complaint in a timely manner, yet they ignore the fact that when the motions to dismiss were granted, months after the claimed error, they still had not exhibited a complying amended complaint in this case, and they admitted that they did not want to do so because it would be attacked by the defendants. There indeed was never any viable evidence that such a complaint existed. Besides, the dismissal was not due to the failure to file the amended complaint; that was only the final straw.

Moreover, e-filing simply is not available to pro se parties under the rules. **Local Rules, Electronic Case Filing, Electronic Filing Policies And Procedures,** Introduction ("only registered attorneys, as officers of the court, will be permitted to file electronically at this time.") The consequence of the rule is that attorneys in cases involving pro se parties - and indeed the court itself - are compelled to forego the benefits of e-filing and the attorneys must file and serve paper documents with PDF disks and the court must enter them and expand the court files. That one document may have been filed electronically is of no consequence. Moreover, the plaintiffs were well aware of the filing requirements for this case. Once again, however, the dismissal was not due to a single failure to comply, or even a series of late filings. Rather, it was a result of

repeated and continued failures to comply and thus more substantive in nature, all as set out in the Ruling on Motions To Dismiss. Accepting the argument that one document was e-filed, there is no basis on which to conclude that any harm resulted or that such a filing was anything more than a procedural mistake.

With regard to the claim about Attorney Sheehy's signature, there is no explanation of the claim and no specifics which would permit a review of the documents involved. We do note that more than one attorney appeared for the defendants Hodgdon and Communities' Law Center. Thus signatures other than that of Attorney Sheehy would be permitted. In any event, given the reason for the dismissal on May 25, 2007, there clearly is no harm. Indeed it can be noted that there is no claim that the motions to dismiss were improper, and thus the ruling granted proper motions to dismiss for proper reasons. And plaintiffs' argument that they would have availed themselves of the ability to have someone in Connecticut sign for them presumes that, if done properly, that was not possible. Once again, however, the dismissal was not because of a late filing. It was because, as the Court concluded: "We keep repeating the same cycle of non-compliance with court orders and deadlines and we have reached the point where it is simply not fair to the defendants or consistent with the ability of the court to administer justice to continue that cycle." **Ruling**, *supra*.

The claim about the consolidated oral arguments is both without merit and demeaning. Initially, there is no prohibition to hearing identical motions in related cases at the same time, even if they are not addressing a consolidated amended complaint. And further, certainly the

Court was well able to deal with the circumstances in each case independently. That it did so is clear in the separate, detailed rulings in each case.

The bottom line is that the Court balanced the interests of justice in dismissing this case and correctly concluded that the extraordinary remedy of dismissal was in order. The claimed irregularities, even if true, do not meet the requirements of Rule 60(b) and do not impact the grounds for dismissal at all. Indeed, nothing has changed.

This very motion exhibits the plaintiffs' unwillingness to accept the rulings of this Court and that of the Court of Appeals (where they abdicated the right to pursue substantive review once again.) They now claim, as to the Court's prior orders, that "The plaintiffs, as a matter of law, had no duty to comply with illegal Orders that were illegally obtained at an illegal Hearing, Orders which were Void under the Fifth and Fourteenth Amendments." Motion, p.3, para. 5. Put simply, the plaintiffs' view is that if they feel the orders were improper they are free to ignore them. That, of course, is true, but not without consequences. When there is an order of the court it is ignored only at the parties' peril. The ultimate risk is dismissal and an adverse judgment. The party then can appeal for a determination if the order indeed was illegal or void. Here, the plaintiffs ignored court orders and directives repeatedly and ultimately, although only after many escapes, suffered the ultimate consequence. The plaintiffs indeed took their permitted appeal, but they again ignored court orders and effectively abandoned it, resulting in another dismissal. Respectfully, it would be a grave injustice should this matter be restored so that the cycle can begin anew.

It is clear that on *all* of the facts, for the very reasons set forth in the May 25, 2006 Ruling On Motions to Dismiss, justice has been done and should not be undone. The plaintiffs' "Motion For Relief Under Rule 60(b) From Judgement Entered May 25, 2006" which was filed on May 25, 2007 should be denied.

### III. CONCLUSION

For the reasons stated herein and in the Court's "Rulings On Motions To Dismiss", the plaintiffs' "Motion For Relief Under Rule 60(b) From Judgement Entered May 25, 2006" should be denied.

          **DEFENDANTS SISTERS OF MERCY**
          **AND SISTERS OF ST. JOSEPH**

          **By**    /s/ Louis B. Blumenfeld
               Louis B. Blumenfeld
               Cooney, Scully and Dowling
               Hartford Square North
               Ten Columbus Boulevard
               Hartford, Connecticut 06106
               Phone: 860-527-1141
               Fax:   860-247-5215
               E-mail: lbb@csd-law.com
               Fed Bar #05636
Their Attorney

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to all counsel and *pro se* parties of record on June 14, 2007, as follows:

Hadley Macpherson
Rachel J. Egan
Loyal B. Egan
2015 McKenzie Creek Drive
Charlotte, NC 28270

Edward M. Sheehy, Esq.
Suzannah Kim Nigro, Esq.
Williams, Cooney & Sheehy
799 Silver Lane
Trumbull, CT 06611-0753

Elizabeth K. Acee, Esq.
Tyler, Cooper & Alcorn
205 Church Street
New Haven, CT 06510

/s/ Louis B. Blumenfeld
Louis B. Blumenfeld

#236278