UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RACHEL J. EGAN, ET AL. ) | |
| ) | |
| ) | |
| ) | |
| V. ) | CIVIL ACTION NO: 3:01CV01555 (SRU) |
| ) | |
| ) | |
| SALLY HODGEDON, ET AL. ) | |
| ) | JUNE 15, 2007 |

## OBJECTION TO PLAINTIFFS' MOTION FOR RELIEF UNDER RULE 60(b)

I.   INTRODUCTION

Defendants Daughters of the Holy Spirit and Sisters of Notre Dame de Namur ("Defendants" or "Daughters and Sisters") hereby object to Plaintiff's Motion for Relief Under Rule 60(b) dated May 25, 2007, which is the latest -- and hopefully last[1] -- frivolous filing by Plaintiffs in this litigation. Because Plaintiffs' Motion for Relief is untimely and fails to meet the substantive requirements for relief under Rule 60(b), the motion should be denied.

II.   BACKGROUND

Plaintiffs commenced this action in August of 2001. Despite over nineteen extensions of time granted to Plaintiffs over a five year period of time, Plaintiffs failed to submit a Complaint in proper form as ordered by this Court. Based on Plaintiffs' repeated failure to comply with orders of this Court and the unfairness that Plaintiffs' abuse of procedure was creating for Defendants, this Court dismissed Plaintiffs' action on May 16, 2006. Judgment entered against Plaintiff on May 26, 2006, and Plaintiffs filed a notice of appeal on July 27, 2006. Plaintiffs have now filed

---

[1] Plaintiffs' appeal of this Court's May 25, 2006 Judgment of Dismissal was dismissed by the Second Circuit on May 14, 2007, as a result of Plaintiffs' persistent failure to comply with the Court's briefing schedule.

with this Court a Motion for Relief under Rule 60(b) from Judgment Entered May 25, 2006.

### III. LAW AND ARGUMENT

Rule 60(b) motions[2] are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." Mendell ex rel. Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990). In order to grant Rule 60(b) relief, "the Court must find that (1) the circumstances of the case present grounds justifying relief and (2) the movant possesses a meritorious claim in the first instance." Flaherty v. Hackeling, 221 F.R.D. 383, 386 (E.D.N.Y. 2004). The party seeking relief from judgment has the burden of showing that such relief is appropriate. United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). Additionally, any motion for relief brought under Rule 60(b) must be brought within a reasonable time. See Fed. R. Civ. P. 60(b) Plaintiffs here have failed to satisfy any of the requirements for obtaining relief under Rule 60(b) and their Motion for Relief should be denied.

As a preliminary matter, it must be pointed out that Plaintiffs' allegations of "unfairness" directed against the Sisters and Daughters are not based in fact and appear to have been made up out of whole cloth by Plaintiffs. Although Plaintiffs allege on pages 4-5 of their Motion for Relief that Defendants' attorney "relieved herself of the burden of physical deliver[y] to the District Court and electronically filed her Memorandum of Law," this statement is simply not true. Because of Plaintiffs' pro se status, this matter was not designated as an e-file case, and therefore, Defendants' counsel filed all documents manually with the Court. Thus, Plaintiffs' single specific allegation of "unfairness" directed against the Daughters & Sisters is patently false.

The simple and undisputed fact is that Plaintiffs have not demonstrated circumstances

---

[2] Plaintiffs do not identify which subsection of Rule 60(b) they are seeking relief under. However, because Plaintiffs have not identified any specific circumstances that would fall within subsections (1) through (5), it is assumed that Plaintiffs are seeking relief under Rule 60(b)(6), the "catch-all" provision of the Rule.

that justify Rule 60(b) relief here because it was the <u>misconduct of Plaintiffs themselves</u> that led to the judgment of dismissal based on their repeated failure to comply with the Court's orders. See 12 James Wm. Moore et al., Moore's Federal Practice ¶ 60.48[3][c] (3d ed. 2007) ("A party who violates court rules or orders is not entitled to relief from the resulting judgment."); <u>Griffin v. Swim-Tech Corp.</u>, 772 F. 2d 677, 680-681 (11th Cir. 1984) ("this case is replete with inexcusable delay and numerous unjustified violations of the court's orders, which fully support the court's denial of relief under Rule 60(b)(6)"). Thus, because Plaintiffs' case was dismissed as a result of Plaintiffs' own violations of this Court's orders, Plaintiffs may not avail themselves of Rule 60(b), and their motion should be denied for this reason alone. See, e.g., <u>Dauber v. Connecticut</u>, No 3:03cv199, 2006 U.S. Dist. LEXIS 73276 at *11 (D. Conn. Sept. 28, 2006) ("Plaintiff is clearly the party at fault here, and reopening the action would not 'accomplish justice.'")

Nor have Plaintiffs identified any "exceptional circumstances" that would justify relief under Rule 60(b). While Plaintiffs' apparent phobia of the U.S. mail is certainly unusual, it is clearly not the type of "exceptional circumstance" needed for Rule 60(b) relief. To hold otherwise would entitle any out-of-state party in a diversity action post-judgment relief under Rule 60(b). Moreover, Plaintiffs could have avoided any perceived "unfairness" caused by their distance from the courthouse simply by agreeing to be represented pro bono by the very competent Connecticut counsel that the Court obtained for Plaintiffs. In short, Plaintiffs' physical distance from the courthouse clearly cannot form a valid basis for relief under Rule 60(b).

Plaintiffs' Motion for Relief also must fail because Plaintiffs have not -- either in this Motion or at any time in this litigation -- demonstrated that they have a meritorious underlying claim, which is an essential precondition to relief from judgment. See <u>Boyd v. Bulala</u>, 905 F.2d 764, 769 (4th Cir. 1990) (noting that the "threshold condition for granting the relief is that the

3

movant demonstrate that granting that relief will not . . . have been a futile gesture, by showing that she has a meritorious claim or defense"); 12 James Wm. Moore et al., Moore's Federal Practice ¶ 60.24[1] (3d ed. 2007) ("A precondition of relief from a judgment is that the movant show that he or she has a meritorious claim or defense. The moving party must convince the court that vacating the judgment will not be an empty exercise.") In their Motion for Relief, Plaintiffs make only conclusory allegations of unfairness and prejudice, but fail to allege any facts that would demonstrate a valid claim on the merits. Accordingly, their Motion for Relief is fatally deficient. See, e.g., Dauber v. Connecticut, No 3:03cv199, 2006 U.S. Dist. LEXIS 73276 at *11 (D. Conn. Sept. 28, 2006) ("[plaintiff] has not shown, after repeated prompting by the Court, that he has a meritorious claim").

Additionally, Plaintiffs' Motion for Relief should also be denied because Plaintiffs failed to bring the Motion within a reasonable time. See Fed. R. Civ. P. 60(b) ("The motion shall be made within a reasonable time. . . ."). Putting aside the merits of Plaintiffs' argument that their physical distance from the courthouse put them at an unfair and illegal procedural disadvantage, this was not a newly-discovered fact. (Indeed, Plaintiffs raised this very issue in their February 14, 2006 letter filing with the Court, document # 138.) It was not reasonable for Plaintiffs to wait until a year after their case was dismissed to bring this issue before the Court in a Rule 60(b) motion for relief, particularly where this is an issue that Plaintiffs could have properly raised on appeal. See 12 James Wm. Moore et al., Moore's Federal Practice ¶ 60.65[1] (3d ed. 2007) ("Issues that could and should have been fully settled at trial or on appeal may not be raised for the first time on a Rule 60(b) motion.")

Finally, in the event that this Court were inclined to grant Plaintiffs the relief requested in their motion, the Court is without jurisdiction to do so because Plaintiffs filed a timely appeal of the matter. See 12 James Wm. Moore et al., Moore's Federal Practice ¶ 60.67[1] (3d ed. 2007)

("The general rule is that a timely notice of appeal will divest a district court of jurisdiction over the action, including divesting a district court of the power to grant a Rule 60(b) motion.") See Toliver v. County of Sullivan, 957 F. 2d 47, 49 (2d Cir. 1992) (citing Ryan v. United States Lines Co., 303 F. 2d 430, 434 (2d Cir. 1962) ("[T]he district court can entertain and deny the rule 60(b) motion; however, 'if [the district court] decides in favor of it, then and then only is the necessary remand by the court of appeals to be sought'")).

IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Relief should be denied.

Respectfully Submitted,

THE DEFENDANTS,

DAUGHTERS OF THE HOLY SPIRIT AND SISTERS OF NOTRE DAME DE NAMUR

By: _____
Elizabeth K. Acee ct20986
Christopher A. Kelland ct22259
Tyler Cooper & Alcorn, LLP
205 Church Street
Post Office Box 1936
New Haven, Connecticut 06509
Tel.: (203) 784-8540; Fax: (203) 777-1181
eacee@tylercooper.com

- Their Attorneys -

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was mailed first class postage prepaid on June 15, 2007 to:

Plaintiffs:
Rachel J. Egan
Loyal B. Egan
Hadley Macpherson
2015 McKenzie Creek Drive
Charlotte, NC 28270

Counsel for Sally Hodgdon and The Communities Law Center:
Edward M. Sheehy, Esq.
Suzannah Kim Nigro, Esq.
Williams, Cooney & Sheehy
799 Silver Lane
Trumbull, CT 06611-0753

Counsel for Sisters of Mercy and Sisters of St. Joseph:
Louis B. Blumenfeld, Esq.
Cooney, Scully & Dowling
Hartford Square North, 10 Columbus Blvd.
Hartford, CT 06106-5109